KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS #158708
epeters@keker.com
WARREN A. BRAUNIG #243884
wbraunig@keker.com
ELIZABETH K. MCCLOSKEY #268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG #273614
ngoldberg@keker.com
ANN NIEHAUS #325474
aniehaus@keker.com
CHRISTINE ZALESKI #331727
czaleski@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
COMMERCIAL REAL ESTATE EXCHANGE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. | Case No. 2:20-CV-8819 CBM (ASx) <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date: January 26, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 8B <br> Judge: Hon. Consuelo B. Marshall <br><br> Date Filed: September 25, 2020 <br><br> Trial Date: None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201(b), Defendant Commercial Real Estate Exchange, Inc. ("CREXi") hereby respectfully requests that the Court take judicial notice of the following facts and records in support of its Motion to Dismiss First Amended Complaint, filed concurrently herewith:

1. LoopNet Inc. filed a complaint against CoStar Group, Inc., for Breach of Contract, Unfair Competition, False Designation of Origin, Trespass, and Violation of Cal. Penal Code § 502 in *Loopnet Inc. v. CoStar Group, Inc., CoStar Realty Information, Inc.*, Case No. 05-cv-1220, ECF. 1, dated March 24, 2005, in the United States District Court of the Northern District of California, a true and accurate copy of which is attached as **Exhibit 1**;

2. CoStar Group, Inc. filed a Declaration of its Chief Executive Officer, Andrew Florance, in support of a Motion for Preliminary Injunction against LoopNet Inc. in *LoopNet Inc. v. CoStar Group, Inc., CoStar Realty Information, Inc., et al.*, Case No. BC380863, dated April 7, 2009, in the Los Angeles Superior Court, a true and accurate copy of which attached in excerpted form as **Exhibit 2**;

3. LoopNet Inc. filed a Complaint against CoStar Group, Inc. for (1) Breach of Contract, (2) Violation of California Penal Code § 502, and (3) Violation of California Business & Professions Code §§ 172000 *et seq.*, in *LoopNet Inc. v. CoStar Group, Inc., et al.*, dated November 15, 2007, in the Los Angeles Superior Court, a true and accurate copy of which is attached as **Exhibit 3**;

4. CoStar Group, Inc. filed a Motion for Preliminary Injunction seeking to enjoin LoopNet from blocking CoStar's access to public portions of LoopNet's website in *LoopNet Inc. v. CoStar Group, Inc., et al.*, Case No. BC380863, dated April 7, 2009, in the Los Angeles Superior Court, a true and accurate copy of which is attached as **Exhibit 4**;

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT COMMERCIAL
REAL ESTATE EXCHANGE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 2:20-CV-8819 CBM (ASx)

1626149

5. The Motion for Preliminary Injunction in *LoopNet, Inc. v. CoStar Group, Inc., et al.*, Case No. BC380863, in the Los Angeles Superior Court, filed by CoStar Group Inc. against LoopNet Inc. was resolved by Judge Yvette M. Palazuelos's Rulings/Orders in an order dated July 6, 2009, a true and accurate copy of which is attached as **Exhibit 5**;

6. The FTC issued a complaint concerning its investigation of the acquisition of LoopNet Inc. by CoStar Group, Inc., and its subsidiary, in *In the Matter of Costar Grp., Inc., et al.*, No. 111-0172, dated April 26, 2012, a true and accurate copy of which is attached as **Exhibit 6**.

7. The FTC issued an order resolving its complaint concerning the acquisition of LoopNet Inc. by CoStar Group, Inc. and its subsidiary, in *In the Matter of CoStar Grp., Inc., et al.*, dated August 29, 2012, a true and accurate copy of which is attached as **Exhibit 7**.

8. The FTC issued a complaint concerning CoStar Group, Inc.'s merger with RentPath Holdings, Inc. in *In the Matter of CoStar Group, Inc., and RentPath Holdings, Inc.*, Dkt. No 9398, dated November 30, 2020, a true and accurate copy of which is attached as **Exhibit 8.**

9. The United States District Court for the District of Columbia issued a temporary restraining order enjoining CoStar Group, Inc.'s proposed acquisition of RentPath Holdings, Inc. in *FTC v. CoStar Grp.,* 20-cv-3518(JDB), ECF 15, on December 4, 2020, a true and accurate copy of which is attached as **Exhibit 9**.

10. Currently, LoopNet uses a dual "Log In"/"Sign Up" process to access password protected areas of the website, as reflected on a screenshot of the home page for www.LoopNet.com taken on November 20, 2020, a true and accurate copy of which is attached as **Exhibit 10**.

11. Previously, on July 10, 2020, LoopNet used a different single "Sign In" process, as reflected on a screenshot of the version of the home page for

www.LoopNet.com as it appeared on July 10, 2020, which was archived through the Internet Archive's Wayback Machine, available at https://web.archive.org/web/20200710203452/https:/www.loopnet.com/, a true and accurate copy of which is attached as **Exhibit 11**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The facts and records listed above are properly subject to judicial notice and the Court should consider them in connection with CREXi's Motion to Dismiss First Amended Complaint.

## I.    LEGAL STANDARD

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018).

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Facts are not subject to reasonable dispute when they (1) are "generally known within the trial court's territorial jurisdiction;" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see Khoja*, 899 F.3d at 999, 1001.

Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)); *see also W. Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. 11-CV-3473 CBM, 2011 WL 11741501, at *2 (C.D. Cal. Oct. 21, 2011) ("Pursuant to [Federal Rule of Evidence] 201, a district court may take judicial notice of documents filed in any federal or state court."); *Gomez v. Bidz.com, Inc.*, No. CV 09-3216 CBM, 2011 WL 13190130, at *1 (C.D. Cal. Feb. 2, 2011) (taking

3

judicial notice of public court filings). Additionally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (internal quotations and citation omitted).

## II. THE COURT SHOULD JUDICIALLY NOTICE THE EXHIBITS

As to **Exhibits 1–9**, Defendant CREXi seeks judicial notice of the existence and contents of publicly available filings in federal and state courts, as well as federal administrative agencies. These are facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, they are the proper subject of judicial notice. *See Harris*, 682 F.3d at 1132.

As to **Exhibit 10**, CREXi seeks judicial notice of a screenshot reflecting the appearance of the current version of the www.LoopNet.com homepage, which includes the entry point to the LoopNet log-in process. CoStar put the LoopNet log-in process in issue by referencing that process in the First Amended Complaint. *See* First Am. Compl. ¶ 85 (screenshot depicting LoopNet log-in page); *id.* ("[I]n order to log into their LoopNet account, users enter their username and password on a login page."); *see also Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. ED CV 16-1953-DMG, 2017 WL 4082419, at *1 (C.D. Cal. Sept. 13, 2017), *aff'd,* 777 F. App'x 241 (9th Cir. 2019) (taking judicial notice of a publicly accessible website where the "Complaint mentions the website's communication"). The appearance of a publicly accessible website is subject to judicial notice as a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-CV-01451-VC, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017) (taking judicial notice of "the appearance of the webpages located at the URLs referenced

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT COMMERCIAL
REAL ESTATE EXCHANGE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 2:20-CV-8819 CBM (ASx)

1626149

in the requests"); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (stating that "[s]everal district courts have found judicial notice proper over publicly available websites" and collecting cases).

As to **Exhibit 11**, CREXi seeks judicial notice of the appearance of a historical version of the www.LoopNet.com homepage as it appeared on July 10, 2020, which includes the entry point to the LoopNet log-in process at that time. The July 10, 2020 version of the LoopNet.com home page is publicly available through the "Internet Archive," "which is a website that provides access to a digital library of Internet sites," including historical versions of sites archived through the "Wayback Machine." *Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.*, No. CV 14-01918-JVS, 2014 WL 12597154, at *3 (C.D. Cal. Dec. 22, 2014) (collecting cases taking judicial notice of webpages on the Internet Archive). Federal courts in California and elsewhere "have routinely taken judicial notice of content from the Internet Archive's Wayback Machine." *United States ex rel. Hong v. Newport Sensors, Inc.*, No. 13-1164-JLS 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (taking judicial notice on a motion to dismiss and collecting cases); *see also Sabatini v. Price*, No. 17-cv-01597-ALB, 2018 WL 1638258, at *5 (S.D. Cal. Apr. 5, 2018) (same); *Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (same).[1] Those courts have held that the appearance of an historical version of a webpage available through the Internet Archive is judicially noticeable as a "fact[] that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

---

[1] *See also Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (following "the overwhelming number of courts that have decided the issue" and taking "judicial notice of the contents of WayBack Machine evidence because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (citing Fed. R. Evid. 201); *Hepp v. Ultra Green Energy Servs., LLC*, No. 13 C 4692, 2016 WL 1073070, at *2 n.1 (N.D. Ill. Mar. 18, 2016); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 5:14-cv-01371-AA, 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015); *Walsh v. Teltech Sys., Inc.*, No. 13-13065-RWZ, 2015 WL 12856456, at *1 n.2 (D. Mass. July 30, 2015); *Martins v. 3PD, Inc.*, No. 11-11313-DPW, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013).

*Erickson*, 2015 WL 4089849, at *1 (quoting Fed. R. Evid. 201(b)(2)).

Taken together, **Exhibits 10** and **11** reflect that LoopNet changed its Log In process sometime after July 10. Specifically, on and before July 10, 2020, LoopNet employed a single "Sign In" process. *See* **Exhibit 10**. Currently, LoopNet employs a dual "Log In"/"Sign Up" process. *See* **Exhibit 11**. The Court should take judicial notice of that change under Federal Rule of Evidence 201(b), given its public and indisputable nature.

### III.   CONCLUSION

For the foregoing reasons, Defendant CREXi respectfully requests that the Court take judicial notice of **Exhibits 1** through **11** attached here. A proposed order has been filed concurrently with this request.

Dated: December 29, 2020         KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
ELLIOT R. PETERS

Attorneys for Defendant
COMMERCIAL REAL ESTATE EXCHANGE, INC.