**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *CoStar Group, Inc. et al*, <br>     Plaintiff, <br> vs. <br> *Commercial Real Estate Exchange Inc.*, <br>     Defendant. | Case No.: CV 20-8819 CBM(ASx) <br><br> **ORDER RE: MOTION TO DISMISS (DKT. 55, 56.)** |

The matters before the Court are Defendant's Motion to Dismiss and Request for Judicial Notice. (Dkt. 55, 56.) Plaintiff filed an Opposition and Defendant filed a Reply. The motion is fully briefed.

### I. BACKGROUND

Plaintiff, Costar Group, Inc. ("CoStar" or Plaintiff), is a provider of commercial real estate information, analytics, and online property marketplace. (First Amended Complaint ("FAC") ¶ 2.) Plaintiff also owns a number of digital marketplaces containing listings of real estate for sale and for lease. (Id.) Plaintiff's LoopNet.com website ("LoopNet") is "the leading digital marketplace for commercial real estate." (Id.) LoopNet's listing contains CoStar's copyrighted

1

images, data from the CoStar database, and edits made by CoStar to "improve marketability." (Id.) Buyers, sellers, lessors, lessees, owners, and brokers access and use LoopNet to buy, sell, lease, rent, or browse commercial real estate. (Id.)

Defendant Commercial Real Estate Exchange Inc. ("CREXi" or Defendant) is attempting to build its own online commercial real estate marketplace and auction platform. (Id. ¶ 3.) Plaintiff alleges CREXi "harvest content, including broker directories, from CoStar's subscription database without authorization by using passwords issued to other companies." (Id.)

The first amended Complaint ("FAC") was filed on December 14, 2020, and alleges the following causes of action: 1) Copyright Infringement,[1] 2) Removal of Copyright Management Information ("CMI") pursuant to 17 U.S.C. § 1202(b)(1), 3) Distribution of Works with Removed or Altered CMI pursuant to 17 U.S.C. § 1202(b)(3), 4) Common Law Misappropriation, 5) California Unfair Competition, 6) California False Advertising Law and 7) Breach of Contract.

## II. JURISDICTION

The Court has jurisdiction over this action under 17 U.S.C. § 101.

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering motions to dismiss, courts accept all facts alleged in the complaint as true, construe the pleadings in the light most favorable to the nonmoving party, and draws all reasonable inferences in favor of the plaintiff. *Ass'n for Los Angeles Deputy Sheriffs v. City. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).

---

[1] Defendant does not move to dismiss Plaintiff's first cause of action.

## IV. DISCUSSION

**A.  Request for Judicial Notice**

Defendant filed a request for the Court to take judicial notice of the following eleven documents:

1) LoopNet's complaint against CoStar Group, Inc. on March 24, 2005,

2) CoStar Group Inc.'s Declaration of its Chief Executive Officer,

3) LoopNet's complaint against CoStar Group, Inc. on November 15, 2007,

4) CoStar Group, Inc.'s Motion for Preliminary Injunction seeking to enjoin LoopNet from blocking CoStar's access to public portions of LoopNet's website,

5) Judge Yvette Palazuelo's Order on CoStar Group Inc.'s Motion for Preliminary Injunction,

6) FTC's complaint concerning its investigation of the acquisition of LoopNet Inc. by CoStar Group, Inc.,

7) FTC's order resolving its complaint regarding the acquisition,

8) FTC's complaint concerning CoStar Group, Inc.'s merger with RentPath Holdings, Inc.

9) A U.S. District Court of the District of Columbia decision granting a temporary restraining order enjoining CoStar Group, Inc.'s proposed acquisition of RentPath Holdings, Inc on December 4, 2020.

10) A screenshot on November 20, 2020, showing LoopNet's dual "Log In"/"Sign Up" process to access password protected areas of the website.

11) A screenshot on July 10, 2020, showing LoopNet using a different single "Sign In" process.

Plaintiff argues that Exhibits 1-9 are irrelevant to the dispute at hand, not incorporated by reference, and are subject to reasonable dispute.  Plaintiff also argues that Exhibits 10 and 11 should not be judicially noticed because the Court cannot "accurately and readily" determine the purported facts from the screenshots and are not incorporated by reference.

Generally, a district court may not consider material outside the pleadings when assessing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions to the rule that converts a 12(b)(6) motion into a motion for summary judgment when matters outside the pleading are presented: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Pursuant to Fed. R. Evid. 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

However, relevance is a threshold requirement of taking notice, and Exhibits 1 through 9 are not relevant to the Motion before the Court. Therefore, Defendant's request is denied as to Exhibit 1 through 9. *See U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014) (declining to take judicial notice of certain documents because they were not relevant to deciding motion before the court).

The Court denies Defendant's request to take judicial notice of Exhibit 10 because it does not contain a uniform resource locator ("URL" or "web address"), nor does it include a time or date stamp that would further support its authenticity. *See Kaping v. Barrett Daffin Frappier Treder & Weiss, LLP*, No. 2:17-cv-00697-JAM2017 U.S. Dist. LEXIS 89195, at *6 (E.D. Cal. June 8, 2017) (declining to judicially notice "a purported printout from the Internet" that did not include a "designation, such as a URL web address, that would tend to self-authenticate its veracity").

The Court takes judicial notice of Exhibit 11. Defendant obtained Exhibit 11 through the Internet Archive "Wayback Machine" to obtain a version of the LoopNet webpage dated July 10, 2020. *See Dzinesquare, Inc. v. Armano Luxury*

*Alloys, Inc.*, CV 14-01918 JVS, 2014 U.S. Dist. LEXIS 197546, at *6 (C.D. Cal. Dec. 22, 2014) (taking judicial notice of a webpage provided by the Internet Archive called the Wayback Machine).

**B.     Second and Third Causes of Action**

Plaintiff's second and third cause of action asserts that Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b) ("DMCA"). Defendant moves to dismiss on the ground that Plaintiff's DMCA claims fail because Plaintiff's logo does not meet the statutory definition of copyright management information ("CMI") as a matter of law.   Specifically, Defendant argues Plaintiff's logo is "insufficient to identify CoStar as the author or copyright owner" because it does not include the copyright symbol (©) or any identifying information about the author of the work, such as a web address or company name.  "CMI is defined as information conveyed in connection with a work that identifies the owner, author, or title of the work." *Sellpoolsuppliesonline, LLC v. Ugly Pools Ariz., Inc.*, 804 Fed. Appx. 668, 670 (9th Cir. 2020); 17 U.S.C. § 1202(c).

In this case, Plaintiff alleges its' CMI is the watermark logo "in the bottom right hand corner" of its photographs.  (Compl. ¶¶ 65, 215.)  The watermark logo can be described as five small light grey parts that form a circle.  Although Plaintiff alleges that the logo "publicly identifies CoStar's ownership of the images and protects CoStar's property, constitutes copyright management information," (Compl. ¶ 65.), which is a legal conclusion, the watermark logo, itself, does not contain any identifying information about the author of the work pursuant to § 1202(c).  Plaintiff relies on *McGucken v. DMI Holdings*, CV 18-4837, 2019 U.S. Dist. LEXIS 60852, at *7 (C.D. Cal. Apr. 9, 2019) (Fischer, J.), which involved a plaintiff photographer that uses the name and logo "45SURF" to identify his work and identify himself as the author of the work. *Id.* at *1.  The court found that plaintiff's 45SURF Logo—which was superimposed onto each subject

photograph—constitutes CMI because it identified plaintiff and his brand as the author and owner of the photographs. *See Pac. Studios, Inc. v. W. Coast Backing, Inc.*, CV 12-692-MWF (JCGx), 2012 U.S. Dist. LEXIS 196279, at *4 (C.D. Cal. Oct. 11, 2012) (finding that "an alphanumerical designation" on the border of an image for purposes of identification qualifies as protectable CMI); *see also Reilly v. Plot Commerce*, No. 15-5118, 2016 U.S. Dist. LEXIS 152154, at *1 (S.D.N.Y. Oct. 31, 2016) (finding that removed watermark consisting of author's name, website and copyright information constituted CMI). In contrast, Plaintiff's logo does not include the author's name, title, an alphanumerical designation, or identifying symbols referring to such information.

In its Motion, Defendant relies on *Maule v. Anheuser Busch, LLC*, No. 17-00461, 2018 U.S. Dist. LEXIS 125805, at *17 (E.D. Pa. July 27, 2018), to argue that Plaintiff's logo is insufficient pursuant to § 1202(c). In *Maule*, plaintiff alleged that the "Visit Philly Skyline Dot Com" language that he digitally inserted into his picture was a watermark and constituted CMI because it "serves as an announcement to the viewer as to who controls the photo." *Id.* at *13, *17. The court found that the "mark" was not CMI because it "did not contain Maule's name or any identifying information about him as the author of the photograph or owner of the copyright to that work . . . nor does it inform the public that something is copyrighted [or] prevent infringement." *Id.* at *17 (internal quotation marks omitted).

Accordingly, Plaintiff's second and third causes of action fail as a matter of law because the watermark logo does not constitute CMI.

C. **Fourth, Fifth, Sixth and Seventh Causes of Action**

Plaintiff has sufficiently plead sufficient factual matter to state a claim to relief on its Fourth, Fifth, Sixth and Seventh causes of action. Therefore, the Court denies' Defendant's Motion as to the Fourth through Seventh causes of action. *Iqbal*, 556 U.S. at 678.

# V. CONCLUSION

Accordingly, the Court grants-in-part Defendant's motion as follows:[2]

- **Granted** as to Plaintiff's Second and Third causes of action
- **Denied** as to Plaintiff's Fourth through Seventh causes of action

The remaining claims are Plaintiff's First (Copyright Infringement), Fourth (Common Law Misappropriation), Fifth (California Unfair Competition), Sixth (California False Advertising Law), and Seventh (Breach of Contract) causes of action.

**IT IS SO ORDERED.**

DATED: June 9, 2021

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's first cause of action was not subject to Defendant's motion to dismiss and remains in this case.