1   KEKER, VAN NEST & PETERS LLP
    ELLIOT R. PETERS #158708
2   epeters@keker.com
    WARREN A. BRAUNIG #243884
3   wbraunig@keker.com
    ELIZABETH K. MCCLOSKEY #268184
4   emccloskey@keker.com
    NICHOLAS S. GOLDBERG #273614
5   ngoldberg@keker.com
    ANN NIEHAUS #325474
6   aniehaus@keker.com
    CHRISTI ZALESKI #331727
7   czaleski@keker.com
    633 Battery Street
8   San Francisco, CA 94111-1809
    Telephone:  415 391 5400
9   Facsimile:   415 397 7188

10  Attorneys for Defendant
    COMMERCIAL REAL ESTATE EXCHANGE, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                      WESTERN DIVISION

15

16  COSTAR GROUP, INC., AND          Case No. 2:20-CV-8819 CBM (ASx)
    COSTAR REALTY INFORMATION,
16  INC.,                            **DEFENDANT COMMERCIAL REAL**
                                     **ESTATE EXCHANGE, INC.'S**
17                                   **ANSWER TO PLAINTIFFS COSTAR**
                  Plaintiff,         **GROUP, INC., AND COSTAR**
18                                   **REALTY INFORMATION, INC.'S**
          v.                         **FIRST AMENDED COMPLAINT**
19
    COMMERCIAL REAL ESTATE           Ctrm:      8B
20  EXCHANGE, INC.,                  Judge:     Hon. Consuelo B. Marshall
21                Defendant.         Date Filed  September 25, 2020

22                                   Trial Date:  None set

23

24

25

26

27

28

## ANSWER

Defendant Commercial Real Estate Exchange, Inc. ("CREXi") answers the First Amended Complaint of Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar") as follows:

CREXi is an innovative and fast-growing commercial real estate marketplace and technology platform.  CoStar is a $35 billion industry behemoth that has made a habit of abusing the court system to compensate for its product shortcomings and guard its market power.  Rather than compete in a fair and open market, CoStar pursues aggressive litigation and public-relations warfare against its rivals to suppress innovation and bully competitors that are succeeding where CoStar has failed.

This litigation is not about protecting CoStar's generic images of commercial real estate or supposedly "proprietary" information.  Rather, this litigation is just another attempt by CoStar to debilitate a more innovative company that is disrupting CoStar's long-standing dominant position with better products and services.  CREXi responds herein to CoStar's baseless complaint, and at the same time, files counterclaims against CoStar, to hold CoStar responsible for its unlawful conduct.

## PRELIMINARY STATEMENT[1]

1.      CREXi lacks sufficient information to admit or deny the allegations related to CoStar's state of mind, and, on that basis, denies them.  CREXi denies the remaining allegations of Paragraph 1.

2.      CREXi admits that CoStar controls substantial shares in the internet commercial real estate listings, information, and auction services markets.  CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 2, and, on that basis, denies them.

---

[1] CREXi denies each and every allegation of Plaintiff's Complaint—including the headings, footnotes and captions—not specifically admitted or otherwise responded to in this Answer.

3. CREXi admits that it operates an online commercial real estate marketplace and auction platform. CREXi denies that data and information regarding commercial real estate that is housed in CoStar databases is owned, or otherwise proprietary to CoStar. CREXi further denies that the data and information regarding commercial real estate that CoStar chooses to make publicly available on LoopNet is owned, or otherwise proprietary to CoStar. CREXi denies the remaining allegations of Paragraph 3.

4. CREXi admits that CoStar has employed anticompetitive technological measures to block CREXi from accessing publicly available commercial real estate listing information on LoopNet. CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar, and, on that basis, denies them. CREXi denies the remaining allegations of Paragraph 4.

5. CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them. Paragraph 5 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 5.

6. CREXi admits that it was founded in 2015, and that it has raised approximately $55,000,000 to date, including a $30 million Series A-1 funding announced in January 2020. CREXi denies the remaining allegations of Paragraph 6.

7. Paragraph 7 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and Mr. Padfield and Mr. Hanna are presently employed at CREXi. CREXi further admits that Mr. Hamlin and Mr. Padfield, without CREXi's authorization, accessed CoStar using log-in credentials they received prior to joining CREXi. CREXi denies that its managers or employees have created LoopNet accounts using non-CREXi email addresses and pseudonyms to "cover their tracks" or to avoid "being caught." CREXi admits that Mr. Hanna

has visited LoopNet using accounts associated with non-CREXi email addresses. CREXi denies that data and information regarding commercial real estate that is housed in CoStar databases is owned, or otherwise proprietary to CoStar.  CREXi denies any remaining allegations of Paragraph 7.

8.     Paragraph 8 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies the allegations included in the first sentence of Paragraph 8.  CREXi admits that certain of its employees, including Mr. Rosenfeld, have signed up to receive property alerts from LoopNet.  CREXi lacks sufficient information to admit or deny the remaining allegations included in the second and third sentences of Paragraph 8, and on that basis, denies them.  CREXi denies the remaining allegations of Paragraph 8.

9.     Paragraph 9 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that its employees have made presentations regarding the company's product offerings.  CREXi also admits that Mr. Rosenfeld and Mr. Cohen are presently employed at CREXi. CREXi denies the remaining allegations of Paragraph 9.

10.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 10 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 10.

11.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-party brokers, and, on that basis, denies them.  Paragraph 11 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 11.

12.     CREXi lacks sufficient information to admit or deny the allegations related to unidentified commercial real estate marketplace sites, and, on that basis, denies them.  Paragraph 12 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 12.

13.     CREXi denies that CoStar's anticompetitive conduct reflects "industry norms" or "benefit[s] competition."  To the contrary, CoStar's anticompetitive conduct harms consumers and is unlawful.  CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them. Paragraph 13 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 13.

14.     Paragraph 14 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 14.

15.     CREXi admits that CoStar has filed several lawsuits against competitors and customers as part of its anticompetitive scheme to further its monopoly position.  CREXi admits that CoStar sued Xceligent, in an effort to drive Xceligent out of business and to remove a major competitor from the marketplace. CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar, Xceligent, and other unidentified rivals of CoStar's, and, on that basis, denies them.  Paragraph 15 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 15.

16.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and Xceligent, and, on that basis, denies them.  Paragraph 16 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 16.

1710758

17.     Paragraph 17 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. DeGiorgio is the CEO of CREXi and that Mr. DeGiorgio and Mr. Morris are Co-Founders of CREXi.  CREXi further admits that, in 2016, Ten-X filed suit against Mr. DeGiorgio and CREXi, and a preliminary injunction was entered against CREXi; the parties eventually resolved that dispute.  CREXi further admits a Ten-X press release attributed the following quote to Mr. DeGiorgio: "We apologize to Ten-X for the actions which led to this lawsuit.  I regret my conduct at the time I departed Ten-X and believe that the settlement is a fair resolution."  CREXi denies that CoStar is using the quote set forth in Paragraph 17 in context or that the implication is the one that CoStar intends to draw from it.  CREXi denies any remaining allegations of Paragraph 17.

18.     CREXi denies the allegations of Paragraph 18.

## **BACKGROUND**

19.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 19.

20.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 20.

21.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 21.

22.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 22.

23.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and other commercial real estate marketplaces, and, on that basis, denies the allegations of Paragraph 23.

24.     CREXi admits that it was founded in 2015 by Mr. DeGiorgio, Mr. Morris, Mr. Benz, and Mr. Widhelm, and that Mr. DeGiorgio, Mr. Morris, and Mr. Benz previously worked for Auction.com.  CREXi further admits that its website

allows users to view commercial real estate listings across the country, and that it runs an online auction marketplace.  CREXi also admits that it has described itself as "a commercial real estate marketplace that simplifies transactions for brokers with a suite of easy-to-use tools to manage the entire process from listing to closing."  CREXi denies any remaining allegations of Paragraph 24.

25.     CREXi admits that certain of the quoted language in Paragraph 25 has appeared in various presentations and podcasts over time, though CREXi denies that CoStar is using the quotes set forth in Paragraph 25 in context or that the implications are the ones that CoStar intends to draw from them.  CREXi denies any remaining allegations of Paragraph 25.

26.     CREXi lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 26, and, on that basis, denies them.  CREXi denies the remaining allegations of Paragraph 26.

27.     CREXi lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 27, and, on that basis, denies them.  CREXi denies the remaining allegations of Paragraph 27.

28.     Paragraph 28 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 28.

29.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 29 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that certain of its employees, without CREXi's authorization, accessed CoStar using log-in credentials they obtained prior to joining CREXi.  CREXi denies that data and information regarding commercial real estate that is housed in CoStar databases is owned, or otherwise proprietary to CoStar.  CREXi denies any remaining allegations of Paragraph 29.

30.     CREXi admits that Mr. Hamlin was previously employed at CREXi, and that prior to joining CREXi, he was employed at Colliers.  CREXi further admits that Mr. Hamlin, without CREXi's authorization, accessed CoStar using log-in credentials he obtained prior to joining CREXi.  CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 30, and on that basis, denies them.

31.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 31 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that it resolved litigation against Ten-X in 2017, and that settlement included a payment of $1.6 million to Ten-X.  CREXi denies any remaining allegations of Paragraph 31.

32.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 32 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that certain of its employees have, at times, visited LoopNet, a publicly available website, just as CoStar did in the past before it acquired LoopNet and just as CoStar employees have visited CREXi more recently. CREXi further admits that CoStar has deployed anticompetitive "technological blocking efforts" to restrict CREXi's access to public commercial real estate listings available on LoopNet.  CREXi denies that the data and information regarding commercial real estate that CoStar chooses to make publicly available on LoopNet is owned, or otherwise proprietary to CoStar.  CREXi denies any remaining allegations of Paragraph 32, including that its employees have copied, en masse, property listings from CoStar.

33.     CREXi denies that its employees have created LoopNet accounts using non-CREXi email addresses and pseudonyms to "mask their work."  CREXi admits that certain of its employees have created accounts on LoopNet.  CREXi further

7

admits that certain of its employees have signed up to receive property alerts from LoopNet.  CREXi denies any remaining allegations of Paragraph 33.

34.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 34 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies that the data and information regarding commercial real estate that CoStar chooses to make publicly available on LoopNet is owned, or otherwise proprietary to CoStar.  CREXi denies any remaining allegations of Paragraph 34.

35.     Paragraph 35 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi lacks sufficient information to admit or deny the allegations of Paragraph 35, including because Paragraph 35 does not identify the address of the property depicted in that paragraph, and, on that basis, CREXi denies the allegations.

36.     Paragraph 36 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi lacks sufficient information to admit or deny the allegations of Paragraph 36, including because Paragraph 36 does not identify the address of the property depicted in that paragraph, and, on that basis, CREXi denies the allegations.

37.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 37 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 37.

38.     Paragraph 38 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 38.

39.     Paragraph 39 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies the allegations included in the first sentence of Paragraph 39.  CREXi lacks sufficient information to admit or deny the allegations included in the second sentence of Paragraph 39, and, on that basis, denies them.

40.     CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies the allegations included in the first sentence of Paragraph 40.  CREXi lacks sufficient information to admit or deny the allegations included in the second sentence of Paragraph 40, and, on that basis, denies them.

41.     Paragraph 41 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 41.

## JURISDICTION AND VENUE

42.     CREXi admits that 28 U.S.C. §§ 1331 and 1338 confer jurisdiction upon this Court as to claims arising under the copyright laws and claims arising under the law of the United States.  CREXi further admits that 28 U.S.C. § 1367 confers supplemental jurisdiction upon this Court as to the alleged state law claims.  CREXi denies any remaining allegations of Paragraph 42.

43.     CREXi admits that this Court has personal jurisdiction over it.  CREXi admits that it is headquartered and has its principal place of business in Marina Del Ray, California, and that it conducts business within this State.  CREXi denies any remaining allegations of Paragraph 43.

44.     CREXi admits that venue is proper in the Central District of California.  CREXi denies any remaining allegations of Paragraph 44.

**THE PARTIES**

45.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 45.

46.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 46.

47.    CREXi admits that it is a corporation organized under the laws of Delaware, and that it is headquartered and has its principal place of business in Marina Del Ray, California.  CREXi further admits that its most recent California Statement of Information lists its entity address as 4086 Del Rey Avenue, Marina Del Rey, CA 90292.  CREXi denies the remaining allegations of Paragraph 47.

**FACTUAL ALLEGATIONS**

48.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 48.

49.    CREXi admits, on information, that CoStar offers a product that provides access to an internet database containing commercial real estate information.  CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 49.

50.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 50.

51.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 51.

52.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies the allegations of Paragraph 52.

53.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-parties, and, on that basis, denies the allegations of Paragraph 53.

54.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and, on that basis, denies the allegations of Paragraph 54.

55.     CREXi admits, on information, that LoopNet is an online commercial real estate listing service.  CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar and, on that basis, denies the allegations of Paragraph 55.

56.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, on that basis, denies them. Paragraph 56 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 56.

57.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, on that basis, denies the allegations of Paragraph 57.

58.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and, on that basis, denies the allegations of Paragraph 58.

59.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, on that basis, denies the allegations of Paragraph 59.

60.     CREXi denies that CoStar has "fought to outwork and outperform the competition through constant innovation and reinvestment over three decades." Rather, CoStar has achieved its monopoly power through a series of acquisitions and anticompetitive practices that have entrenched its monopoly power and driven competitors out of the industry.  CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar and, on that basis, denies the allegations of Paragraph 60.

1710758

61.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and, on that basis, denies them. Paragraph 61 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 61.

62.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 62 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 62.

63.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 63 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 63.

64.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 64 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 64.

65.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 65 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 65.

66.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, Xceligent and unidentified third parties, and, on that basis, denies them.  Paragraph 66 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's

June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 66.

67.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 67 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 67.

68.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 68 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 68.

69.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 69 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 69.

70.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies the allegations of Paragraph 70.

71.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 71 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 71.

72.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 72 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 72.

73.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies the allegations of Paragraph 73.

1710758

74.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 74 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 74.

75.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 75 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 75.

76.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 76 refers to a document, no response is required as the document speaks for itself.  CREXi denies any remaining allegations of Paragraph 76.

77.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 77 refers to a document, no response is required as the document speaks for itself.  CREXi denies any remaining allegations of Paragraph 77.

78.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 78 refers to a document, no response is required as the document speaks for itself.  Paragraph 78 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that the quoted language in Paragraph 78 appears in CoStar's Terms of Use.  CREXi denies any remaining allegations of Paragraph 78.

79.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 79 refers to a document, no response is required as the document speaks for itself.  Paragraph 79 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 79.

80.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 80 refers to a document, no response is required as the document speaks for itself.  Paragraph 80 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 80.

81.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 81 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 81.

82.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 82 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 82.

83.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 83 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 83.

84.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  CREXi denies any remaining allegations of Paragraph 84.

85.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 85 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 85.

86.     The allegations in Paragraph 86 are vague and ambiguous, and, on that basis, CREXi denies them.  CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies the remaining allegations of Paragraph 86.

87.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 87 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 87.

88.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 88 refers to a document, no response is required as the document speaks for itself.  Paragraph 88 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 88.

89.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 89 refers to a document, no response is required as the document speaks for itself.  Paragraph 89 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that the quoted language in Paragraph 89 appears in LoopNet's Terms and Conditions.  CREXi denies any remaining allegations of Paragraph 89.

90.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 90 refers to a document, no response is required as the document speaks for itself.  Paragraph 90 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that the quoted language in Paragraph 90 appears in LoopNet's Terms and Conditions.  CREXi denies any remaining allegations of Paragraph 90.

91.     CREXi denies that "the market for commercial real estate information is intensely competitive" and that "[c]ompetitors to CoStar spring up on a regular basis."  CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar and, on that basis, denies them.  Paragraph 91 sets

1710758

forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 91.

92.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 92 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 92.

93.     CREXi admits that CoStar may not restrict brokerages or individual brokers from providing their own photographs and information to third-parties, including CREXi.  CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and, on that basis, denies them.  Paragraph 93 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 93.

94.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 94 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 94.

95.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 95 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 95.

96.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 96 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 96.

97.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 97 sets forth a

1710758

conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 97.

98.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 98 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 98.

99.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  CREXi denies that commercial real estate information or data is proprietary to or owned by CoStar.  Paragraph 99 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 99.

100.    CREXi admits that, a May 15, 2020 event attributes the following quote to Mr. Cohen: "We by far have more listings than the competitors out there, the other sites you might be using.  So go and check that.  We have more listings in most markets across the USA."  CREXi further admits that a June 19, 2020 event attributes the following quotes to Mr. Cohen: CREXi is the "place where all the listings are" and "We have all the listings for the market—they're already in there." CREXi denies that CoStar is using the quotes set forth in Paragraph 100 in context or that the implications are the ones that CoStar intends to draw from them.  CREXi denies the remaining allegations of Paragraph 100.

101.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  CREXi admits that it has made significant investments of time and resources in the development of its commercial real estate database, and that it employs approximately 125 employees and has raised approximately $55 million in funding to date.  CREXi denies any remaining allegations of Paragraph 101.

102.    CREXi admits that a post on socaltech.com attributes the following quote to Mr. DeGiorgio: "We also want to ad [sic] more and more properties, and

so far we've loaded up the marketplace.  Last month we had 73 properties in the marketplace, and now we have over 350.  We're proving out that this method really benefits the people on the site."  CREXi denies that CoStar is using the quote set forth in Paragraph 102 in context or that the implication is the one that CoStar intends to draw from it.  CREXi denies any remaining allegations of Paragraph 102.

103.    CREXi admits that Mr. Randel serves as its Chief Strategy Officer and was previously employed at Cohen Financial as Director Capital Markets.  CREXi further admits that a September 8, 2020 Everything Marketplaces Group Chat podcast attributes the following quotes to Mr. Randel: "[S]upply begets demand, and then the second half of that recipe or equation is demand begets monetization.  So first and foremost, nobody wants to shop in an empty store, so you better stock the shelves with supply.  We did that by befriending our customer and the broker and creating a low-friction, free product which was very painless to use and say 'hey why not.'"  CREXi denies that CoStar is using the quote set forth in Paragraph 103 in context or that the implication is the one that CoStar intends to draw from it.  CREXi denies any remaining allegations of Paragraph 103.

104.    Paragraph 104 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Cors is presently employed at CREXi.  CREXi further admits that a May 4, 2020 TECH NEST podcast attributes the following quote to Mr. Cors: "We've got over 100,000 for-sale properties, over 200,000 for-lease properties, all active on the platform today.  We're adding, you know, thousands of properties a week on here, on both sides of the marketplace, the for-sale and the for-lease side."  CREXi denies that CoStar is using the quote set forth in Paragraph 104 in context or that the implication is the one that CoStar intends to draw from it.  CREXi further admits that Mr. DeGiorgio is the CEO and Co-Founder of CREXi, and that Season 1, Episode 5 of the Two-Sided podcast attributes the following quote to Mr. DeGiorgio: "And then, another thing we were really [] forward thinking on was

ensuring that when we brought that supply, that we also built tools that let the supply bring their own demand.  So really, by us letting the supply side use it for free, it got us demand for free, too, because we had all these tools within that would really incentivize the broker to want to bring their own buyers and bring the demand side of commercial real estate to the platform also." CREXi denies that CoStar is using the quote set forth in Paragraph 104 in context or that the implication is the one that CoStar intends to draw from it.  CREXi denies any remaining allegations of Paragraph 104.

105.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 105 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that it has made significant investments of time and resources in the development of its commercial real estate database.  CREXi further admits that Mr. Cohen is presently employed at CREXi.  CREXi denies any remaining allegations of Paragraph 105.

106.   Paragraph 106 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that it has made significant investments of time and resources in the development of its commercial real estate database.  CREXi further admits that Mr. DeGiorgio is the CEO and Co-Founder of CREXi.  CREXi further admits that a July 20, 2020 Los Angeles Business Journal article attributes the following quote to Mr. DeGiorgio: "We want to keep that and be able to offer a better free version than you would pay for on other sites."  CREXi denies that CoStar is using the quote set forth in Paragraph 106 in context or that the implication is the one that CoStar intends to draw from it. CREXi denies any remaining allegations of Paragraph 106.

107.   Paragraph 107 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that CREXi Pro is a

1    paid subscription service offered by CREXi.  CREXi denies any remaining

2    allegations of Paragraph 107.

3        108.   Paragraph 108 sets forth a conclusion of law to which no response is

4    required.  To the extent a response is required, CREXi admits that a range of

5    features and capabilities attract users to its website.  CREXi further admits that Mr.

6    Randel is employed at CREXi as the Chief Strategy Officer, and that a Realtors

7    Property Resource blog post titled "How to Get More Eyes on Your Listings With

8    Eli Randel" attributes the following quote to Mr. Randel: "Tip number three, I'm

9    going to jump to right now, is images matter.  I learned this while at CBRE.  Really

10   good property photos, virtual tours, drone videos, all of those help further engage

11   buyers to your property."  CREXi denies that CoStar is using the quote set forth in

12   Paragraph 108 in context or that the implication is the one that CoStar intends to

13   draw from it.  CREXi denies any remaining allegations of Paragraph 108.  CREXi

14   denies any remaining allegations of Paragraph 108.

15       109.   CREXi lacks sufficient information to admit or deny the allegations

16   related to CoStar and unidentified third-party brokers and industry participants, and,

17   on that basis, denies them.  Paragraph 109 sets forth a conclusion of law to which

18   no response is required.  To the extent a response is required, CREXi admits that it

19   provides its subscribers with access to "comps."  CREXi denies any remaining

20   allegations of Paragraph 109.

21       110.   CREXi lacks sufficient information to admit or deny the allegations

22   related to CoStar, and, on that basis, denies them.  Paragraph 110 sets forth a

23   conclusion of law to which no response is required.  To the extent a response is

24   required, CREXi admits that it operates an auction platform.  CREXi denies any

25   remaining allegations of Paragraph 110.

26       111.   CREXi lacks sufficient information to admit or deny the allegations

27   related to CoStar, and, on that basis, denies them.  Paragraph 111 sets forth a

28

1710758

conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 111.

112.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third-party CoStar customers, and, on that basis, denies them. Paragraph 112 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and Mr. Padfield is presently employed at CREXi.  CREXi further admits that Mr. Hamlin and Mr. Padfield, without CREXi's authorization, accessed CoStar using log-in credentials they received prior to joining CREXi. CREXi denies any remaining allegations of Paragraph 112.

113.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third-party CoStar clients, and, on that basis, denies them. CREXi admits that Mr. Hamlin was previously employed at CREXi, and that prior to CREXi, he had worked for Colliers.  CREXi further admits that Mr. Hamlin, without CREXi's authorization, accessed CoStar using log-in credentials he obtained prior to joining CREXi.  CREXi denies any remaining allegations of Paragraph 113.

114.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 114 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that prior to CREXi, he had worked for Colliers.  CREXi further admits that Mr. Hamlin, without CREXi's authorization, accessed CoStar using log-in credentials he obtained prior to joining CREXi.  CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 114, and, on that basis, denies them.

115.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 115, and, on that basis, denies them.

116.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 116 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Padfield is presently employed at CREXi, and that he previously worked as a real estate agent.  CREXi further admits that Mr. Padfield, without CREXi's authorization, accessed CoStar using log-in credentials he had purchased prior to joining CREXi.  CREXi denies any remaining allegations of Paragraph 116.

117.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, including those in the second sentence of Paragraph 117, and, on that basis, denies them.  Paragraph 117 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that Mr. Cohen is presently employed at CREXi.  As to the first sentence of Paragraph 117, CREXi admits that Mr. Hamlin, without CREXi's authorization, accessed CoStar using log-in credentials he obtained prior to joining CREXi, but CREXi lacks sufficient information to admit or deny the remaining allegations of that sentence, and on that basis, denies them.  CREXi lacks sufficient information to admit or deny the allegations included in the third sentence of Paragraph 117, and, on that basis, denies them.  CREXi denies any remaining allegations of Paragraph 117.

118.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  To the extent Paragraph 118 refers to a document, no response is required as the document speaks for itself.  Paragraph 118 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that Mr. Padfield is presently employed at CREXi.  CREXi denies any remaining allegations of Paragraph 118.

1710758

119.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  To the extent Paragraph 119 refers to a document, no response is required as the document speaks for itself. Paragraph 119 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that Mr. Padfield is presently employed at CREXi. CREXi denies any remaining allegations of Paragraph 119.

120.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  To the extent Paragraph 120 refers to a document, no response is required as the document speaks for itself. Paragraph 120 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that Mr. Padfield is presently employed at CREXi. CREXi denies any remaining allegations of Paragraph 120.

121.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 121 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin and Mr. Zlotnick were previously employed at CREXi.  CREXi further admits that, without CREXi's authorization, Mr. Hamlin provided Mr. Zlotnick with access to a CoStar account.  CREXi denies any remaining allegations of Paragraph 121.

122.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 122 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 122.

123.   Paragraph 123 sets forth a conclusion of law to which no response is required.  CREXi admits that Mr. Cohen is presently employed at CREXi.  CREXi further admits that Mr. Cohen has, at times, visited LoopNet, a publicly available

website, just as CoStar did in the past before it acquired LoopNet and just as CoStar employees have visited CREXi more recently.  CREXi lacks sufficient information to admit or deny the allegations in the seventh sentence of Paragraph 123, and, on that basis, denies them.  CREXi denies any remaining allegations of Paragraph 123.

124.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 124 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that 76.81.37.146 is an IP address that was associated with CREXi.  CREXi further admits that its employees, at times, accessed LoopNet, a publicly available website (just as CoStar did in the past before it acquired LoopNet, and just as CoStar employees have visited CREXi more recently), and that they may have done so using IP addresses registered to CREXi.  CREXi denies any remaining allegations of Paragraph 124.

125.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 125, and, on that basis, denies them.

126.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent, and, on that basis, denies them.  Paragraph 126 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 126.

127.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 127, and, on that basis, denies them.

128.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 128 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that 45.59.255.42 is an IP address that was associated with CREXi.  CREXi further admits that its headquarters are located at 4086 Del Rey

1710758

Avenue, Marina Del Rey, California.  CREXi denies any remaining allegations of Paragraph 128.

129.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and, on that basis, denies them.  Paragraph 129 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that certain of its employees have signed up for LoopNet accounts associated with non-CREXi email addresses.  CREXi further admits that certain of its employees have, at times, visited LoopNet, a publicly available website, just as CoStar did in the past before it acquired LoopNet and just as CoStar employees have visited CREXi more recently.  CREXi denies any remaining allegations of Paragraph 129.

130.   Paragraph 130 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Rosenfeld is presently employed at CREXi.  As to the allegations in the first sentence of Paragraph 130, CREXi admits that Mr. Rosenfeld has visited LoopNet using his Google account.  That Google account was associated with Mr. Rosenfeld's non-CREXi email account.  CREXi lacks sufficient information to admit or deny the remaining allegations of the first sentence of Paragraph 130, and on that basis, denies them.  CREXi further admits that Mr. Rosenfeld, at times, visited LoopNet, a publicly available website, to identify real estate listings.  CREXi denies the remaining allegations of Paragraph 130.

131.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third parties Xceligent, Cohen Financial, and Brent Hansen and, on that basis, denies them.  Paragraph 131 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Cohen has visited LoopNet, a publicly available website, using an account associated with a non-CREXi email address.  CREXi denies any remaining allegations of Paragraph 131.

132.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Cohen Financial, and, on that basis, denies them. Paragraph 132 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Cohen has visited LoopNet, a publicly available website, using an account associated with a non-CREXi email address.  CREXi lacks sufficient information to admit or deny the second and third sentences of Paragraph 132, including because those allegations are vague and ambiguous, and on that basis, denies them.  CREXi denies any remaining allegations of Paragraph 132.

133.   Paragraph 133 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hamlin was previously employed at CREXi, and that Mr. Rosenfeld and Mr. Cohen are presently employed at CREXi.  CREXi lacks information sufficient to admit or deny the allegations included in the first two sentences of Paragraph 133, and on that basis, denies them.  CREXi admits that Mr. Hamlin, at times, visited LoopNet, a publicly available website (just as CoStar did in the past before it acquired LoopNet, and just as CoStar employees have visited CREXi more recently), to identify real estate listings.  CREXi denies the remaining allegations of Paragraph 133.

134.   Paragraph 134 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Hanna is presently employed at CREXi, and that Mr. Zlotnick was previously employed at CREXi.  CREXi denies that Mr. Hanna signed up for LoopNet accounts under false names in order to mask his identity.  CREXi admits Mr. Hanna visited LoopNet, a publicly available website, using an account associated with a non-CREXi email address.  CREXi denies any remaining allegations of Paragraph 134.

135.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  CREXi admits that certain of its

employees have signed up to receive property alerts from LoopNet. CREXi denies any remaining allegations of Paragraph 135.

136. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them. CREXi admits that Mr. Rosenfeld is employed at CREXi. CREXi further admits that Mr. Rosenfeld signed up to receive LoopNet property alerts. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 136, and, on that basis, denies them.

137. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them. CREXi admits that Mr. Cohen is presently employed at CREXi. CREXi further admits that Mr. Cohen signed up to receive LoopNet property alerts. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 137, and on that basis, denies them.

138. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them. CREXi admits that Mr. Hamlin was previously employed at CREXi. CREXi further admits that Mr. Hamlin signed up to receive LoopNet alerts. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 138, and on that basis, denies them.

139. CREXi lacks sufficient information to admit or deny the allegations relating to third-party Arcgate, and on that basis, denies them. CREXi denies the remaining allegations of Paragraph 139, including because they are vague and ambiguous.

140. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent and, on that basis, denies them. CREXi denies the remaining allegations of Paragraph 140, including because they are vague and ambiguous.

141. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them. CREXi denies the remaining allegations of Paragraph 141.

142.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third parties Xceligent and RE Back Office, on that basis, denies them.  To the extent Paragraph 142 refers to a document, no response is required as the document speaks for itself.  Paragraph 142 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies the remaining allegations of Paragraph 142.

143.   Paragraph 143 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies the remaining allegations of Paragraph 143.

144.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 144 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 144.

145.   Paragraph 145 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 145.

146.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  To the extent Paragraph 146 refers to a document, no response is required as the document speaks for itself. Paragraph 146 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 146.

147.   Paragraph 147 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 147.

148.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified past lawsuits and, on that basis, denies them. Paragraph 148 sets forth a conclusion of law to which no response is required.  To

1710758

the extent a response is required, CREXi denies any remaining allegations of Paragraph 148.

149.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 149 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 149, including because Paragraph 149 does not identify the addresses of the properties depicted in Paragraph 149.

150.   Paragraph 150 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 150.

151.   Paragraph 151 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 151.

152.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent and, on that basis, denies them. Paragraph 152 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 152.

153.   Paragraph 153 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not,

as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 153.

154.   Paragraph 154 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 154.

155.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 155 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 155.

156.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third party brokerage and, on that basis, denies the allegations of Paragraph 156.

157.   Paragraph 157 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 157, including because Paragraph 157 does not identify the address of the property depicted in Paragraph 157.

158.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-party brokers and, on that basis, denies the allegations of Paragraph 158.

159.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker and, on that basis, denies them.  Paragraph 159 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 159, including because Paragraph 159 does not identify the address of the property depicted in Paragraph 159.

1710758

160.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker, on that basis, denies them. Paragraph 160 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 160, including because Paragraph 160 does not identify the address of the property depicted in Paragraph 159.

161.    CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party property owner and broker and, on that basis, denies them. CREXi denies any remaining allegations of Paragraph 161.

162.    CREXi lacks sufficient information to admit or deny the allegations related an unidentified third-party brokerage and, on that basis, denies them. CREXi denies any remaining allegations of Paragraph 162.

163.    CREXi lacks sufficient information to admit or deny the allegations related to unidentified third-party listing brokers and brokerages and, on that basis, denies them. CREXi admits that Nick DeGiorgio is presently employed at CREXi, and that he is Michael DeGiorgio's cousin. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 163, and on that basis, denies them.

164.    CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party marketing manager and, on that basis, denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 164, and on that basis, denies them.

165.    CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party marketing manager and, on that basis, denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 165, and on that basis, denies them.

166.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party manager, on that basis, denies them.  CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi admits that Mr. Rosenfeld is presently employed at CREXi.  CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 166, and on that basis, denies them.

167.   CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party manager and brokerage and, on that basis, denies them.  Paragraph 167 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Rosenfeld is presently employed at CREXi.  CREXi denies any remaining allegations of Paragraph 167.

168.   CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party broker and, on that basis, denies them. Paragraph 168 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Rosenfeld is presently employed at CREXi.  CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 168, and on that basis, denies them.

169.   CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 169, and on that basis, denies them.

170.   Paragraph 170 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that Mr. Rosenfeld is presently employed at CREXi.  CREXi further admits that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi lacks

1710758

sufficient information to admit or deny the remaining allegations of Paragraph 170, and on that basis, denies them.

171.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-party brokers and brokerages and, on that basis, denies them.  Paragraph 171 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information. CREXi admits that brokers can list their properties anywhere.  CREXi denies any remaining allegations of Paragraph 171.

172.    Paragraph 172 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 172, and on that basis, denies them.

173.    CREXi denies the first and second sentences of Paragraph 173, including because CREXi is an online service provider under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.  CREXi admits that Mr. Randal currently serves as its Chief Strategy Officer, and that Mr. Cohen is employed at CREXi.  CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 173, and on that basis, denies them.

174.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them.  Paragraph 174 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 174.

175.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third party broker, and, on that basis, denies them.  Paragraph 175 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi lacks sufficient information

to admit or deny the remaining allegations of Paragraph 175, including because Paragraph 175 does not identify the address of the property depicted in Paragraph 175, and, on that basis, denies them.

176. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker and, on that basis, denies them. Paragraph 176 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi admits that the following is an excerpt from a February 12, 2019 YouTube video titled, "Add Listings, Dispositions, View Leads on CREXi": "Sending your properties in is as easy as connecting with myself or somebody on my team. You can send your property fliers to us directly, whether that's a Dropbox file, a link to your website, as long as they're readily available, and as long as they are not CoStar or LoopNet branded, we can handle the entire uploading and onboarding process as we do." CREXi denies that CoStar is using the quote set forth in Paragraph 176 in context or that the implication is the one that CoStar intends to draw from it. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 176, including because they are vague and ambiguous, and, on that basis, denies them.

177. Paragraph 177 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 177.

178. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and, on that basis, denies them. Paragraph 178 sets forth a conclusion of law to which no response is required. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 178.

179. CREXi admits that the press has covered CoStar's prior lawsuits against its competitors, and that CoStar has filed litigation across the country. CREXi denies the remaining allegations of Paragraph 179.

1710758

180.   CREXi admits that CoStar has filed litigation across the country against its competitors, including Xceligent.  CREXi further admits that CoStar's litigation against Xceligent forced Xceligent to file for bankruptcy.  CREXi denies the remaining allegations of Paragraph 180.

181.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent and, on that basis, denies the allegations of Paragraph 181.

182.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent and, on that basis, denies them. Paragraph 182 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies the remaining allegations of Paragraph 182.

183.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent and, on that basis, denies them.  To the extent Paragraph 183 refers to a document, no response is required as the document speaks for itself.  Paragraph 183 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 183.

184.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Apartment Hunters and, on that basis, denies them. To the extent Paragraph 184 refers to a document, no response is required as the document speaks for itself.  Paragraph 184 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 184.

185.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party SandBox Real Estate and Development LLC and, on that basis, denies them.  To the extent Paragraph 185 refers to a document, no response is required as the document speaks for itself.  Paragraph 185 sets forth a

36

conclusion of law to which no response is required.  To the extent a response is required, CREXi denies any remaining allegations of Paragraph 185.

186.   Paragraph 186 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi denies the allegations of Paragraph 186.

187.   CREXi admits that Michael DeGiorgio is the CEO of CREXi and that Mr. DeGiorgio and Luke Morris are Co-Founders of CREXi.  CREXi further admits that Ten-X filed suit against Mr. DeGiorgio and CREXi in 2016, and secured a preliminary injunction; the parties eventually resolved that dispute. CREXi denies the remaining allegations of Paragraph 187.

188.   To the extent Paragraph 188 refers to a document, no response is required as the document speaks for itself.  CREXi denies any remaining allegations of Paragraph 188.

189.   CREXi admits that a Ten-X press release attributed the following quote to Mr. DeGiorgio: "We apologize to Ten-X for the actions which led to this lawsuit.  I regret my conduct at the time I departed Ten-X and believe that the settlement is a fair resolution."  CREXi denies that CoStar is using the quote set forth in Paragraph 189 in context or that the implication is the one that CoStar intends to draw from it.  CREXi also admits that Mr. DeGiorgio and CREXi resolved the dispute with Ten-X, including through payment of $1.6 million. CREXi denies any remaining allegations of Paragraph 189.

190.   Paragraph 190 sets forth a conclusion of law to which no response is required.  To the extent a response is required, CREXi admits that a July 20, 2020 Los Angeles Business Journal article attributes the following quote to Mike DeGiorgio: "We want to offer a better product, more accurate data, more usable data ... and be able to charge a lot less for it."  CREXi denies that CoStar is using the quote set forth in Paragraph 190 in context or that the implication is the one that CoStar intends to draw from it.  CREXi denies that the article quotes Mr.

DeGiorgio as saying that CREXi could "overtake" CoStar as the "go-to" source for information.  CREXi denies the remaining allegations of Paragraph 190.

191.   CREXi admits that CoStar acquired Ten-X.  CREXi denies the remaining allegations of Paragraph 191.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

192.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

193.   CREXi denies the allegations of Paragraph 193.

194.   CREXi denies the allegations of Paragraph 194.

195.   CREXi denies the allegations of Paragraph 195.

196.   CREXi denies the allegations of Paragraph 196.

197.   CREXi denies the allegations of Paragraph 197.

198.   CREXi denies the allegations of Paragraph 198.

199.   CREXi denies the allegations of Paragraph 199.

200.   CREXi denies the allegations of Paragraph 200.

201.   CREXi denies the allegations of Paragraph 201.

202.   CREXi denies the allegations of Paragraph 202.

203.   CREXi denies the allegations of Paragraph 203.

204.   CREXi denies the allegations of Paragraph 204.

205.   CREXi denies the allegations of Paragraph 205.

206.   CREXi denies the allegations of Paragraph 206.

207.   CREXi denies the allegations of Paragraph 207.

## SECOND CLAIM FOR RELIEF

### Violation of the Digital Millennium Copyright Act ("DMCA")

### Removal of Copyright Management Information, 17 U.S.C. §§ 1202(b)(1)

208.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

1710758

209.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 209.

210.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 210.

211.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 211.

212.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 212.

213.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 213.

## THIRD CLAIM FOR RELIEF

### Violation of the Digital Millennium Copyright Act ("DMCA")

### Distribution of Works with Removed or Altered Copyright Management Information, 17 U.S.C. §§ 1202(b)(3)

214.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

215.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute

copyright management information.  CREXi denies any remaining allegations of Paragraph 215.

216.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 216.

217.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 217.

218.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 218.

219.   CREXi notes that, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information.  CREXi denies any remaining allegations of Paragraph 219.

## FOURTH CLAIM FOR RELIEF

### Common Law Misappropriation

220.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

221.   CREXi denies the allegations of Paragraph 221.

222.   CREXi denies the allegations of Paragraph 222.

223.   CREXi denies the allegations of Paragraph 223.

224.   CREXi denies the allegations of Paragraph 224.

225.   CREXi denies the allegations of Paragraph 225.

226.   CREXi denies the allegations of Paragraph 226.

1710758

227.   CREXi denies the allegations of Paragraph 227.

## FIFTH CLAIM FOR RELIEF

### California Unfair Competition

228.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

229.   CREXi denies the allegations of Paragraph 229.

230.   CREXi denies the allegations of Paragraph 230.

231.   CREXi denies the allegations of Paragraph 231.

232.   CREXi denies the allegations of Paragraph 232.

233.   CREXi denies the allegations of Paragraph 233.

234.   CREXi denies the allegations of Paragraph 234.

## SIXTH CLAIM FOR RELIEF

### California False Advertising Law

235.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

236.   CREXi denies the allegations of Paragraph 236.

237.   CREXi denies the allegations of Paragraph 237.

238.   CREXi denies the allegations of Paragraph 238.

239.   CREXi denies the allegations of Paragraph 239.

240.   CREXi denies the allegations of Paragraph 240.

## SEVENTH CLAIM FOR RELIEF

### Breach of Contract

241.   CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

242.   CREXi denies the allegations of Paragraph 242.

243.   CREXi denies the allegations of Paragraph 243.

1710758

244. To the extent Paragraph 244 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 244.

245. To the extent Paragraph 245 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 245.

246. To the extent Paragraph 246 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 246.

247. CREXi denies the allegations of Paragraph 247.

248. CREXi admits that, without CREXi's authorization, Mr. Hamlin, a former CREXi employee, provided Mr. Zlotnick, another former CREXi employee, with access to a CoStar account. CREXi denies the remaining allegations of Paragraph 248.

249. CREXi denies the allegations of Paragraph 249.

250. To the extent Paragraph 250 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 250.

251. To the extent Paragraph 251 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 251.

252. CREXi denies the allegations of Paragraph 252.

253. CREXi denies the allegations of Paragraph 253.

254. CREXi denies the allegations of Paragraph 254.

255. CREXi denies the allegations of Paragraph 255.

## **ANSWER TO PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required. To the extent a response is required, CREXi denies

1710758

that Plaintiffs are entitled to any of the requested relief and denies any allegations contained in the Prayer for Relief.

## ANSWER TO JURY DEMAND

This paragraph sets forth Plaintiffs' Jury Demand to which no response is required.  To the extent a response is required, CREXi denies any allegations contained in the Jury Demand.

## AFFIRMATIVE DEFENSES

CREXi further asserts the following separate and independent affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c).  CREXi pleads these affirmative defenses based on its current understanding of the allegations, claims, and legal theories in the First Amended Complaint.  CREXi reserves all rights to amend and add to these defenses, and to assert additional counterclaims against Plaintiffs, in view of motion practice, discovery, or other developments.  Without admitting any of the allegations in Plaintiffs' First Amended Complaint and/or any other wrongful conduct, and without assuming any burden of proof not imposed by law, CREXi states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint and each purported cause of action therein fail to state facts sufficient to constitute a cause of action against CREXi.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

Plaintiffs' claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, fails because the First Amended Complaint fails to plead fraud with particularity, as required by Federal Rules of Civil Procedure 8(a) and 9(b).

### THIRD AFFIRMATIVE DEFENSE

#### (DMCA Safe Harbor)

Plaintiffs' claim for copyright infringement is barred, in whole or in part, because CREXi is an online service provider entitled to safe harbor protection under the Digital Millennium Copyright Act of 1998 ("DMCA"), 17 U.S.C. § 512. CREXi is a "service provider" within the meaning of the statute, and stores certain photographs and data at the direction of third parties who use its websites and databases. CREXi has taken the precautionary measures that the Act requires, by adopting and reasonably implementing a policy designed to exclude users who repeatedly infringe, designating an agent to receive infringement notices, and accommodating standard technical measures that copyright owners use to detect infringement. CREXi also had no actual or apparent knowledge of the alleged infringing activity, and has never received a takedown notice from Plaintiffs. CREXi did not have the right or ability to control the alleged infringing activity, nor did it receive a financial benefit directly attributable to the alleged infringing activity.

### FOURTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The First Amended Complaint and each purported cause of action alleged therein are barred by reason of Plaintiffs' own unclean hands in or about the matters complained of in the First Amended Complaint, including but not limited to the fact that Plaintiffs have selectively blocked CREXi and other competitors from viewing and accessing public data, while CoStar employees freely accessed information on CREXi's website for competitive purposes; unilaterally altered information on brokers' listings and placed its name or logo on brokers' photographs, and then declared the information and photographs Plaintiffs' property; and infringed the

CREXI® mark in the header and text of its online advertisements.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiffs' claim for copyright infringement fails because the allegedly infringing photographs do not possess even a minimal degree of creativity, and therefore lack the requisite originality to qualify for copyright protection.

## SIXTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiffs' claim for copyright infringement is barred by the doctrine of copyright misuse. Plaintiffs have attempted to improperly use their copyrights to control competition in areas beyond the scope of their copyrights. Plaintiffs have asserted copyright protections regarding photographs in an effort to prevent competitors from accessing or using information related to the subject matter of the photographs, including data regarding particular property listings that is not copyrighted and may not be copyrighted. Plaintiffs have also systematically applied their name and/or logo to images for which they neither own nor hold the copyright, in an intentional effort to sow confusion in the marketplace as to the origin, ownership and copyright of images on Plaintiffs' websites. As such, Plaintiffs are exceeding the scope of any legitimate copyrights and undermining public policy by asserting them.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Abandonment)

Plaintiffs' claim for copyright infringement is barred because Plaintiffs abandoned their alleged copyrights to the photographs at issue, including by intentionally permitting brokers and other third parties to use allegedly infringing photographs. By their intentional conduct, Plaintiffs abandoned any claim they may have had that any allegedly infringing photograph is protected under federal copyright law.

1710758

## EIGHTH AFFIRMATIVE DEFENSE

### (Copyright Forfeiture)

Plaintiffs' claim for copyright infringement is barred by the doctrine of forfeiture.  Plaintiffs authorized brokers and other third parties to publish the allegedly infringing photographs and the resulting publications lacked the required copyright notice.  Plaintiffs thus forfeited any claim to protection under federal copyright law.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claim for copyright infringement is barred by the doctrine of fair use.  Among other things, the allegedly infringing works are of minimal, if any, creative value, and CREXi's alleged infringement of those works has not adversely affected the potential market, if any, for the infringed photographs.

## TENTH AFFIRMATIVE DEFENSE

### (License)

Plaintiffs' claim for copyright infringement is barred because CREXi had permission, license, or implied license to copy the allegedly copyrighted works. Copyright owners may grant implied licenses by consenting in the form of permission or common industry practice.  Plaintiffs permitted, did not object, and followed common industry practice when they permitted brokers and other third parties to upload and access photographs and listing information from their various websites and databases.  This activity is sufficient to be an implied license and bar Plaintiffs' copyright infringement claim.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claim for copyright infringement is barred by the doctrine of acquiescence because Plaintiffs knew of and manifested acquiescence in CREXi's allegedly infringing conduct, Plaintiffs intended that CREXi rely on that

1710758

acquiescence, and CREXi reasonably relied to its detriment on Plaintiffs' actions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalid Registration)

Plaintiffs' claim for copyright infringement fails to the extent that it relates to copyrighted photographs where Plaintiffs' registration application contained knowingly inaccurate information. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194 (9th Cir. 2020); 17 U.S.C. § 411(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Infringement Prior to Registration)

Plaintiffs' claim for copyright infringement is limited to the extent that it relates to an unpublished photograph that CREXi allegedly infringed before the effective date of the photograph's registration with the Copyright Office, or to the extent that CREXi's alleged infringement commenced after the first publication of the work but before the effective date of its registration, and the registration was not made within three months after the first publication of the work. 17 U.S.C. § 412.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The First Amended Complaint and each purported cause of action seeking monetary relief must be reduced, excused, and/or discharged because Plaintiffs failed to exercise reasonable diligence to mitigate their alleged injuries, including by failing to timely assert their takedown notice rights under the DMCA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs lack standing to bring a claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, because they have not suffered injury-in-fact or lost money or property as a result of the alleged false advertising and unfair competition.

47

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

Plaintiffs' claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, is barred because Plaintiffs did not rely on any representation or statements alleged to be made by CREXi or any actionable omission attributed to CREXi.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

Plaintiffs' claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, is barred because CREXi did not have a duty to disclose the information allegedly omitted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The First Amended Complaint's allegations of fraudulent and misleading conduct are barred under the First Amendment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Plaintiffs' misappropriation claim asserted under California law is barred because it is preempted in this context by applicable federal law, including but not limited to Section 301 of the Copyright Act.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No CMI)

Plaintiffs' claims under the DMCA fail because, pursuant to the Court's June 9, 2021 Order on CREXi's motion to dismiss, CoStar's logo does not, as a matter of law, constitute copyright management information ("CMI"), 17 U.S.C. § 1202(c).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

The First Amended Complaint and each purported cause of action alleged therein are barred by the equitable doctrine of laches to the extent that Plaintiffs seek equitable relief, including but not limited to restitution and temporary, preliminary, and/or permanent injunctive relief, because Plaintiffs failed to assert their purported causes of action against CREXi in a timely manner, despite their actual notice of those alleged causes of action, resulting in prejudice to CREXi.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Justification and Privilege)

The First Amended Complaint and each purported cause of action therein are barred to the extent that CREXi's conduct was justified or privileged because CREXi complied with all applicable laws, rules, and regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mistake)

Plaintiffs' claims for relief are barred by the doctrine of mistake, including but not limited to mistake of fact and mistake of law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Willful, Intentional, Knowing, or Negligent Failure to Comply)

The First Amended Complaint and each and every cause of action contained therein are barred in whole or in part because, at all times, CREXi acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by CREXi at the time, and did not at any time willfully, intentionally, knowingly, or negligently fail to comply with applicable law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

The First Amended Complaint and each and every cause of action contained therein are barred because to the extent that CREXi violated any applicable

49

provision of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, the violation was unintentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error. And on information and belief, CREXi made an appropriate correction or other remedy of the products once notified of the error.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Excessive Damages)

Plaintiffs are at most only entitled to restitution and injunctive relief. Awarding Plaintiffs excessive damages would violate CREXi's right to be free from excessive damages under the Eighth and Fourteenth Amendments of the United States Constitution, Section Seventeen of the California Constitution, and state and/or federal law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### ("Unlawful," "Fraudulent" or "Unfair")

The First Amended Complaint and every purported cause of action therein are barred because the acts or practices complained of were not "unlawful," "fraudulent," or "unfair."

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

The First Amended Complaint and every purported cause of action therein are barred because Plaintiffs expressly and/or impliedly consented to the conduct, acts, or omissions complained of in the First Amended Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Waiver)

By their conduct and/or agreement between the parties, Plaintiffs have waived any right to recover any relief pursuant to the First Amended Complaint, or any purported cause of action alleged therein.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Estoppel)

The First Amended Complaint and every purported cause of action therein are barred by the doctrine of estoppel. Plaintiffs have made statements and committed acts inconsistent with the claims they advance here, upon which CREXi relied, and which, if repudiated, would cause injury to CREXi. Among other things, Plaintiffs have represented in court that they have long accessed brokers' publicly accessible commercial real estate listings on competitors' websites in order to obtain information for their own products, and represented to the Federal Trade Commission that they would not directly or indirectly prevent brokers from sharing information with competitors. CREXi reasonably relied upon these representations in creating listings for brokers, and would be injured if Plaintiffs were allowed to repudiate those representations through their claims here.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

The First Amended Complaint and every purported cause of action therein are barred by the doctrine of equitable estoppel because Plaintiffs knew about CREXi's allegedly infringing conduct, Plaintiffs intended that their conduct be acted upon by CREXi, CREXi was ignorant of Plaintiffs' alleged copyrights in the infringing photographs, and CREXi relied upon Plaintiffs' conduct to its detriment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Mutual Manifestation of Assent)

Plaintiffs' claim for breach of contract fails because there was no mutual manifestation of assent, including but not limited to because no CREXi employee assented to Plaintiffs' online Terms of Use, and, even if they did, those employees did not enter into any contract on CREXi's behalf.

1710758

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Authority to Bind CREXi)

Plaintiffs' claim for breach of contract fails to the extent that it relates to contracts allegedly entered into by CREXi employees who lacked authority to bind CREXi to the contracts.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Unenforceable Contract)

Plaintiffs' claim for breach of contract is barred because the alleged contracts are unenforceable as unconscionable and for reasons of public policy.  Plaintiffs' prohibition on competitive use imposes a restraint on trade greater than any legitimate interest Plaintiffs might have in what they claim to be "proprietary" data. In addition, Plaintiffs' restrictions violate state and federal antitrust laws because they are anticompetitive in intent and effect.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Injury or Harm)

Plaintiffs' claim for breach of contract fails because Plaintiffs were not injured or harmed as a result of any alleged breach by CREXi.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs have an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

*   *   *

### RIGHT TO ASSERT ADDITIONAL DEFENSES

CREXi reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

\* \* \*

## PRAYER FOR RELIEF

**WHEREFORE, CREXI** prays for judgment in its favor and against Plaintiffs as follows:

1.     That the First Amended Complaint and causes of action asserted against CREXi be dismissed with prejudice;

2.     That Plaintiffs take nothing by way of the First Amended Complaint;

3.     That CREXi recover attorneys' fees, costs, and disbursements in this action to the extent permitted by statute or contract; and

4.     That the Court provide such further relief as it deems just and proper.

\* \* \*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, CREXi respectfully requests a trial by jury on all claims and counterclaims.

Dated: June 23, 2021                    KEKER, VAN NEST & PETERS LLP

By:  */s/ Elliot R. Peters*
ELLIOT R. PETERS

Attorneys for Defendant
COMMERCIAL REAL ESTATE
EXCHANGE, INC.

CREXI'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 2:20-CV-8819 CBM (ASx)

1710758