JESSICA STEBBINS BINA
(BAR NO. 248485)
jessica.stebbinsbina@lw.com
ELYSE M. GREENWALD
(BAR NO. 268050)
elyse.greenwald@lw.com
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
Tel: 424.653.5525
Fax: 424.653.5501

*Attorneys for Plaintiffs and Counterdefendants*

[Additional Counsel Listed on the Next Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| COSTAR GROUP, INC., and COSTAR REALTY INFORMATION, INC., | CASE NO. 2:20-cv-8819-CBM-AS |
| Plaintiffs, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| v. | **(Discovery Matter: Referred to Magistrate Judge Alka Sagar)** |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., |  |
| Defendant. |  |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., |  |
| Counterclaimant, |  |
| v. |  |
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., |  |
| Counterdefendants. |  |

BELINDA LEE (BAR NO. 199635)
belinda.lee@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: 415.391.0600

NICHOLAS J. BOYLE*
nicholas.boyle@lw.com
SARAH A. TOMKOWIAK*
sarah.tomkowiak@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201

*Attorneys for Plaintiffs and Counterdefendants*
*\* Admitted pro hac vice*

1.      A. <u>PURPOSES AND LIMITATIONS</u>

The Parties in this Action are direct business competitors.  Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth  the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve trade secrets, customer and pricing lists, business strategy and planning documents, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such confidential  and  proprietary materials and information consist of,  among other things, confidential business or financial information or intelligence, operational data, product activity data, customer pricing, product development information, proprietary property information, information regarding confidential business practices and plans, confidential agreements, personnel files, private customer information and data, confidential website design and development information, or other confidential

research, development, or commercial information or processes (including information implicating privacy rights of Non-Parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Moreover, the disclosure of such information would likely result in significant monetary and business losses stemming from lost investment on content development, lost revenue, losing customers, losing business opportunities, losing advertisers, losing investors, losing employees, facing litigation for breaches of relevant disclosure laws, and the overarching loss of goodwill that would come with such unauthorized disclosures.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of this action, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: this pending federal lawsuit.

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the Designation of information or items under this Order.

2.3   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY".

2.5     Designation: the identification by a Designating Party of information (regardless of how it is generated, stored, or maintained) or tangible things as qualifying for any of the three categories of protection described in Sections 2.5(a), (b), and (c), below.

(a)     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

(b)     "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and that the Producing Party reasonably and in good faith believes contains trade secrets, customer lists, including without limitation identification data, financial or pricing data, planned or unpublished intellectual property applications, business strategy and planning documents, investor information and discussions (for potential, past, or existing investors), research and development information, security practices and procedures, commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, employee compensation data, or other information that the Producing Party reasonably and in good faith believes the disclosure of which would create a substantial risk of competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers.

(c) "OUTSIDE COUNSEL ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and that the Producing Party reasonably and in good faith believes includes competitively sensitive pricing information, pricing strategy, price lists, and/or the equations, formulas, or other processes used to determine pricing.

2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10  Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11  Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

2.12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1    2.13  Professional Vendors: persons or entities that provide litigation support

2    services (e.g., photocopying, videotaping, translating, e-discovery services,

3    reviewing, searching, analyzing or categorizing materials produced in discovery,

4    preparing exhibits or demonstrations, and organizing, storing, or retrieving data in

5    any form or medium) and their employees and subcontractors.

6    2.14  Protected Material: any Disclosure or Discovery Material that is

7    designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS'

8    EYES ONLY", or "OUTSIDE COUNSEL ONLY".

9    2.15  Receiving Party: a Party that receives Disclosure or Discovery Material

10   from a Producing Party.

11

12   3.   SCOPE

13   The protections conferred by this Order cover not only Protected Material (as

14   defined above), but also (a) any information copied or extracted from Protected

15   Material; (b) all copies, excerpts, summaries, or compilations of Protected Material;

16   and (c) any testimony, conversations, or presentations by Parties or their Counsel

17   that might reveal Protected Material.

18   Any use of Protected Material at trial shall be governed by the orders of the

19   trial judge.  This Order does not govern the use of Protected Material at trial.

20

21   4.   DURATION

22   Even after final disposition of this litigation, the confidentiality obligations

23   imposed by this Order shall remain in effect until a Designating Party agrees

24   otherwise in writing or a court order otherwise directs.  Final disposition shall be

25   deemed to be the later of (a) dismissal of all claims and defenses in this Action, with

26   or without prejudice; and (b) final judgment herein after the completion and

27   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

28

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified and not voluntarily withdrawn upon notice under Section 6, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" (hereinafter "Designation Legend"), to

1   each page that contains Protected Material.  In the event designation through
2   affixation of the applicable Designation Legend is impractical, as with electronic
3   documents produced in native format, designation may be made in any manner that
4   is reasonably designed to notify all recipients that the material has been designated,
5   including but not limited to through a cover letter that identifies the designated
6   material by Bates number.

7        A Party or Non-Party that makes original documents available for inspection
8   need not designate them for protection until after the inspecting Party has indicated
9   which documents it would like copied and produced.  During the inspection and
10  before the designation, all of the material made available for inspection shall be
11  deemed  "CONFIDENTIAL".  After  the  inspecting  Party  has  identified  the
12  documents it wants copied and produced, the Producing Party must determine which
13  documents, or portions thereof, qualify for protection under this Order.  Then, before
14  producing the specified documents, the Producing  Party must affix the appropriate
15  designation  legend  to  each  page  that  contains  Protected  Material.   In  the  event
16  designation  through  affixation  of  the  applicable  legend  is  impractical,  as  with
17  electronic  documents  produced  in  native  format,  designation  may  be  made  in  any
18  manner that is reasonably designed to notify all recipients that the material has been
19  designated, including through a cover letter that identifies the designated material
20  by Bates number.

21          (b) <u>for testimony given in depositions</u>, within thirty (30) days after
22  receipt of a final transcript of a deposition, the deponent or any Party may designate
23  the  transcript  and  recording  of  the  deposition,  or  any  portion  thereof,  as
24  "CONFIDENTIAL",  "HIGHLY  CONFIDENTIAL—ATTORNEYS'  EYES
25  ONLY", or "OUTSIDE COUNSEL ONLY" by notifying the court reporter and all
26  Parties, in writing, of the specific pages and lines of the transcript and recording that
27  should be so treated.

28

All deposition transcripts and recordings shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (except, with respect to the portions of the deposition transcripts and recordings, if any, that reflect testimony discussing any document designated as "OUTSIDE COUNSEL ONLY" and marked as an exhibit during the deposition, such portions shall be treated as "OUTSIDE COUNSEL ONLY")  under the terms of this Order for thirty (30) days after receipt of the final transcript, unless each Party and the deponent indicates, either on the record at the conclusion of the deposition or in writing following the deposition, that such Party or deponent does not intend to designate the deposition or any portion thereof as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY".  Counsel for a Party or a Non-Party witness shall have the right to exclude from depositions any person who is not authorized to receive "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" information pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" information is being used or discussed.

Any document designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition.

(c) for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" information by clearly indicating the portions containing such information and specifying the level of designation of the Protected Material, and by placing a

legend of the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY".  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, in any way, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely notification by the Designating Party, in writing, that such information or items was not properly designated, the information or items shall be subject to this Order as if it had been initially so designated.  If, prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must make reasonable efforts to retrieve it and the Receiving Party must make reasonable efforts thereafter to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Altering or Amending Designations</u>.  A party may change the designation of any Disclosure or Discovery Material produced by another Producing Party without a designation to a designation of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" or "OUTSIDE COUNSEL ONLY", or "HIGHLY CONFIDENTIAL" as "OUTSIDE COUNSEL ONLY", provided that said Disclosure or Discovery Material contains the upward Designating Party's own confidential information as described in Section 2.5.   Increasing a designation shall be accomplished by providing written notice to all Parties identifying the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation.  The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material.  Any Party may object to the increased designation pursuant to Section 6.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a Designation of confidentiality at any time that is consistent with the Court's Scheduling Order.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules.   *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.

6.3 <u>Burden of Persuasion</u>.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the

Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this Action.  Protected Material may not be used for any other purpose, including, without limitation, any business, commercial, or competitive purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "OUTSIDE COUNSEL ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, videographers, and their staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action;

(e) professional jury or trial consultants, mock jurors, Professional Vendors, insurers, and insurance counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information, provided that such author or recipient shall not be permitted to keep any Protected Material unless that individual already has access to such documents in the ordinary course of business or that individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary.  A witness who is shown documents or information containing Protected Material but who is not otherwise authorized to have access to copies of documents or testimony containing Protected Material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain Protected Material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) up to two House Counsel, as defined in Section 2.8 above, and one non-attorney member of the legal department for the Receiving Party, to whom disclosure is reasonably necessary for this Action.  The Receiving Party will identify, by name and title, any House Counsel or non-attorney member of the legal department who intends to review HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items, prior to such House Counsel or non-attorney member of the legal department reviewing any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items.  After the disclosure of any House Counsel or non-attorney member of the legal department, the Producing Party shall then have five days to object to disclosure to that House Counsel or non-attorney member of the legal department.  The Producing Party must identify with specificity the reason for such a challenge, and the burden of prohibiting that House Counsel from receiving any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items shall fall on the Producing Party.  The disclosed House Counsel or non-attorney member of the legal department shall not be permitted to review HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items during the five-day objection period or while an objection remains pending.

In the event that any of the identified House Counsel or non-attorney member of the legal department cease to be employed by the Receiving Party or the Receiving Party wishes to replace any of the identified House Counsel or non-attorney, the Receiving Party shall be entitled to identify the House Counsel or non-attorney's successor or replacement who intends to review HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items, prior to such successor or replacement reviewing any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information or Items; the same five-day objection period shall apply.  All House Counsel and non-attorneys designated pursuant to this provision shall not be permitted to keep any Protected Material, have been advised of their obligations under this Order, and have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action;

(f) professional jury or trial consultants, mock jurors, Professional Vendors, insurers, and insurance counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information, provided that such author or recipient shall not be permitted to keep any Protected Material unless that individual already has access to such documents in the ordinary course of business or that individual has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary.  A witness who is shown documents or information containing Protected Material but who is not otherwise authorized to have access to copies of documents or testimony containing Protected Material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain Protected Material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the persons and entities identified in Section 7.2, above; and

(b) the officers, directors, and employees of the Receiving Party, including House Counsel for the Receiving Party, to whom disclosure is reasonably necessary for this Action.

7.5 <u>The Parties' Use of Their Own Protected Material</u>.  This Order shall have no effect upon, and shall not apply to, the Parties' use or disclosure of their own Protected Material for any purpose.

7.6 <u>Retention of Exhibit A</u>.  Outside Counsel of Record for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) by any persons or entities receiving Protected Material shall retain the signed exhibit

STIPULATED PROTECTIVE ORDER

throughout this Action.  If any Designating Party has good cause to believe that another Party has improperly disclosed Protected Material, it may move for an order allowing it to inspect such records.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY", that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL ONLY".   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order from this Court, the Receiving Party shall not produce any information in its possession or control that

is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).   In the event the Receiving Party fails to comply with its obligations under Section 10, the Designating Party shall be entitled to seek from the Court specific performance of Section 10.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

If a Party wishes to use Protected Material at a hearing, it shall meet and confer with the Designating Party within three court days before the hearing.  If the Parties cannot reach a resolution on the appropriate procedures to protect the Protected Material at the hearing, the Party seeking to introduce the Protected Material at the hearing shall not do so prior to informing the Court of the designation, and providing the Designating Party an opportunity to show the Court good cause why the strong presumption of public access in civil cases should be overcome.

12.4 Advice to Clients.  This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Action and, in the course thereof, relying generally on Protected Material; provided, however, that in

STIPULATED PROTECTIVE ORDER

rendering such advice and otherwise communicating with the client, the attorney shall not disclose the contents of any Protected Material produced by another Party if such disclosure would be contrary to the terms of this Order.

12.5 <u>Duty to Ensure Compliance</u>.  Any Receiving Party disclosing Protected Material to any person not a Party as permitted by this Order shall have the duty to reasonably ensure that such person or entity observes the terms of this Order and shall be responsible upon breach of such duty for the failure of such person or entity to observe the terms of this Order.

12.6 <u>Modification and Exceptions</u>.  The Parties and any non-Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are not required to destroy (1) data from disaster recovery or business continuity backups, (2) data stored in back-end databases critical to application operability, system-generated

temporary folders, and inaccessible near-line storage, (3) archived data with limited end-user accessibility, or (4) filed and draft versions of pleadings, motion papers and other Court filings, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition, hearing and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED THROUGH THE PARTIES' UNDERSIGNED COUNSEL OF RECORD**

Dated:  January 6, 2022                    By: */s/ Sarah A. Tomkowiak*

Jessica Stebbins Bina
(Bar No. 248485)
Elyse M. Greenwald
(Bar No. 268050)
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
Tel: 424.653.5525
Fax: 424.653.5501
Email: jessica.stebbinsbina@lw.com
        elyse.greenwald@lw.com

Belinda S Lee (Bar. No. 199635)
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: 415.391.0600
Fax: 415.395.8095
Email: belinda.lee@lw.com
Nicholas J. Boyle

1                                           (admitted *pro hac vice*)

                                           Sarah A. Tomkowiak

2                                           (admitted *pro hac vice*)

                                           555 Eleventh Street, NW

3                                           Suite 1000

                                           Washington, D.C. 20004

4                                           Tel: 202.637.2200

                                           Fax: 202.637.2201

5                                           Email: nicholas.boyle@lw.com

6                                                    sarah.tomkowiak@lw.com

7                                           *Counsel for CoStar Group, Inc., and*

                                           *CoStar Realty Information, Inc*

8

9  Dated: January 11, 2022                   KEKER, VAN NEST & PETERS LLP

10

11

12                        By:  */s/ Elizabeth K. McCloskey*

                                  ELLIOT R. PETERS #158708

13                                epeters@keker.com

                                WARREN A. BRAUNIG #243884

14                                wbraunig@keker.com

                                ELIZABETH K. MCCLOSKEY #268184

15                                emccloskey@keker.com

                                NICHOLAS S. GOLDBERG #273614

16                                ngoldberg@keker.com

                                633 Battery Street

17                                San Francisco, CA 94111-1809

                                Tel:   415 391 5400

18                                Fax:  415 397 7188

19                                Attorneys for Defendant and Counterclaimant

                                COMMERCIAL REAL ESTATE

20                                EXCHANGE, INC.

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: January 13, 2022               /s/ *Sarah A. Tomkowiak*
                                      Sarah A. Tomkowiak


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  January 14, 2022                _____/s/_____
                                        Honorable Alka Sagar
                                        United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER