UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | CS 02/03/22 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant |
| Sarah Tomkowiak | | Elizabeth McCloskey |
| Elyse Greenwald | | Nicholas Goldberg |
| Nicholas Boyle | | |

**Proceedings (In Chambers):** Order Re Defendant's Motion to Compel Responses to Discovery Requests (Dkt. No. 96)

On January 10, 2022, the parties filed a joint stipulation regarding Defendant Commercial Real Estate Exchange Inc.'s ("CREXI('s)") Motion to Compel discovery from Plaintiffs CoStar Group, Inc. and CoStar Realty Information Inc. ("CoStar"), together with declarations of counsel and exhibits in support of each party's position. ("Motion") (Dkt. No. 96). On January 20, 2022, CREXI filed supplemental memoranda in support of the motion. (Dkt No. 107).[1]

A telephonic hearing was held on February 3, 2022, after which the matter was taken under submission. The Court has reviewed the filings and carefully considered the arguments made at the hearing. For the reasons stated below, the Motion to Compel is GRANTED IN PART.

---

[1] On January 12, 2022, CoStar filed a notice of decision in a related case, (dkt. no. 100), which neither party contends is relevant to the motion before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

### A. Background

The First Amended Complaint, ("FAC"), alleges causes of action for copyright infringement, common law misappropriation, unfair competition, California false advertising law and breach of contract against CREXI. (Dkt. No. 33). CoStar, a provider of real estate information, analytics and online property marketplace, owns a number of digital marketplaces containing real estate listings for sale and lease, including the LoopNet.com website, which can be accessed by buyers, sellers, brokers and others. (Id.). CoStar contends that CREXI accessed these listings, which contain CoStar's copyrighted images and data from CoStar's subscription database, without authorization by using passwords issued to other companies in attempting to build its own online commercial real estate marketplace and auction platform. (Id.). On June 23, 2021, CREXI filed counterclaims against CoStar for antitrust violations, trademark infringement, false advertising and declaratory relief (Dkt. No. 74). CREXI contends that CoStar engages in an "anticompetitive scheme" to establish its monopoly in the markets for internet Commercial Real Estate ("CRE") listing, information, and auction services, by (1) imposing exclusionary contractual terms to prevent customers from accessing services provided by its competitors, including CREXI, selectively blocking competitors from accessing its publicly available CRE information, and restricting brokers from providing public CRE listings to competing platforms; (2) modifying the CRE listing information and photographs that brokers provide to it in order to falsely claim copyright ownership over such information; and (3) infringing CREXI's trademarked name to advertise and market CoStar's services. (Id.). CoStar's motion to dismiss CREXI's counterclaims is pending before the Court. (Dkt. Nos. 82, 108).

In its Motion, CREXI seeks an order compelling CoStar to comply with CREXI's Request for Production ("RFP") Nos. 70 and 75, and an order compelling CoStar to designate its President and CEO, Andrew Florance, as a document custodian. (Motion at 2-3).

### B. Legal Standards

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

be admissible in evidence to be discoverable." Id. Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, No. CV 16-8962, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Motions to compel are governed by Rule 37, which allows a party to " move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." United States v. McGraw-Hill Companies, Inc., No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

**C. Discussion**

<u>RFP No. 70</u>

RFP No. 70 seeks CoStar's responses to every request for production, interrogatory, request for admission and deposition notice in CoStar's prior litigation against competitors, specifically CoStar's lawsuits against Xceligent, Apartment Hunters, RealMassive, and SandBox Real Estate and Development. (Motion at 1, 7). CREXI claims that CoStar has put these matters at issue by alleging, in the FAC, that because of the successful lawsuits it has filed to vindicate its intellectual property rights, CREXI was aware of CoStar's intellectual property rights and that it did not allow competitors to copy from its websites. CREXI claims that the discovery it seeks is relevant to its counterclaims as evidence of CoStar's pattern of targeting its competitors with anticompetitive litigation, and that it is entitled to determine whether CoStar's discovery positions in those lawsuits – in which CoStar pursued the same or similar claims and issues to the FAC – are inconsistent with its positions in this case. (Motion at 8-10). CoStar maintains that while the FAC alleged that the lawsuits and judgments obtained by CoStar in the infringement cases it filed against companies like CREXI to show that CREXI was on notice of CoStar's asserted intellectual property rights, this does not open the door to the non-public discovery records in those cases and the introduction of unrelated and collateral issues. (Motion at 12). The Court agrees. As CoStar points out, the fact that it has filed lawsuits against other companies for infringement and obtained judgments in those cases cannot be the basis for antitrust violations.[2] (Motion at

---

[2] In particular, CREXI's claim that CoStar's lawsuit against Xceligent for accessing publicly available listing information is indicative of CoStar's anticompetitive and unlawful conduct because the lawsuit "forc[ed] Xcelient into bankruptcy and allow[ed] CoStar to avoid facing Xceligent's antitrust claims, (motion at 16), is meritless. As CoStar points out, during the pendency of its lawsuit against Xceligent, an independent monitor appointed by the Federal Trade Commission ("FTC") issued a report confirming Xceligent's mass infringement of CoStar's copyrighted images, a finding that likely caused Xceligent's demise.

Case 2:20-cv-08819-CBM-AS   Document 111   Filed 02/18/22   Page 5 of 8   Page ID #:25466

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

11). CREXI's claim regarding the need to determine whether CoStar took inconsistent positions in the four prior lawsuits identified in RFP No. 70 is speculative. CREXI has failed to demonstrate how CoStar's discovery responses in its prior lawsuits would be relevant to CREXI's counterclaims.[3] At the hearing, CREXI referred to CoStar's seemingly inconsistent position regarding access to public portions of a competitor's website in its litigation with LoopNet, pointing out that before acquiring LoopNet, CoStar took the position that public access was essential to its business and then took the opposite position after acquiring LoopNet. However, the LoopNet litigation is not one of the four cases that CREXI seeks discovery from in RFP No. 70, arises from a different factual context than this case in that CoStar and LoopNet had reached an agreement about reciprocal access to portions of each other's websites and were litigating the breach of that agreement, and in any event, is not temporally relevant to this case.[4] The cases cited by CREXI in support of its position regarding discovery from CoStar's prior litigation are unpersuasive. *In Re Intuitive Surgical Securities Litigation*, 2016 WL 10459420 *1 (N.D. Cal. Sept. 27, 2016), involved the production of deposition transcripts of Intuitive's employees from a *derivative action*; and *Hall v. Marriott International Inc.,* 2021 WL 1906464 *7 (S.D. Cal. May 12, 2021), involved the defendant's production of discovery from *an ongoing case* involving substantially similar claims in which it was also a defendant. Contrary to CREXI's claim, the discovery it seeks from CoStar's prior lawsuits is not relevant to the claims, defenses,

---

[3] CREXI's claims regarding the relevance of CoStar's discovery responses in its lawsuit against Apartment Hunters, which involved the residential market for real estate, is misplaced. Courts generally limit discovery in antitrust cases to the ambit of the applicable market. See *Vident v. Dentsply Int'l, Inc.,* 2008 WL 4384124, at *2 (C.D.Cal. Aug. 29, 2008) ("the definition of the relevant market in [this antitrust] case determines the scope of the allowable discovery"). Here, the claims and counterclaims alleged identify the commercial real estate market.

[4] CoStar's lawsuit against LoopNet, filed in 2009, "predates CREXI's existence by a number of years." (Motion at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

and counterclaims at issue in this case. CREXI's motion to compel responses to RFP No. 70 is therefore DENIED.[5]

RFP No. 75

RFP No. 75 seeks the production of all documents provided to, or received from, the Federal Trade Commission ("FTC") or other regulatory authorities concerning CoStar's antitrust, or competition or consumer law violations. (Motion at 3, 15). CREXI maintains that the FTC's prior investigations of CoStar's anticompetitive practices bear directly on CREXI's counterclaims in this case, and that CoStar's communications with, and representations to, the FTC may reveal evidence of statements or representations by CoStar that are inconsistent with CoStar's representations in this case and may uncover evidence of CoStar's "invidious design, pattern or intent to monopolize the relevant markets." (Motion at 17-18). CREXI references the FTC's investigations of CoStar's proposed acquisition of LoopNet and Rentpath for antitrust violations as matters for which it seeks CoStar's communications, pointing out that the FTC successfully blocked CoStar's acquisition of Rentpath and CoStar agreed to a consent decree in connection with its acquisition of LoopNet. However, the fact that the FTC ultimately approved CoStar's acquisition of LoopNet in 2012 pursuant to a consent decree, and successfully enjoined CoStar from acquiring Rentpath does not amount to a pattern or practice of taking over competitors in a manner designed or intended to monopolize the relevant market as

---

[5] Although RFP No. 70 does not specifically request the production of prior deposition testimony, to the extent CoStar's witnesses in this case have provided testimony and/or responses to discovery regarding the subject matters at issue in this case, CREXI is entitled to discovery of the witnesses' prior statements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

alleged by CREXI and fails to support CREXI's overbroad request for all communications between CoStar and the FTC in those matters.[6]

The Court finds CoStar's proposal to provide all communications provided to or received from the FTC or any other regulatory authority reflecting a finding that CoStar has violated the terms of a consent decree or other law or regulation regarding the specific antitrust allegations that CREXI has alleged regarding CoStar's purported exclusive agreements with customers, its modification of property listing information or images and trademark infringement appropriately tailored to the antitrust competitive scheme alleged by CREXI. (Motion at 21). But CREXI maintains that CoStar's production should not be limited to *findings* by the FTC or other regulatory authorities (which are public documents) regarding violations of consent decrees or regulations; it should include all CoStar's *communications* with the FTC regarding antitrust or consumer law issues in the commercial real estate industry, limited to a four-year period. The Court finds the request for *all communications regarding antitrust or consumer law issues* to be overbroad and burdensome. CREXI's motion to compel responses to RFP No. 75 is GRANTED IN PART. CoStar must produce *all communications* with the FTC, during the past four years - that bear on the antitrust allegations in this matter: CoStar's purported exclusive agreements with customers, its modification of property listing information or images and trademark infringement.

Document Custodian

CREXI seeks an order compelling CoStar to include its CEO and President, Andrew Florance, as a document custodian. CREXI claims that Florance has been involved in every aspect of CoStar's operations, its history of targeting competitors with litigation, and has made public statements regarding CREXI's infringement of CoStar's copyrights. (Motion at 22). Based on these allegations, and Florance's involvement in the CoStar's litigation with LoopNet, CREXI claims that Florance is a "critical witness" whose "actions are central to CREXI's counterclaims." (Motion at

---

[6] Moreover, CoStar's proposed acquisition of Rentpath involved the market for "residential apartment internet listing services," rather than the commercial real estate market applicable to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 20-08819-CBM (ASx) | Date | February 18, 2022 |
|---|---|---|---|
| Title | *CoStar Group, Inc., and CoStar Realty Information Inc. v. Commercial Real Estate Exchange Inc.* | | |

24). The Court notes that CoStar has designated 11 custodians on a broad range of topics from whom it has collected over 7 million emails. (Motion at 27). CREXI has not demonstrated that Florance as a necessary custodian who possesses unique, relevant documents that are not available from the designated custodians. Contrary to CREXI's claims, Florance's involvement in CoStar's litigation with LoopNet in 2012, and his public statements about CoStar's lawsuit against CREXI in 2020 fail to demonstrate that Florance has unique, relevant documents related to CREXI's counterclaims in this lawsuit. Accordingly, CREXI's motion to compel CoStar to designate Florance as a document custodian is DENIED without prejudice. If, after reviewing the documents produced by the designated custodians, CREXI believes that Florance is an essential document custodian, the parties may revisit CREXI's request through the Court's informal discovery dispute resolution process.

### D. Conclusion

CREXI's motion to compel responses to RFP No. 70 is DENIED; CREXI's motion to compel responses to RFP No. 75 is granted in part as set forth in this order. The parties are ordered to meet and confer regarding a time frame for the production of responsive records. CREXI's request for an order designating Andrew Florance as a document custodian is DENIED WITHOUT PREJUDICE.

The parties may avail themselves of the Court's informal discovery dispute resolution process to resolve any remaining discovery issues. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc: Consuelo B. Marshall
United States District Judge

|  | 1 | : | 17 |
|---|---|---|---|
| Initials of Preparer | AF | | |