JESSICA STEBBINS BINA
(BAR NO. 248485)
jessica.stebbinsbina@lw.com
ELYSE M. GREENWALD
(BAR NO. 268050)
elyse.greenwald@lw.com
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
Tel: 424.653.5500
Fax: 424.653.5501

*Attorneys for Plaintiffs and Counterdefendants*

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Counterclaimant, <br><br> v. <br><br> COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., <br><br> Counterdefendants. | CASE NO. 2:20-cv-08819 CBM-AS <br><br> **DISCOVERY MATTER** <br><br> **DECLARATION OF FARAZ ALAM SAGAR** <br><br> Judge: Alka Sagar <br><br> Discovery Cutoff: November 4, 2022 <br> Pretrial-Conference: August 1, 2023 <br> Trial: October 3, 2023 |

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL
DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

BELINDA S LEE (BAR NO. 199635)
belinda.lee@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: 415.391.0600

NICHOLAS J. BOYLE*
nicholas.boyle@lw.com
SARAH A. TOMKOWIAK*
sarah.tomkowiak@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201

*Attorneys for Plaintiffs and Counterdefendants*

\* *Admitted pro hac vice*

| | |
|---|---|
| 1 | I, FARAZ ALAM SAGAR, declare as follows: |
| 2 | 1. I am a partner at the law firm of Cyril Amarchand Mangaldas, one of India's preeminent full service law firms, headquartered in Mumbai, India. I am enrolled with the Bar Council of Maharashtra and Goa and am licensed to practice law in the state of Maharashtra and Goa, India, and entitled to appear in all courts and tribunals within the jurisdiction of India. I received my L.L.B. in 2006 from Symbiosis Law School, in Pune, India, and completed a Masters of Business Laws in 2006 from the National Law School of India University, Bengaluru, India followed by a L.L.M. (Finance) from the Institute for Law & Finance in Frankfurt, Germany and a certification from the Stanford Graduate School of Business. My practice focuses on cross-border litigation and investigations. I serve as Indian counsel to CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar"), and have advised CoStar in the following cases: *CoStar Realty Information, Inc. vs. Maxval Technologies Pvt. Ltd.* (Commercial Court, Thane in Suit No. 7/2016), *CoStar Group Inc. and CoStar Realty Information, Inc. vs. Arcgate Teleservices Private Limited* (Commercial Court, Udaipur in Suit No. 29/2021), *CoStar Group Inc. and CoStar Realty Information, Inc. vs. Arcgate Teleservices Private Limited* (S.B. Civil Writ Petition No. 9384/2021 in Rajasthan High Court), *CoStar Group Inc. and CoStar Realty Information, Inc. vs. Arcgate Teleservices Private Limited* (D.B. Criminal Contempt Petition 2 of 2021 in Rajasthan High Court), *CoStar Group Inc. and CoStar Realty Information, Inc. vs. Arcgate Teleservices Private Limited and M/s Arcgate*, D.B. Civil Misc. Appeal No. 384/2021 (Rajasthan High Court), *CoStar Group & Anr. vs. Neptune Business Solutions Private Limited and Ors*, OS (Comm Div) No. 134/2022 (Madras High Court). I have personal knowledge of the facts set forth below, and if called upon, can and will competently testify thereto. |
| | 2. I am submitting this declaration in connection with and in support of CoStar's Statement of Position Regarding CREXi's Motion to Compel Discovery Regarding Costar's Settlement with Arcgate. |

1

3. CoStar pursued legal action in 2016 before the Court of District Judge at Thane, Maharashtra, *CoStar Realty Information, Inc. vs. Maxval Technologies Pvt. Ltd*. (Commercial Court, Thane in Suit No. 7/2016), against Xceligent, Inc.'s Indian BPO, Maxval Technologies Pvt. ("MaxVal"). CoStar and MaxVal subsequently entered into a settlement agreement, and the Consent Terms were filed with and entered as decree by the Court of District Judge at Thane, Maharashtra on April 16, 2018.

**Proceedings in Udaipur Commercial Court**

4. In or around March 2021, I engaged the local advocate on record therein on behalf of CoStar to bring a contributory copyright infringement claim under the Indian Copyright Act, 1957, and common law claims for piracy, theft, and misappropriation, against Arcgate at the Learned Commercial Court at Udaipur ("Commercial Court") at Udaipur, Rajasthan.

5. On my instructions, the local advocate filed the suit, *CoStar Group Inc. and CoStar Realty Information, Inc. vs. Arcgate Teleservices Private Limited* (Commercial Court, Udaipur in Suit No. 29/2021) along with interlocutory applications, before the Commercial Court on March 10, 2021. To the best of my knowledge and as per standard court practice, shortly thereafter, the suit caption was uploaded on to the Commercial Court's publically-accessible website.

6. Attached as <u>Exhibit A</u> is a true and correct copy of the Civil Original Suit along with the interlocutory applications.

7. The suit sought various forms or relief, including monetary damages and a permanent injunction prohibiting Arcgate from accessing CoStar's databases and websites without permission and copying or using any copyrighted CoStar photographs. Ex. A, ¶ 67.

8. The interlocutory applications sought an *ex-parte ad-interim* injunction against Arcgate and the appointment of independent Court Commissioners, including a forensic expert, as permitted under Order XL Rule 1 or under XXVI Rule 9 of the

2

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

1  Code of Civil Procedure, 1908, to seize evidence within Arcgate's possession, custody, or control relevant to CoStar's claims. Ex. A, ¶ 67(e). The grounds for this application were CoStar's concerns that Arcgate may destroy relevant evidence as soon as it was notified of the suit.

9. The Honorable Judge Shivani Johri Bhatnagar, heard extensive arguments by CoStar's Counsels interlocutory applications between March 10, 2021 and March 22, 2021. The proceedings were moved *ex-parte*. Consistent with standard Commercial Court practice and to the best of my knowledge, the dates of each of these hearings were publically noticed and published on the Commercial Court's publically-accessible website.

10. On March 23, 2021, the Commercial Court denied CoStar's application for an *ex-parte ad-interim* injunction. On June 4, 2021, the Commercial Court denied CoStar's application for the appointment of independent Commissioners to seize and preserve relevant evidence in Arcgate's control.

**Proceedings in the High Court of Judicature for Rajasthan**

11. In or around March, 2021, on behalf of CoStar I engaged Mr. Muktesh Maheshwari, local advocate at the High Court of Judicature for Rajasthan ("High Court") at Jodhpur, Rajasthan, to appeal the Commercial Court's orders denying CoStar's interlocutory applications.

12. On April 3, 2021, at my direction, Mr. Maheshwari filed an appeal of the Commercial Court's order denying *ex-parte ad-interim* injunction at the High Court. To the best of my knowledge and as per standard court practice, shortly thereafter, the caption and appeal were uploaded on to the High Court's publically-accessible website.

13. Similarly, on July 19, 2021, at my direction, Mr. Maheshwari filed a writ petition before the High Court, requesting the court to reconsider the Commercial Court's Order rejecting the need for the appointment of independent Court Commissioners. To the best of my knowledge and as per standard court

3

practice, shortly thereafter, the caption was uploaded on to the High Court's publically-accessible website.

14. The Writ Petition regarding CoStar's application for the appointment of independent Commissioners came up for hearing, *ex-parte*, on July 30, 2021 before Honorable Justice Vijay Bishnoi. The following counsel were present representing CoStar: Senior Advocate Mr. Mahendra Singh Singhvi, assisted by Mr. Muktesh Maheshwari, Mr. Faraz Sagar, Mr. Hiren Kamod, Mr. Aidan Choudhary, and Ms. Simran Agarwal. Mr. M.S. Singhvi, who was representing CoStar in his personal capacity, is the current Advocate General of the State of Rajasthan.

15. By an *ex-parte* Order dated July 30, 2021, the High Court determined that the Commercial Court had erred in denying CoStar's application. After examining the documentary evidence annexed with the Writ Petition, the High Court concluded that CoStar was able to *prima facie* prove its allegations against Arcgate. The High Court thus appointed an Advocate Commissioner and an Expert Commissioner (for the preservation of electronic evidence) to take evidence related to CoStar's claims.

16. Attached as Exhibit B is a true and correct web copy of the High Court's Order dated July 30, 2021, granting the *ex-parte* appointment of the Commissioners.

17. The Commissioners attempted to execute their Commission on August 6, 2021 and I accompanied the Commissioners. Attached as Exhibit C is a true and correct copy of the Commission Report summarizing the results of the Commissioners' investigation, which was submitted to the High Court on August 8, 2021. The report reflects that the Commissioners "met with significant resistance and hostility from the employees" of Arcgate and thus were unable to complete the tasks authorized by the court. Ex. C, 1.

18. CoStar sought relief from the High Court related to Arcgate's obstruction of the execution of the Commission.

4

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

19. Attached as <u>Exhibit D</u> is a true and correct copy of CoStar's Contempt Petition, that at my direction, the local advocate on record filed with the High Court on September 6, 2021. In this petition, while they would have been available, CoStar did not seek all of the criminal penalties available against Arcgate—*e.g.*, incarceration—and sought only such fines and reliefs as the High Court deemed just and proper. Furthermore, Costar did not press for a hearing of this Contempt Petition against Arcgate and no Notice was issued by the High Court to Arcgate to respond to this Contempt Petition.

**Arcgate's Representation before the Commercial Court and High Court**

20. Counsels for Arcgate first entered appearance in this litigation on or around September 4, 2021, wherein Arcgate sought to challenge the completion of the Commission. Arcgate was represented by Dr. Abhishek Manu Singhvi, Senior Advocate, Mr. Paras Kuhad, Senior Advocate, Mr. Nakul Dewan, Senior Advocate, Dr. Abhishek Shinde, Mr. Vikas Balia, Mr. Raghav Shankar, Mr. Prateek Arora, Ms. Nooreen Sarna, Ms. Arshiya Sharda, Mr. Sailender Reddy, and Mr. Falgun Buch. Further, Mr. Kunal Bagla, the C.E.O. of Arcgate, was also present at the proceedings. The proceedings were held in hybrid mode wherein certain parties appeared in person, whereas others appeared virtually. In the following paragraphs, I provide a brief background of the counsels that represented Arcgate:

21. Dr. Abhishek Manu Singhvi was one of the Senior Advocates representing Arcgate. Attached as <u>Exhibit E</u> is a true and correct copy of Dr. Singhvi's biography retrieved from his website on August 14, 2022. Dr. Singhvi is a sitting Member of the Upper House (*Rajya Sabha*) of the Parliament of India. Dr. Singhvi is an eminent jurist, parliamentarian, well-known columnist, author and commentator. He remains the youngest designated Senior Advocate in the Supreme Court of India; a former Additional Solicitor General of India and former Vice President of the Supreme Court Bar Association. He read B.A. (Hons.), M.A., Ph.D.,

5

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

at St. Stephen's College, Delhi University, and Trinity College, Cambridge University.

22. Mr. Paras Kuhad was one of the Senior Advocates representing Arcgate. Mr. Kuhad is a Senior Advocate of the Supreme Court of India and a former Additional Solicitor General of India.

23. Mr. Nakul Dewan was one of the Senior Advocates representing Arcgate. Attached as <u>Exhibit F</u> is a true and correct copy of Mr. Dewan's biography retrieved from his firm's website on August 14, 2022. As per publicly available information, Mr. Dewan is a Barrister (Senior Advocate) at Twenty Essex, who specializes in international litigation and arbitration and appears in courts of the United Kingdom, Singapore, and India.

24. As per publicly available information, Mr. Karan Lahiri and Mr. Raghav Shankar are counsels practicing in Indian courts, including the Supreme Court of India, and primarily deal with complex commercial disputes and arbitrations (both domestic and international).

25. Arcgate's corporate counsel was Ms. Ashima Obhan. Attached as <u>Exhibit G</u> is a true and correct copy of Ms. Obhan's biography retrieved from her firm's website on August 14, 2022. As per publicly available information, Ms. Obhan is a Senior Partner at Obhan & Associates, a full service law firm in India, where she heads the corporate law practice. She also advises clients on commercial disputes and international commercial arbitrations.

**CREXi's Ability to Intervene in Proceedings**

26. CREXi did not attempt to intervene at any point during the pendency of the Arcgate litigation. I am not aware of any reason why CREXi could not have done so.

27. Indian procedural law provides for a simpliciter Intervention Application wherein only the reason for why a party ought to be allowed to intervene

6

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

needs to be set out, and courts allow Interventions by a simple showing of sufficient cause.

28. If the Intervention were permitted, CREXi would have had all of the rights of Arcgate, as a co-defendant.

29. Pertinently, the listing of matters before the Commercial Court and High Court are published for public knowledge as a matter of routine. Such listings include the names of the Plaintiff/Petitioner(s), the Defendants, and upcoming hearing dates. Listings of matters are also searchable online through the respective courts' websites.

30. Based on telephone calls and discussions post-settlement with Arcgate's counsel, I am aware that CREXi was on notice of the Arcgate litigation at least as of October 14, 2021, when Arcgate informed Ms. Elizabeth K. McCloskey, CREXi's outside counsel, via telephone about the Arcgate litigation in Rajasthan. I was made to understand that Ms. McCloskey made statements on that call acknowledging that she understood that the Arcgate litigation was pending. I was also informed that Arcgate also discussed the Arcgate litigation with CREXi via e-mail on multiple occasions in November and December, 2021, including an email on November 22, 2021 in which Arcgate referenced the October 14th phone call in writing. I understand that CREXi has refused to produce any of these communications to CoStar.

**Settlement Negotiations with Arcgate**

31. Arcgate and CoStar began discussing a potential settlement of their respective claims on September 12, 2021. Both parties' counsels agreed at the outset that the settlement communications between the parties will be conducted under the "without prejudice" privilege available under Indian law. At all times during the negotiations, both parties understood the negotiations to be confidential and that the "without prejudice" privilege applied, during and after the negotiations, regardless of the outcome.

7

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

32. The following counsels represented Arcgate in the negotiations: Mr. Nakul Dewan, Senior Advocate, Mr. Karan Lahiri, Mr. Raghav Shankar, and Ms. Ashima Obhan.

33. The settlement agreement was negotiated at arms-length over more than two months. The parties entered into Consent Terms and Permanent Injunction ("Consent Terms") on November 24, 2021.

34. Attached as <u>Exhibit H</u> is a true and correct copy of the Consent Terms.

35. The Consent Terms were executed for amicable settlement of all outstanding disputes in connection with the pending proceedings in Rajasthan, and nothing beyond what is in the settlement agreement was offered in exchange for any of the terms. Consent Terms, ¶ 32.

**Settlement as Order of the High Court of Rajasthan**

36. At my direction, the local advocate on record petitioned the High Court to enter the Consent Terms for a compromise of the suit, under Order 23 Rule 3 of the Indian Code of Civil Procedure, pursuant to the conclusion of the settlement negotiations.

37. On December 3, 2021, counsels for both parties presented the Consent Terms to a Division Bench of the High Court comprising Honorable Justices Arun Bhansali and Vijay Bishnoi. Extensive arguments were made as to why the Consent Terms were valid and proper and should be decreed by the High Court. The High Court passed a final Order under Order 23 Rule 3 of the Indian Code of Civil Procedure, taking on record the Consent Terms, directing a decree to be drawn, and dismissing all pending applications in the proceedings. On December 17, 2021, a certified copy of the Order was made available by the High Court.

38. Attached as <u>Exhibit I</u> is a true and correct copy of the Order.

39. CoStar duly submitted the certified copy of the Order to the Court Registrar in order to have a decree drawn up as directed therein. Even at this point, when CREXi was indisputably apprised of the Arcgate litigation, CREXi had the

8

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

opportunity to intervene in the litigation up until the final Decree was entered. The final Decree, including the Consent Terms, was published on January 11, 2022. Attached as <u>Exhibit J</u> is a true and correct copy of the final Decree.

40. Based on telephone calls and discussions post-settlement with Arcgate's counsel, I understand that on or around January 23, 2022, Mr. Rohan George of Samvad Partners, as counsel for CREXi, sent Arcgate a letter that was dated January 11, 2022, with a copy to CREXi's counsel at Keker Van Nest. In this letter, Mr. George asserted that Arcgate's provision of documents to CoStar, documents which reflected CREXi's (via its agent, Arcgate's) access to CoStar's websites, violations of CoStar's terms of use, and other misconduct, breached a contract between Arcgate and CREXi, violated Californian and Indian law, and constituted criminal conduct, what Mr. George described as "illegal acts." The letter argued that these documents reflecting CREXi's activities with respect to CoStar were confidential and/or constituted intellectual property, were competitively sensitive, and may implicate data privacy laws (if they contain personal information about individuals). I understand that CREXi has refused to produce to CoStar a copy of this letter. I was informed that Arcgate's counsel sent a response to CREXi's counsel on February 7, 2022 addressing the arguments made by Mr. George, and expressly invoking the "without prejudice privilege." Again, I understand that CREXi has declined to produce to CoStar a copy of that letter or any other correspondence with Arcgate.

41. Similarly, from Arcgate's counsels, I learned that CREXi has never contacted Arcgate regarding the deletion, in May 2021, of the server logs that would have reflected access to CoStar sites, and specifically has never broached the issue with Arcgate of whether there is any way to reverse the deletion of those logs or otherwise mitigate the loss through the provision of substitute evidence; nor I am told, has CREXi ever reached out to Arcgate or Arcgate's counsel regarding producing documents responsive to discovery requests by CoStar in the U.S. proceedings pending in California.

9

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

42. On August 11, 2022, I contacted Mr. George by email to ask, among other things, whether he had experience with respect to the "without prejudice" privilege, specifically whether he had ever briefed or argued the privilege in any case (my firm was unable to locate any such examples), and whether he had ever authored any legal articles or other writings regarding the privilege (again we were able to find no such publications). He declined to respond on this question and did not identify any such cases, articles or writings.

**Proceedings against Neptune in the Madras High Court**

43. In July 2022, on behalf of CoStar I engaged the local advocate on record therein to bring a contributory copyright infringement claim under the Indian Copyright Act, 1957, and common law claims for piracy, theft, and misappropriation, against Neptune Business Solutions Private Limited ("Neptune") at the High Court of Judicature at madras ("Madras High Court") at Chennai, Tamil Nadu.

44. On my instructions, the local advocate filed the suit, *CoStar Group & Anr. vs. Neptune Business Solutions Private Limited and Ors*, OS (Comm Div) No. 134/2022 (Madras High Court), along with interlocutory applications, before the Madras High Court on July 12, 2022.

45. Attached as Exhibit K is a true and correct copy of the Civil Original Suit along with the interlocutory applications.

46. After examining the documentary evidence, the Madras High Court concluded that CoStar was able to prima facie prove its allegations against Neptune and granted an *ad-interim ex-parte* injunction against Neptune. The Madras High Court also appointed an Advocate Commissioner and an Expert Commissioner (for the preservation of electronic evidence) to take evidence related to CoStar's claims.

47. Attached as Exhibit L is a true and correct copy of the Madras High Court's Orders dated July 14, 2022, granting an *ad-interim ex-parte* injunction against Neptune and the *ex-parte* appointment of the Commissioners.

10

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

48.     The Commissioners executed their Commission on July 15, 2022 and I accompanied the Commissioners.  Attached as <u>Exhibit M</u> is a true and correct copy of the Advocate Commissioner's Report.  Attached as <u>Exhibit N</u> is a true and correct copy of the Expert Commissioner's Report.  The Commissioners' Reports summarize the results of their investigation, and was submitted to the Madras High Court on August 4, 2022.  The reports reflect that the Commissioners encountered "mass deletion of data relating to CoStar and Crexi" by Neptune, including deletion of files, emails, images, WhatsApp messages, and network logs.  Ex. N, 2-5.

11

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL
DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 16, 2022, in Mumbai, Maharashtra, India.

FARAZ ALAM SAGAR

12

SAGAR DECL. ISO COSTAR'S STATEMENT OF POSITION REGARDING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE
2:20-cv-08819-CBM-AS