JESSICA STEBBINS BINA
(BAR NO. 248485)
jessica.stebbinsbina@lw.com
ELYSE M. GREENWALD
(BAR NO. 268050)
elyse.greenwald@lw.com
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
Tel: 424.653.5500
Fax: 424.653.5501

*Attorneys for Plaintiffs and Counterdefendants*

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., | CASE NO. 2:20-cv-08819-CBM-AS |
| Plaintiffs, | **DISCOVERY MATTER** |
| v. | **COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE** |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., | |
| Defendant. | |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., | Date:  September 29, 2022 |
| Counterclaimant, | Time: 10:00 a.m.<br>Ctrm:  540<br>Judge: Hon. Alka Sagar |
| v. | |
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC., | Trial: October 3, 2023 |
| Counterdefendants. | **PUBLIC REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

BELINDA S LEE (BAR NO. 199635)
belinda.lee@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: 415.391.0600

NICHOLAS J. BOYLE*
nicholas.boyle@lw.com
SARAH A. TOMKOWIAK*
sarah.tomkowiak@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201

*Attorneys for Plaintiffs and Counterdefendants*

*\* Admitted pro hac vice*

This Court should reject CREXi's request to compel production of CoStar and Arcgate's privileged communications regarding a settlement entered as a final judgment by an Indian court, in a litigation in which CREXi declined to participate. As CoStar showed, those communications are protected from discovery by India's "without prejudice" privilege, and no exception applies.  CREXi asks this Court nevertheless to disregard a foreign nation's privilege law (and principles of international comity recognized by U.S. federal courts) and order discovery of those privileged communications on the basis that CoStar supposedly has "blocked discovery" into the settlement and supporting testimony, which CREXi baselessly calls "false and misleading."  Yet in doing so, CREXi presents misleading arguments to this Court and continues to withhold evidence on key issues that would undermine the claims it makes in its Motion.  Its request for extraordinary relief should be denied.

### A.    CREXi Refuses to Provide Documents and Communications With Arcgate Bearing on the Instant Discovery Motion.

Despite repeated requests, CREXi continues to withhold documents and communications with Arcgate that undercut its rationale for demanding discovery.[1]

CREXi suggests it requires this discovery because CREXi lacked notice of the litigation and therefore could not intervene to protect its rights.  *See, e.g.*, Dkt. 174-1, Mot., at 4; Dkt. 175, McCloskey Decl. ¶ 6.  This is not true.  As CoStar observed, CREXi was on notice of the litigation at least as of October 14, 2021, when Arcgate informed CREXi's then-counsel, declarant Ms. Elizabeth McCloskey, about the litigation.  *See* Dkt. 179, Sagar Decl. ¶ 30.  After the Joint Stipulation was filed, CoStar asked CREXi to produce a November 22, 2021 email between CREXi's counsel and Arcgate referencing this October 14, 2021 phone call, as well as other

---

[1] These documents are responsive to at least CoStar's RFPs 139-140 and 142-145, served more than six months ago in March 2022.  Declaration of Nicholas J. Boyle ISO CoStar's Supp. Mem. ("Boyle Decl.") (Sept. 15, 2022), Ex. A.

documents reflecting CREXi's contact with Arcgate prior to January 11, 2022, so the Court may consider them in connection with CREXi's Motion.  Boyle Decl., Ex. B (Sept. 2, 2022 Malinee Email).  CREXi has refused.  *Id.* (Sept. 7, 2022 Braunig Email).  CREXi does not claim any privilege or other protection.  *Id.*  It simply does not want to produce what would constitute damning evidence.  ████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████.  Dkt. 173-1, Boyle Decl. Ex. A, at 27.

CREXi also claims that discovery into privileged communications is required because Arcgate CEO Kunal Bagla's testimony in support of the settlement (which was reviewed and incorporated into the High Court's final judgment) is "misleading" or "false," and thus, CREXi speculates, "may" have been procured through unlawful means.  As CoStar explained, Mr. Bagla's testimony ***was based on contemporaneous communications*** between CREXi and Arcgate.  Dkt. 174-1, Opp., at 39-41.  CoStar is the only party that has produced these communications (which, CoStar received from Arcgate) in this litigation.  CREXi still has not provided any documents regarding Arcgate's work for CREXi, which would undermine CREXi's arguments in its Motion and expose its scheme to freeride on CoStar with the help of its BPOs.

Indeed, even the limited set of documents CoStar received from Arcgate undermines the testimony from Mr. Dees that purports to challenge Mr. Bagla.  For example, Mr. Dees claims "CREXi never assigned Arcgate any tasks related to photographs" and only paid Arcgate for tasks related to "data services."  Dkt. 176, Dees Decl. ¶ 5.  Not so.  Indeed, Mr. Dees himself instructed Arcgate to download property brochures *en masse* and upload them to DropBox.  Boyle Decl., Ex. C.  As CREXi is well aware, CoStar is the biggest licensor of property images to brokers, who use CoStar copyrighted photographs to create brochures.  Unsurprisingly, then, brochures Arcgate copied on CREXi's behalf include CoStar (watermarked) photographs.  *Id.*, Ex. D.  Moreover, emails from CREXi's James Burton asking

2

Arcgate to create sample property listings on CREXi's website instructed Arcgate to snip photographs from brochures and include them in the listings, apparently without any regard for copyright protections. *Id.*, Ex. E. These documents—as well as evidence uncovered in CoStar's suit against Neptune Business Solutions Private Limited ("Neptune")[2]—demonstrate that CREXi instructs its BPOs to copy images from brochures (in addition to websites and databases), without any regard for copyright protections, and refute Mr. Dees's suggestion that CoStar could not have asserted copyright claims against Arcgate because Arcgate did not perform activities related to photos. CoStar is entitled to discover CREXi's complete communications with Arcgate, both to rebut the testimony offered by CREXi in support of its Motion and to support CoStar's claims of willful copyright infringement by CREXi.

Finally, CREXi also refuses to provide the January 11, 2022 letter from its Indian counsel and declarant Mr. Rohan George to Arcgate, copying CREXi's U.S. counsel at Keker Van Nest, in which CREXi threatened Arcgate with civil and criminal liability for providing documents to CoStar. *See* Dkt. 179, Sagar Decl. ¶ 40. CREXi likewise has refused to produce Arcgate's February 7, 2022 response expressly invoking the "without prejudice" privilege over its settlement communications with CoStar. *Id.* CREXi will not disclose these communications, undeniably relevant to its Motion, notwithstanding CoStar's RFPs seeking these

---

[2] On September 13, 2022, Neptune's Director Mr. Ganesh Subramanian submitted testimony to the Madras High Court that CREXi asked Neptune to source "data and images" from third-party websites (including LoopNet and Ten-X), but did not provide any instructions on how to "comply with copyright regulations" and "never responded" to questions from Neptune on this topic. Declaration of Faraz Alam Sagar ISO CoStar's Supp. Mem. ("Sagar Decl.") (Sept. 15, 2022), Ex. C ¶¶ 26-28. CREXi did not provide "any red flags concerning [the] necessity of copyright due diligence," and did not identify CoStar as CREXi's competitor or inform Neptune that CoStar uses a star logo to indicate its ownership of images until March 2022, years after Neptune began working for CREXi in 2017. *Id.* ¶¶ 29, 34, 35. The court-appointed Expert Commissioner reported that Neptune uploaded at least 200 property brochures with CoStar logos into CREXi's system. Dkt. 178-7, Sagar Decl., Ex. N, at 5. The Commissioner also recovered a draft email to "James" at CREXi regarding "copyright violations" noting CREXi did not instruct Neptune not to source listings, photos, or brochures from CoStar's LoopNet until late 2021. *Id.* at 19.

communications and CoStar's express request for such documents in connection with this briefing. *See* Boyle Decl., Ex. A (RFPs 140, 142) & Ex. B (Sept. 2, 2022 Malinee Email). CREXi thus continues to conceal evidence of facts concerning its Motion, even while demanding extraordinary relief from this Court.

**B.    CREXi Continues to Dodge CoStar's Questions Concerning Its Communications With Indian BPO Neptune.**

CREXi also refuses to provide information about its extensive involvement in the Neptune litigation, which undercuts CREXi's suggestion it was powerless to advocate for itself in the Arcgate case. CREXi refuses to explain its counsel's interactions with Neptune, including just before a civil seizure by court-appointed Commissioners in July turned up evidence of misconduct, including copyright violations, and "mass deletion" of materials related to CoStar and CREXi. CREXi's U.S. and Indian counsel do not deny they are in contact with Neptune and Mr. Subramanian—or, critically, that they placed a call to or had multiple calls with Mr. Subramanian the day before the execution of the commission. But they refuse to address the serious issues raised by the Expert Commissioner's report—including that Mr. Subramanian flip-flopped on whether he was instructed to preserve evidence related to CoStar and CREXi after taking direction from an unidentified third party— other than to deny they "advised" Neptune or Mr. Subramanian to destroy evidence or "instructed" Mr. Subramanian how to answer questions. *See* Boyle Decl., Ex. F (Sept. 7, 2022 Braunig Email); Sagar Decl. Ex. A (Aug. 23, 2022 George Email).[3] CREXi's lack of candor underscores that it would rather bury the fact that it is perfectly able to prosecute its agenda in India when it so wishes.

---

[3] Mr. Subramanian testified this week that Neptune was not informed of CoStar's litigation against CREXi until ***February 2022***, Sagar Decl., Ex. C, ¶¶ 28-29, 34, and, thus, Neptune deleted data on a "regular basis," as there was "no mandate" from CREXi to preserve evidence, *id.*, Ex. D, ¶ 24. This contradicts Mr. George's representation to CoStar's counsel on August 23, 2022 that CREXi instructed its BPOs to preserve evidence in 2021. *Id.*, Ex. A. CoStar has applied to the Indian court for a full forensic analysis of the electronically-stored information seized from Neptune so it may learn the full extent of Neptune's deletion. *Id.*, Ex. B.

**C.  Meanwhile, Evidence of the Critical Role Off-Shore BPOs Play In CREXi's Scheme of Mass Misappropriation Continues to Mount.**

CREXi's refusal to provide its documents and communications with Arcgate or answer basic questions regarding Neptune comes as evidence continues to mount showing the key role CREXi's BPOs play in its scheme of mass misappropriation and infringement. On August 31, 2022, CREXi identified approximately *24,000* more copyrighted photographs that were uploaded to CREXi's systems by its BPOs, on top of the *6,596* BPO-uploaded copyrighted photographs referenced in CoStar's complaint. Boyle Decl., Ex. G. Of the *more than 80,000* CoStar photos in CREXi's systems identified to date, *over 30,000—more than a third*—were uploaded to CREXi's systems by its overseas agents.[4] *See id.*; Dkt. 173-2, Boyle Decl. Ex. B. CREXi intends to "further supplement" this information "in the coming weeks," *id.* at Ex. G, at 1, meaning evidence of CREXi's infringement—and its BPOs' participation therein—will only accumulate. This newly disclosed information underscores the urgent need for discovery into CREXi's documents and communications regarding its BPOs—and shows why CREXi is so eager to distract from these issues by attacking the Arcgate settlement.

**CONCLUSION**

CREXi's motion to compel the production of privileged CoStar-Arcgate settlement communications is a desperate, belated attempt to undermine a foreign court's final judgment and detract from mounting evidence of CREXi's mass misappropriation and infringement with the assistance of CREXi's offshore agents. CoStar respectfully requests the Court to deny CREXi's Motion.

---

[4] This is almost certainly an undercount. ▮▮▮▮▮▮▮▮ *See* Dkt. 173-1, Boyle Decl. Ex. A, at 19 (▮▮▮▮▮▮); Boyle Decl. ISO CoStar's Supp. Mem. (Sept. 15, 2022), Ex. E (Mar. 16, 2020 Burton Email) (directing Arcgate to upload listings using James Burton's credentials).

1    Dated:  September 15, 2022          Respectfully submitted,

2                                        */s/ Nicholas J. Boyle*
3                                        NICHOLAS J. BOYLE, *Pro Hac Vice*
                                         nicholas.boyle@lw.com
4                                        SARAH A. TOMKOWIAK, *Pro Hac Vice*
                                         sarah.tomkowiak@lw.com
5                                        LATHAM & WATKINS LLP
6                                        555 Eleventh Street, NW
                                         Suite 1000
7                                        Washington, D.C. 20004
8                                        Tel: 202.637.2200

9
                                         BELINDA S LEE (BAR NO. 199635)
10                                       belinda.lee@lw.com
11                                       LATHAM & WATKINS LLP
                                         505 Montgomery Street
12                                       Suite 2000
13                                       San Francisco, CA 94111
                                         Tel: 415.391.0600
14

15                                       JESSICA STEBBINS BINA
                                         jessica.stebbinsbina@lw.com
16                                       (BAR NO. 248485)
17                                       ELYSE M. GREENWALD
                                         (BAR NO. 268050)
18                                       elyse.greenwald@lw.com
19                                       LATHAM & WATKINS LLP
                                         10250 Constellation Boulevard
20                                       Suite 1100
21                                       Los Angeles, CA 90067
                                         Tel: 424.653.5525
22

23                                       *Attorneys for Plaintiffs and*
                                         *Counterdefendants*
24

25

26

27

28

6