Honorable Suzanne H. Segal (Ret.)
Signature Resolution
633 W. 5th Street, Suite 1000
Los Angeles, CA 90071
JudgeSegal@SignatureResolution.com
Special Master

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. <br> And Related Cases. | Case No. CV 20-8819 CBM (ASx) <br><br> SPECIAL MASTER'S ORDER DENYING CREXI'S MOTION FOR A PROTECTIVE ORDER <br><br> (Dkt. No. 487 and related filings) |

On August 11, 2023, Defendant Commercial Real Estate Exchange, Inc. ("CREXi") filed a Motion for a Protective Order (the "Motion") relating to subpoenas served on two nonparty investors in CREXi. (Dkt. 487). Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar") filed an Opposition on August 25, 2023 (Dkt. 530), and CREXi filed a Reply on September 1, 2023 (Dkt. 542).

The Special Master has considered the Motion, the Opposition, the Reply, and all related filings. No hearing was held. For the reasons discussed below, the Motion is DENIED.

## A. CREXI'S CONTENTIONS

CREXi's investors have no connection to this lawsuit. They are not involved in CREXi's day-to-day operations; they have no relevant information regarding CoStar's copyright infringement and other allegations; and they have no relevant information regarding CREXi's remaining counterclaims. CoStar's unrelenting harassment of CREXi's investors is an abuse of process, deployed for the transparent purpose of interfering with CREXi's business relationships. Indeed, it is black-letter law that CoStar must seek relevant documents from CREXi before burdening third parties. CoStar's subpoenas to CREXi's investors serve no legitimate discovery purpose. The Court should issue a protective order, under Fed. R. Civ. P. 26(c), to terminate the two outstanding subpoenas and prevent CoStar from issuing further subpoenas to CREXi's investors or prospective investors without leave of Court.

## B. COSTAR'S CONTENTIONS

CREXi's Motion for a Protective Order is unnecessary. CoStar has moved to compel investor-related discovery from CREXi (which has steadfastly refused to produce these materials for two years). In parallel, the two third-party investors to which CoStar has issued

subpoenas have moved to quash them. This Court will decide those motions, and determine: (i) whether the investor-related discovery CoStar seeks is relevant and not unduly burdensome; (ii) which party or third party, if any, should produce the discovery sought; and (iii) whether the subpoenas should be quashed.

CREXi's Motion also fails on the merits. CREXi lacks standing to seek a protective order because it does not identify, as it must under Rule 45, a "personal right or privilege" implicated by the subpoenas. CREXi attempts to rely on an alternative theory of standing, recognized by some lower courts, to argue that it can seek a protective order under Rule 26 because the subpoenas seek irrelevant materials and jeopardize CREXi's interests. Even if this Court were to recognize this limited exception, CREXi cannot show that the materials sought are irrelevant or point to any business interest that has been jeopardized. Nor does CREXi clear the high bar under Rule 26 to show that specific harm will occur unless the subpoenas are terminated. CREXi also lacks standing to object to the subpoenas on burden and the other grounds raised in its Motion; only the subpoena recipients may do so (and have).

## C. CREXI'S REPLY

CoStar's opposition does nothing to undermine the following facts: (1) CoStar has repeatedly abused the discovery process to harass CREXi's investors and interfere with CREXi's business relationships; (2) the outstanding subpoenas to JSV and Founder Collective serve no

legitimate discovery purpose; and (3) CoStar's harassment campaign threatens CREXi's business. CoStar's lead argument is that CREXi lacks standing under Rule 45, an inapplicable standard that applies to a motion to quash. But CoStar overlooks that CREXi has standing to obtain a protective order under Rule 26 because "its own interests are jeopardized" by CoStar's abusive discovery. *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012).

### D. DISCUSSION

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (citing cases). However, "a party may seek a protective order pursuant to Rule 26(c) regarding a subpoena issued to a non-party if it believes its own interest is jeopardized by the discovery sought from the non-party." *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). On such motion, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 386 (C.D. Cal. 2002) (quoting *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

CREXi lacks standing to object to the two outstanding nonparty subpoenas on the grounds that they seek irrelevant information or are unduly burdensome or harassing. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d at 973; *see also Jiae Lee v. Dong Yeoun Lee*, 2020 WL 7890868, at *8 (C.D. Cal. Oct. 1, 2020) (recognizing "the weight of authority in this Circuit holds that a party may not assert relevancy objections to a subpoena served on a third party.") These objections must be (and have been) raised by the nonparties.

CREXi's argument that nonparty subpoenas to its investors jeopardize CREXi's own interests "by attempting to annoy and intimidate CREXi's investors so that they will be deterred from continuing their relationships with CREXi" (Dkt. 487 at 4) is adequately addressed by the nonparties' motions to quash. The nonparties themselves have moved to quash the existing subpoenas as unduly burdensome and harassing, and CREXi's motion for protective order on this ground is therefore denied as duplicative of the arguments raised by the third parties. The Special Master shall address such arguments in the orders resolving the motions to quash subpoenas.

\\
\\
\\
\\
\\
\\
\\

CREXi has not established that any and all *future* subpoenas to nonparty investors will pose a specific prejudice or harm to CREXi's interests sufficient to warrant a protective order barring such subpoenas. However, this order is without prejudice to CREXi renewing its motion for a protective order should CoStar serve additional third-party subpoenas. Accordingly, CREXi's motion is DENIED without prejudice.

IT IS SO ORDERED.

DATED: October 9, 2023

DocuSigned by:

Hon. Suzanne Segal (Ret.)
2B739185DE71459...

Honorable Suzanne H. Segal (Ret.)
Special Master