# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION INC., <br><br> Plaintiff, <br><br> v. <br><br> COMMERICAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. | Case No.: 2:20-CV-08819 CBM (ASx) <br><br> **ORDER RE: CREXI'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS [771]** |

The matter before the Court is Defendant Commercial Real Estate Exchange Inc. ("CREXi")'s Motion for Leave to File Second Amended Counterclaims (SACC Mot.). (Dkt. No. 771.)

## I. BACKGROUND

### A. Factual Background

CoStar is a provider of commercial real estate information, analytics, and online property marketplace. (Second Amended Complaint ("SAC"), ¶ 13.) CoStar also owns a number of digital marketplaces containing listings of real estate for sale and for lease. (*Id*.) CoStar's LoopNet.com website ("LoopNet") is "the leading digital marketplace for commercial real estate in the United States." (*Id*.) Listings on LoopNet contain "CoStar's copyrighted images, data from the CoStar database, and edits made by CoStar to improve marketability." (*Id*.) Buyers, sellers, lessors, lessees, owners, and brokers access and use LoopNet to buy, sell, lease, rent, or browse commercial real estate. (*Id*.) CREXi is "attempting to build its own online commercial real estate marketplace and auction platform." (*Id*. ¶ 3.) CoStar alleges CREXi "harvests content, including broker directories, from CoStar's subscription database without authorization by using passwords issued to other companies." (*Id*.) CoStar alleges that CREXi steals copyrighted photographs from CoStar and its licensees, then publishes them on CREXi's competing website and in its subscription product. (*Id*., ¶¶ 197-208.)

CREXi, in turn, alleges that the images at issue in CoStar's complaint are actually not owned by CoStar and are instead owned by the brokers who use CoStar's product, LoopLink (which syncs data with LoopNet). (FACC, ¶¶ 4, 7-8.) CREXi brings counterclaims against CoStar and alleges that CoStar maintains a practice of "unilaterally modifying "brokers' listings and photographs to manufacture false claims of ownership" and then "threatening legal actions against brokers and industry participants based on bogus copyright assertions" amount to anticompetitive conduct. (*Id*., ¶ 70.) CREXi also alleges that CoStar's subsidiary,

Ten-X, "intentionally misappropriated CREXi's trademarked name to advertise and market Ten-X's own products and services in the relevant markets." (*Id.*, ¶ 118.)

**B.    Relevant Procedural History**

CoStar filed this lawsuit on September 25, 2020. (Dkt. 1.) On June 23, 2021, CREXi filed counterclaims against CoStar. (Dkt. No. 74.) CoStar subsequently moved to dismiss the counterclaims (Dkt. No. 82), which the Court denied as to the ninth (trademark infringement), thirteenth (violation of California's UCL statute under the "unlawful" prong), and fourteenth (declaratory judgment) causes of action, and granted as to all other causes of action, with leave to amend. (Dkt. No. 146.) On August 5, 2022, CREXi filed amended counterclaims ("FACC") against CoStar. (Dkt. No. 162.) On September 16, 2022, CoStar moved to dismiss the FACC, which the Court granted, dismissing all but the ninth (trademark infringement) and thirteenth (violation of UCL under the "unlawful" prong) causes of action, with prejudice.[1] (Dkt. No. 340.) On March 23, 2023, CoStar filed an answer to the remaining counterclaims in the FACC. (Dkt. No. 367.) On March 28, 2023, CREXi moved for an entry of partial final judgment under Federal Rule of Civil Procedure 54(b) (Dkt. No. 368), which the Court granted on July 20, 2023. (Dkt. No. 461.) On July 24, 2023, CREXi filed a notice of appeal of the Court's orders dismissing CREXi's counterclaims. The appeal is currently pending before the Ninth Circuit.

On May 23, 2024, CREXi filed its instant motion for leave to file second amended counterclaims ("SACC"). (Dkt. No. 771.)

**II.    STATEMENT OF THE LAW**

Federal Rule of Civil Procedure 15(a) provides "[t]he court should freely give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a). "Requests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored*

---

[1] CoStar did not move to dismiss the ninth and thirteenth causes of action; these claims are still live in the case.

3

*Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these factors, "prejudice to the opposing party carries the most weight." *Id*. (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Additionally, "discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *White v. Am. Tobacco Co.*, 992 F.2d 1220 (9th Cir. 1993).

### III. DISCUSSION

CREXi seeks leave to file a SACC to "add factual allegations and two causes of action under California's [UCL statute], based on late-disclosed discovery that [CoStar] hacked into CREXi's computer systems and scraped at least 70 million pieces of information, then used that information to unfairly compete with CREXi." (SACC Mot. at 2.) CREXi argues that "[f]or years, CoStar denied that it ever improperly accessed or copied information from CREXi's website for its own business advantage," but that in the "very last week of the fact discovery period" in February 2024, CoStar amended one of its interrogatory responses and disclosed that in March 2020, CoStar scraped CREXi's website and "further conceded the results of this scrape may have been used for a CoStar marketing campaign." (*Id*. at 4.) CREXi argues that CoStar had "prevented CREXi from learning the truth about" the scraping and that as a result, CREXi did not learn of these actions until three days before the close of discovery on February 13, 2024. (*Id*. at 6.) The proposed new causes of actions are under (1) the "unfair" prong of the UCL on the grounds that CoStar's alleged scraping was anticompetitive and harmed CREXi's

4

business relationships, and (2) the "unlawful" prong of the UCL on the grounds that the scraping violated the Computer Fraud and Abuse Act ("CFAA") and the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). (*Id.*)

## C. Lack of Jurisdiction

CoStar argues that as a threshold matter, the Court lacks jurisdiction to grant CREXi leave to amend because the Court has already dismissed with prejudice CREXi's "unfair" UCL claim and that this claim is currently on appeal in the Ninth Circuit. (Dkt. No. 794 at 8.) CoStar argues that CREXi seeks to "amend … the factual and/or legal bases for its unfair competition counterclaim and its antitrust theories[.]" (*Id.*) CREXi argues that the Court retains jurisdiction to decide "aspects of the case not on appeal," and that the appeal only involves "CREXi's UCL counterclaims … to the extent they are 'based on allegations of antitrust violations and tortious interference committed by CoStar.'" (Dkt. No. 795 at 2.)

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) (remanding with instructions to vacate order denying leave to amend complaint that was issued during pending appeal). "Thus, district courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal." *Perfect 10, Inc. v. Google, Inc.*, 2008 WL 4217837, at *6 (C.D. Cal. July 16, 2008). In *Perfect 10*, the plaintiff's "proposed amendments s[ought] to revise the factual allegations underlying its claim of direct copyright infringement to include Blogger. The Ninth Circuit appeal addressed precisely that claim." *Id*. Because the court could not have ruled on a motion to add allegations "while the appeal was pending," the court determined that the period plaintiff waited to file its motion "should not be attributed to undue delay." *Id*.

Here, CREXi already brought claims for both unfair and unlawful competition under the UCL statute. (*See* FACC, ¶¶ 373-382.) The Court previously

dismissed the "unfair" UCL claim with prejudice and the "unlawful" UCL claim with prejudice to the extent it was predicated on alleged monopolization or tortious interference. (*See* Dkt. No. 340.) Though CREXi styles its proposed "unfair" UCL claim as a new cause of action, it previously listed all of CoStar's actions that allegedly constituted unfair competition under one cause of action (counterclaim Twelve). (*See* FACC, ¶ 375(i)-(iv).) Moreover, like the cause of action pending on appeal, CREXi's proposed new "unfair" UCL claim appears to allege that certain of CoStar's activities are anticompetitive and interfere with CREXi's "business relationships and client goodwill." (Dkt. No. 772-2 ("Redlined SACC"), ¶¶ 417-420.) This is effectively the same as adding a new theory of liability to its claim of unfair competition against CoStar. CREXi cannot circumvent the jurisdictional problems with seeking to "revise the factual allegations underlying its claim of [unfair competition]" by simply styling its new theory of unfair competition as a separate claim. *Perfect 10*, 2008 WL 4217837, at *6. Because the issue of whether CoStar's actions constituted anticompetitive and tortious conduct is directly related to the pending appeal, the Court lacks jurisdiction over CREXi's request to now add a new theory of "unfair" competition. Accordingly, CREXi's request to add an additional "unfair" UCL claim is denied.

CREXi's new "unlawful" UCL claim is predicated on alleged violations of the CFAA and CDAFA statutes. CREXi also previously listed the predicate violations for its "unlawful" claim under one cause of action. (FACC, ¶¶ 379-382.) However, the "unlawful" UCL claim pending appeal was predicated on alleged monopolization and tortious interference. (FACC, ¶ 380.) The issues on appeal do not involve whether CoStar's actions violated CFAA or CDAFA. (*See* Dkt. No. 461 at 6 (noting the dismissed counterclaims involved "antitrust and tortious interference").) Because the predicate alleged violations do not "implicate[] factual or legal issues on appeal," the Court has jurisdiction over the proposed amendments related to CREXi's new "unlawful" UCL claim. *Perfect 10*, 2008 WL 4217837, at

*6; *see also Ctr. for Food Safety v. Vilsack*, 2011 WL 672802, at *2 (N.D. Cal. Feb. 18, 2011) (noting "district courts within this circuit have recognized that pending interlocutory appeal, they retain jurisdiction over matters not related to the claims on appeal" and holding that court had jurisdiction to decide motion for leave to amend "only to the extent that the additional relief sought in the proposed amended complaint is unrelated to the issues on appeal").

### D. Undue Delay and Bad Faith

Although "undue delay is a valid reason for denying leave to amend," *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1454 (9th Cir. 1990), delay alone is not sufficient to deny a motion to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Nonetheless, delay in combination with other factors is sufficient reason for denial. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1990). When deciding whether a party unduly delayed in seeking leave to amend, a court should first evaluate the time that has passed between the original pleading and the proposed amendment. *Id.*; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991). A court should also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). As for bad faith, "courts typically find bad faith where parties seek leave to add frivolous claims in order to avoid having the case dismissed." *In re Apple iPhone Antitrust Litig.*, 2021 WL 5181862, at *6 (N.D. Cal. Nov. 8, 2021).

Here, the initial counterclaims were filed in August 2021. (Dkt. No. 82.) After the Court dismissed all but the ninth, thirteenth, and fourteenth counterclaims with leave to amend the dismissed claims (Dkt. No. 146), CREXi filed its FACC in August 2022. (Dkt. No. 162.) Almost two years have passed between the FACC and CREXi's motion to amend its counterclaims. However, the delay appears to be due to CoStar's refusal to produce relevant discovery until this year. (*See* Dkt. No.

772-3 at 4 (CoStar's Supplemental Response to Interrogatory No. 2).)[2] Given that CREXi has a "reasonable explanation for the delay," *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 621 (C.D. Cal. 2003), and that there is a valid factual basis for CREXi's proposed amendments, it does not appear that there was undue delay or bad faith. *See U.S. Equal Emp. Opportunity Comm'n v. Fresh Venture Foods, LLC*, 2023 WL 6890765, at *1 (C.D. Cal. Apr. 27, 2023) (granting motion to file amended complaint five years after filing of action where "recent discovery … revealed" relationship of companies that plaintiff sought to add as co-defendants).

**E.  Prejudice**

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). In *Lockheed*, the plaintiff "sought to add complaints regarding new domain-name registrants which would [have] require[d defendant] to conduct discovery on each new registrant," as well as "whether the domain-name registrants were diluting Lockheed's service mark." *Id*. The Ninth Circuit affirmed the district court's denial of Lockheed's motion for leave to amend. *Id*. Where the "proposed amendment would [] change[] substantially the theory of the case" and call for "discovery of different damages from those that would be due" in the existing action, the additional discovery required could prejudice the other party. *Ennis v. Sigurdson*, 185 F.3d 866 (9th Cir. 1999).

Here, discovery closed in February 2024. Summary judgment briefing is currently scheduled to begin in August, and trial is scheduled for March 2025.

---

[2] CoStar's supplemental interrogatory response informed CREXi that it scraped CREXi's website, that the information "may have been used by the marketing team for [a] LoopNet campaign," and that a "small number of researchers … accessed information from CREXi on occasion." (*Id*.)

8

CREXi's amendments add a new theory of liability based on new facts regarding CoStar's scraping of CREXi's websites. The proposed "unlawful" claim for violation of CFAA and CDAFA also appears to be based on separate events from the events on which the current counterclaims are based. Because the amendments establish a new theory of CREXi's case, granting the motion will likely require re-opening discovery to allow the parties to conduct full discovery on the new issue of *CoStar's* alleged scraping.[3] Allowing CREXi's amendments *without* re-opening discovery would prejudice CoStar because CoStar would not be able to conduct adequate discovery to mount defenses to the new claims. Thus, the prejudice factor (which carries the most weight) favors denying leave to amend. *See M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming court's denial of leave to amend where "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery").

**F.     Futility**

As discussed above, the Court does not currently have jurisdiction over CREXi's proposed new "unfair" UCL claim. As to the new "unlawful" UCL claim, "[w]hile courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Saes Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). In any case, because the proposed SACC alleges that CoStar's conduct was intentional and without authorization from CREXi, the amendments do not indicate futility.

On balance, while there does not appear to be undue delay, bad faith, or futility, granting leave to amend now would likely result in prejudice (and further

---

[3] CoStar would also likely file a motion to dismiss the new claims, resulting in the Court having to extend the case schedule yet again.

9

delay a litigation that has already been pending for four years). Further, nothing prevents CREXi from bringing a separate suit to pursue the newly-discovered alleged violations of CFAA, CDAFA, and the UCL. Because prejudice carries the most weight and because the proposed amendments are at least in part intertwined with claims currently on appeal (which the Court lacks jurisdiction over), CREXi's request to add an additional "unlawful" UCL claim is denied.

## IV. CONCLUSION

Accordingly, the Court **DENIES** CREXi's Motion for Leave to File Second Amended Counterclaims.

**IT IS SO ORDERED.**

DATED: AUGUST 16, 2024

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE