1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION INC., <br><br> Plaintiff, <br> v. <br><br> COMMERICAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. | Case No.: 2:20-cv-08819 CBM (ASx) <br><br> **ORDER RE: COSTAR'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [776]** |

1

The matter before the Court is Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar")'s Motion for Leave to File a Third Amended Complaint ("TAC Mot."). (Dkt. No. 776.)

## I. BACKGROUND

### A. Factual Background

CoStar is a provider of commercial real estate information, analytics, and online property marketplace. (Second Amended Complaint ("SAC"), ¶ 13.) CoStar also owns a number of digital marketplaces containing listings of real estate for sale and for lease. (*Id*.) CoStar's LoopNet.com website ("LoopNet") is "the leading digital marketplace for commercial real estate in the United States." (*Id*.) Listings on LoopNet contain "CoStar's copyrighted images, data from the CoStar database, and edits made by CoStar to improve marketability." (*Id*.) Buyers, sellers, lessors, lessees, owners, and brokers access and use LoopNet to buy, sell, lease, rent, or browse commercial real estate. (*Id*.) CREXi is "attempting to build its own online commercial real estate marketplace and auction platform." (*Id*. ¶ 3.) CoStar alleges CREXi "harvests content, including broker directories, from CoStar's subscription database without authorization by using passwords issued to other companies." (*Id*.) CoStar alleges that CREXi steals copyrighted photographs from CoStar and its licensees, then publishes them on CREXi's competing website and in its subscription product. (*Id*., ¶¶ 197-208.)

CREXi, in turn, alleges that the images at issue in CoStar's complaint are actually not owned by CoStar and are instead owned by the brokers who use CoStar's product, LoopLink (which syncs data with LoopNet). (FACC, ¶¶ 4, 7-8.) CREXi brings counterclaims against CoStar and alleges that CoStar's practice of "unilaterally modifying "brokers' listings and photographs to manufacture false claims of ownership" and then "threatening legal actions against brokers and industry participants based on bogus copyright assertions" amount to anticompetitive conduct. (*Id*., ¶ 70.) CREXi also alleges that CoStar's subsidiary,

Ten-X, "intentionally misappropriated CREXi's trademarked name to advertise and market Ten-X's own products and services in the relevant markets." (*Id.*, ¶ 118.)

**B.    Relevant Procedural History**

CoStar filed this lawsuit on September 25, 2020. (Dkt. 1.) On December 14, 2020, Plaintiffs filed a First Amended Complaint. (Dkt. No. 33.) CREXi subsequently filed a motion to dismiss the First Amended Complaint (Dkt. No. 55), which the Court granted in part as to the second and third causes of action and denied as to the fourth through seventh causes of action. (Dkt. No. 71.) On December 19, 2022, CoStar moved for leave to file a second amended complaint. (Dkt. Nos. 289.) On February 14, 2023, the Court granted CoStar's motion, and that same day, CoStar filed its SAC. (Dkt. Nos. 333, 337.) The SAC alleges seven causes of action: 1) copyright infringement, 2) violation of the Digital Millennium Copyright Act ("DMCA") for removal of copyright management information (17 U.S.C. §§ 1202(b)(1)), violation of the Digital Millennium Copyright Act ("DMCA") for distribution of works with removed or altered copyright management information (17 U.S.C. §§ 1202(b)(3)), 4) Common Law Misappropriation, 5) California Unfair Competition, 6) California False Advertising Law and 7) Breach of Contract. On March 14, 2023, CREXi moved to dismiss the SAC (Dkt. No. 363), which the Court denied on June 2, 2023. (Dkt. No. 406.) On June 16, 2023, CREXi filed an answer to the SAC.

On May 23, 2024, CoStar filed its instant motion for leave to file a third amended complaint ("TAC"). (Dkt. No. 776.)

## II.    STATEMENT OF THE LAW

Federal Rule of Civil Procedure 15(a) provides "[t]he court should freely give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a). "Requests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009); *Owens v. Kaiser Found. Health Plan, Inc.*,

3

244 F.3d 708, 712 (9th Cir. 2001)). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these factors, "prejudice to the opposing party carries the most weight." *Id*. (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Additionally, "discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *White v. Am. Tobacco Co.*, 992 F.2d 1220 (9th Cir. 1993).

### III.  DISCUSSION

CoStar seeks leave to file a third amended complaint to (1) remove its claims for common law misappropriation, violation of California's UCL statute, violation of California's False Advertising Law, and breach of contract (Counts Four through Seven); (2) remove certain images from its infringement and DMCA claim and add other, new images to those claims that allegedly constitute additional instances of infringement; and (3) remove references to the contributory lawsuits in India against business process organizations associated with CREXi (which "revealed additional information about the nature and extent of CREXi's wrongdoing" in the SAC) and "substitute record evidence developed in this case that demonstrates CREXi's wrongdoing, including through its use of agents in India." (TAC Mot. at 13–17.)

CREXi states that it "does not oppose CoStar's amendment to the extent it withdraws claims, images and factual allegations," but that it does oppose CoStar's adding new factual allegations, including 1,499 additional images to its infringement and DMCA claims and the new factual allegations about CREXi's wrongdoing, including through its use of agents in India. (Dkt. No. 796 at 5–6.)

The Court notes that CoStar does not need to file a Third Amended Complaint to remove certain causes of action—the parties could drop these claims by

stipulation or by requesting the Court do so in the pre-trial conference order. But since the parties do not dispute that CoStar should be allowed to drop the fourth through seventh causes of action, the Court hereby grants CoStar's motion as to those proposed amendments. The remainder of this Order focuses on CoStar's proposed addition of 1,499 images and new factual allegations about CREXi's wrongdoing.

C. **Undue Delay and Bad Faith**

Although "undue delay is a valid reason for denying leave to amend," *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1454 (9th Cir. 1990), delay alone is not sufficient to deny a motion to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Nonetheless, delay in combination with other factors is sufficient reason for denial. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1990). When deciding whether a party unduly delayed in seeking leave to amend, a court should first evaluate the time that has passed between the original pleading and the proposed amendment. *Id.*; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991). A court should also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). As for bad faith, "courts typically find bad faith where parties seek leave to add frivolous claims in order to avoid having the case dismissed." *In re Apple iPhone Antitrust Litig.*, 2021 WL 5181862, at *6 (N.D. Cal. Nov. 8, 2021).

CoStar appears to have known for months that it had additional infringement claims and planned to move to amend the complaint, but waited eight months to do so, after fact discovery already closed. It did not need to file "piecemeal amendments" in order to add the 1,499 photos at issue earlier, since it seems CoStar knew of the potential infringement for all these photos by at least September 2023. However, CoStar's transparency with CREXi that it always intended to amend the

complaint to conform to evidence learned in discovery indicate that the delay was not in bad faith. Thus, while the Court finds undue delay, the Court also finds the delay was not in bad faith.

**D.     Prejudice**

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). In *Lockheed*, the plaintiff "sought to add complaints regarding new domain-name registrants which would [have] require[d defendant] to conduct discovery on each new registrant," as well as "whether the domain-name registrants were diluting Lockheed's service mark." *Id*. The Ninth Circuit affirmed the district court's denial of Lockheed's motion for leave to amend. *Id*. Where the "proposed amendment would [] change[] substantially the theory of the case" and call for "discovery of different damages from those that would be due" in the existing action, the additional discovery required could prejudice the other party. *Ennis v. Sigurdson*, 185 F.3d 866 (9th Cir. 1999).

Here, discovery closed in February 2024. Summary judgment briefing is currently scheduled to begin in August, and trial is scheduled for March 2025. The amendments CoStar seeks to substitute in place of allegations about the India lawsuits largely focus on alleging that CREXi had a corporate policy to copy and screenshot listings on LoopNet (CoStar's listings website) and crop out CoStar's watermarks from those screenshots. (*See* Dkt. No. 776-4 ("Redlined TAC").) The Court again notes that CoStar could accomplish what it seeks through the pre-trial conference order rather than amending the operative complaint. Nevertheless, these proposed amendments do not appear to bring new causes of action or establish any new theories of CoStar's case. CREXi does not argue that the amendments would require reopening discovery in this case. Accordingly, the Court does not find that amendment would prejudice CREXi.

**E. Futility**

CREXi argues that amendment is futile as to 107 of the images because CoStar is time-barred from bringing claims based on those 107 images. (Dkt. No. 796 at 11–12.) CoStar argues that because the discovery rule applies to its infringement claims under Ninth Circuit case law, these claims are not time-barred—CoStar did not learn of the infringement until around September 2023. (Dkt. No. 797 at 10.) CoStar's argument is unconvincing, however, because its own evidence (attached as Exhibit A to the proposed TAC) sets forth that the "Found on CREXi" date for the 107 images "represents the earliest date that CoStar—via a third party vendor, TinEye—associates with the image visible via the CREXi URL." (Dkt. No. 797 at 9–10.) The earliest date CoStar associated an image as "visible via the CREXi URL" would logically be the earliest date CoStar was aware the image was visible on CREXi, thereby giving CoStar notice of the alleged infringement.

CoStar argues that its claims relate back to the filing of its initial complaint because the initial complaint "provided adequate notice of CREXi's "mass infringement scheme," and the 107 images are part of that scheme.[1] CoStar does not identify any case law to support its contention that notice of a mass infringement scheme is sufficient to relate back claims involving the infringement of different photos. Existing case law suggests that relation-back does not apply here. *See Michael Grecco Prods., Inc. v. BDG Media, Inc.*, 834 F. App'x 353, 354 (9th Cir. 2021) (affirming district court's dismissal of claim based on a *different* photo than claims filed earlier, noting that the claim did not relate back to the initial complaint "because it rests on a separate act of infringement involving a different photograph from the one that formed the basis for the original complaint").

---

[1] CREXi does not argue that amendment is futile as to the other 1,392 images CoStar seeks to add or as to the allegations CoStar seeks to substitute in place of its current allegations regarding the India lawsuits.

Because Exhibit A to the proposed TAC reflects that CoStar's claims based on the 107 images would be time-barred, amendments to add those 107 images would be futile. As for adding the remaining 1,392 images and the new factual allegations regarding CREXi's wrongdoing, the Court finds that amendment would not be futile.

On balance, the *Foman* factors weigh in favor of granting CoStar's Motion on all but the 107 time-barred images.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** CoStar's Motion on all but the 107 images identified above as being time-barred. Any Third Amended Complaint shall be filed no later than **August 22, 2024**.

**IT IS SO ORDERED.**

DATED:  AUGUST 16, 2024

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE