KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS #158708
epeters@keker.com
WARREN A. BRAUNIG #243884
wbraunig@keker.com
NICHOLAS S. GOLDBERG #273614
ngoldberg@keker.com
KATIE LYNN JOYCE #308263
kjoyce@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant and Counterclaimant
COMMERCIAL REAL ESTATE EXCHANGE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br><br>Defendant. | Case No. 2:20-CV-08819 CBM (ASx)<br><br>**DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S ANSWER TO PLAINTIFFS COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC.'S THIRD AMENDED COMPLAINT**<br><br>Ctrm:          8D, 8th Floor<br>Judge:         Hon. Consuelo B. Marshall |
| COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC.,<br><br>Counterdefendants. | Date Filed:          September 25, 2020<br>Pre-Trial Conf.:    February 11, 2025<br>Trial Date:           March 11, 2025 |

# ANSWER

Defendant Commercial Real Estate Exchange, Inc. ("CREXi") answers Plaintiffs CoStar Group, Inc.'s and CoStar Reality Information, Inc.'s (collectively "CoStar") Third Amended Complaint ("TAC") according to its numbered paragraphs as follows below.

CREXi is an innovative commercial real estate marketplace and technology platform. CoStar is a $35 billion industry behemoth that has made a habit of abusing the court system to compensate for its product shortcomings and guard its market power. Rather than compete in a fair and open market, CoStar pursues aggressive litigation and public-relations warfare against its rivals to suppress innovation and bully competitors that are succeeding where CoStar has failed. This litigation is not about protecting CoStar's generic images of commercial real estate. Instead, it is just another attempt by CoStar to debilitate a more innovative company that is disrupting CoStar's longstanding dominant position with better products and services. CREXi responds herein to CoStar's baseless complaint.

# PRELIMINARY STATEMENT

1.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar's state of mind, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 1.

2.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. CREXi admits that CoStar sued Xceligent, and that, after CoStar drove Xceligent into bankruptcy, CoStar obtained a judgment against Xceligent. CREXi further admits that CoStar has accused more than 50,000 images in this case. The remainder of Paragraph 2 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 2.

3.    Paragraph 3 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies

1

1   the allegations of Paragraph 3.

2         4.     CREXi admits that it operates an online commercial real estate

3   marketplace and auction platform. CREXi admits that Mr. Randel is employed at

4   CREXi as the Chief Operating Officer, and that a Realtors Property Resource blog

5   post titled "How to Get More Eyes on Your Listings With Eli Randel" attributes the

6   following quote to Mr. Randel: "Tip number three, I'm going to jump to right now,

7   is images matter. I learned this while at CBRE. Really good property photos, virtual

8   tours, drone videos, all of those help further engage buyers to your property."

9   CREXi denies that CoStar is using the quote set forth in Paragraph 4 in context or

10  that the implication is the one that CoStar intends to draw from it. The remainder of

11  Paragraph 4 sets forth rhetorical arguments and legal conclusions, to which no

12  response is required. To the extent a response is required, CREXi denies the

13  allegations of Paragraph 4.

14        5.     CREXi admits that Mike DeGiorgio is CREXi's Chief Executive

15  Officer. To the extent Paragraph 5 refers to a document, no response is required as

16  the documents speak for themselves. The remainder of Paragraph 5 sets forth

17  rhetorical arguments and legal conclusions, to which no response is required. To the

18  extent a response is required, CREXi denies the allegations of Paragraph 5.

19        6.     Paragraph 6 sets forth rhetorical arguments and legal conclusions, to

20  which no response is required. To the extent Paragraph 6 refers to a document, no

21  response is required as the documents speak for themselves. To the extent a

22  response is required, CREXi denies the allegations of Paragraph 6.

23        7.     CREXi denies the allegations of Paragraph 7 to the extent they relate

24  in any way to CREXi or CREXi's alleged conduct. CREXi further denies that

25  BiProxi "issued a press release" as alleged. To the extent Paragraph 7 contains

26  additional allegations specifically concerning third parties, including BiProxi or

27  Gordon Smith, CREXi lacks sufficient information to admit or deny such

28  allegations concerning third parties, and on that basis denies them. The remainder

of Paragraph 7 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 7.

8.      CREXi admits that Paul Cohen, Doug Shankman, and Eli Randel are CREXi employees. CREXi admits that it has engaged third-party vendors. CREXi denies that these vendors are CREXi's "agents." CREXi lacks sufficient information to admit or deny the allegations relating to the use of proxy servers and fake accounts, and on that basis denies them. The remainder of Paragraph 8 consists of rhetorical argument to which no response is required. To the extent Paragraph 8 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 8.

9.      Paragraph 9 consists of rhetorical argument to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 9.

10.     Paragraph 10 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 10.

11.     CREXi admits that Christian Vien is a former employee of CREXi. The remainder of Paragraph 11 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 11 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 11.

12.     CREXi admits that Austin Maddox is a CREXi employee. The remainder of Paragraph 12 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 12 refers to a document, no response is required as the document speaks for itself. CREXi denies the remaining allegations of Paragraph 12.

13.     CREXi admits that Steven Son is a CREXi employee. The remainder of Paragraph 13 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 13 refers to a document, no response is required as the document speaks for itself. CREXi denies the remaining allegations of Paragraph 13.

14.     Paragraph 14 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 14 refers to a recording, no response is required as the recording speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 14.

15.     CREXi admits that a CREXi employee sent an email that includes the quoted language. The remainder of Paragraph 15 consists of rhetorical argument, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 15.

16.     Paragraph 16 consists of rhetorical argument, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 16.

17.     CREXi admits that Nick DeGiorgio is a CREXi employee and Mike DeGiorgio's cousin. The remainder of Paragraph 17 consists of rhetorical argument, to which no response is required. To the extent Paragraph 17 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the remaining allegations of Paragraph 17.

18.     Paragraph 18 consists of rhetorical argument, to which no response is required. If a response is required, CREXi denies the allegations of Paragraph 18.

19.     Paragraph 19 consists of rhetorical argument, to which no response is required. To the extent Paragraph 19 refers to testimony, no response is required as the testimony speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 19.

20.     CREXi denies the allegation in the first sentence of Paragraph 20.

2803435

CREXi admits that James Burton, Lawson Dees, and Nick DeGiorgio are employees of CREXi. The remainder of Paragraph 20 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 20 refers to documents, no response is required as the documents speak for themselves. If a response is required, CREXi denies the allegations of Paragraph 20.

21.    CREXi denies that it hired a "copyright vendor." CREXi admits that it engaged a third-party vendor to automatically scan photographs that contain a CoStar logo, and that it removed such photos. CREXi denies that the purpose of this process was or is related to copyright ownership. CREXi lacks information sufficient to admit or deny the remaining allegations concerning vendors, and on that basis denies them. The remainder of Paragraph 21 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 21.

22.    Paragraph 22 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 22.

23.    Paragraph 23 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 23.

24.    CREXi admits that it served discovery responses in this case. The remainder of Paragraph 24 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 24.

25.    Paragraph 25 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 25 refers to deposition testimony, no response is required as the testimony speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 25.

26.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar's knowledge, and on that basis denies them. The remainder of Paragraph 26 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 26.

27.    CREXi admits that Courtney Ettus is an employee of CREXi. The remainder of Paragraph 27 consists of rhetorical argument, to which no response is required. To the extent Paragraph 27 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 27.

28.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. The remainder of Paragraph 28 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 28.

29.    CREXi admits that CoStar controls substantial shares in the internet commercial real estate listings, information, and auction services markets. CREXi further admits that CoStar offers a password-protected database subscription service and digital marketplaces containing real estate listings. CREXi lacks sufficient information to admit or deny the remaining allegations of Paragraph 29, and on that basis denies them.

30.    CREXi admits that it operates an online commercial real estate marketplace and auction platform. CREXi admits that it engages vendors to create and update commercial real estate listings for the CREXi platform, using information and images provided to CREXi by commercial real estate brokers, owners, and other customers of CREXi that certify their right to use the photographs and information provided. CREXi denies the allegation that such vendors are CREXi's "agents." The remainder of Paragraph 30 consists of

2803435

rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 30.

31.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. The remainder of Paragraph 31 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 31.

32.    CREXi admits that it was founded in 2015, and that it has raised approximately $60 million to date, including a $4.3 million Seed funding announced in February 2016, an $11 million Series A funding announced in May 2018, and a $30 million Series A-1 funding announced in January 2020. CREXi admits that its investors include Jackson Square Ventures, Freestyle Capital, Lerer Hippeau Ventures, Leon Capital Group LLC, Industry Ventures, TenOneTen Ventures, Clark Landry, Manifest Investment Partners, Hack VC, Beta Bridge Capital, Prudence Holdings, Mitsubishi Estate Company, Wonder Ventures, and KohFounders, and that TenOneTen has invested at least $8.7 million in CREXi. The remainder of Paragraph 32 consists of rhetorical argument, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 32.

33.    CREXi admits that James Burton is a CREXi employee. The remainder of Paragraph 33 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 33.

34.    CREXi admits that its employees, including Mr. Rosenfeld and Mr. Cohen, have made presentations regarding the company's product offerings. The remainder of Paragraph 34 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies

the remaining allegations of Paragraph 34.

35.    Paragraph 35 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 35 refers to documents and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 35.

36.    CREXi admits that it has engaged a third-party vendor, Restb.ai, starting in February 2019. CREXi admits that it understands that Restb uses artificial intelligence to automatically scan photographs that contain the logo of a third party, and that it has removed such photos. CREXi denies that the purpose of the Restb review of logos is to flag copyright ownership. CREXi lacks information sufficient to admit or deny the remaining allegations concerning Restb, and on that basis denies them. The remainder of Paragraph 36 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 36.

37.    CREXi admits that it engaged a third-party vendor, Restb.ai, in February 2019. CREXi denies that it hired a "copyright vendor." The remainder of Paragraph 37 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 37.

38.    Paragraph 38 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 38.

39.    Paragraph 39 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 39.

40.    Paragraph 40 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 40 refers to a document, no

response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 40.

41.    CREXi admits that brokers may direct the upload of their listings to CREXi. The remainder of Paragraph 41 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 41 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 41.

42.    CREXi admits that brokers may upload their own listings to CREXi. The remainder of Paragraph 42 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 42 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 42.

43.    Paragraph 43 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 43 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 43.

44.    Paragraph 44 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 44 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 44.

45.    CREXi admits that CoStar has filed several lawsuits against competitors and customers as part of its anticompetitive scheme to further its monopoly position. CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar, Xceligent, and other unidentified rivals of CoStar's, and on that basis denies them. The remainder of Paragraph 45 consists of rhetorical argument and legal conclusions, to which no response is required. To the

extent a response is required, CREXi denies the remaining allegations of Paragraph 45.

46.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and Xceligent, and on that basis denies them. The remainder of Paragraph 46 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 46.

47.    CREXi lacks sufficient information to admit or deny allegations related to CoStar, Xceligent, or other third parties or that are based on or related to CoStar's lawsuits in India, and on that basis denies them. To the extent Paragraph 47 refers to a document, no response is required as the document speaks for itself. The remainder of Paragraph 47 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 47.

48.    CREXi admits that Mr. DeGiorgio is the CEO of CREXi and that Mr. DeGiorgio and Mr. Morris are co-founders of CREXi. CREXi further admits that, in 2016, Ten-X filed suit against Mr. DeGiorgio and CREXi, and a preliminary injunction was entered against CREXi; the parties eventually resolved that dispute. CREXi further admits a Ten-X press release attributed the following quote to Mr. DeGiorgio: "We apologize to Ten-X for the actions which led to this lawsuit. I regret my conduct at the time I departed Ten-X and believe that the settlement is a fair resolution." CREXi denies that CoStar is using the quote set forth in Paragraph 48 in context or that the implication is the one that CoStar intends to draw from it. The remainder of Paragraph 48 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 48.

49.    Paragraph 49 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 49 refers to a document, no

2803435

response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 49.

50.     Paragraph 50 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 50 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 50.

51.     Paragraph 51 consists of a demand for relief, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 51.

## **BACKGROUND**

52.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations of Paragraph 52.

53.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations of Paragraph 53.

54.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations of Paragraph 54.

55.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations of Paragraph 55.

56.     CREXi admits that brokers and property owners provide photographs for their listings. CREXi's terms of service require users to represent and warrant that they have all rights with respect to content submitted, including photographs. The remainder of Paragraph 56 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 56.

57.     CREXi admits that it was founded in 2015 by Mr. DeGiorgio, Mr. Morris, Mr. Benz, and Mr. Widhelm, and that Mr. DeGiorgio, Mr. Morris, and Mr. Benz previously worked for Auction.com. CREXi further admits that its website allows users to view commercial real estate listings across the country, and that it

runs an online auction marketplace. CREXi also admits that it has described itself as "revolutionizing the way commercial real estate professionals transact by accelerating deal velocity and democratizing access to both properties and industry data. In 2015, CREXi embarked on a journey to transform the CRE industry: to create a single-source hub for stakeholders to market, analyze, and trade commercial property." CREXi further admits that it runs an online auction marketplace, and that its marketing materials correctly note that CREXi has closed more than $100 billion in deals via auction. CREXi denies any remaining allegations of Paragraph 57.

58.    CREXi admits that it offers a number subscription options to its users, including "Pro" and "Intelligence." CREXi admits that users can upgrade from free listings to the "Pro" service, which provides a suite of services to CREXi users. CREXi admits that the Intelligence product provides comparable property transactions information ("comps"), detailed market reports, and a data center. CREXi admits that Intelligence includes 13 million sales comps. CREXi denies any remaining allegations of Paragraph 58, including because they are vague and ambiguous.

59.    CREXi admits that it has engaged third-party vendors, who have assisted in building commercial real estate listings and uploading property images to CREXi.com. CREXi denies that these vendors are CREXi's "agents." CREXi lacks sufficient information to admit or deny the allegations relating to the use of proxy servers and virtual private networks, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 59.

60.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar's websites and data, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 60.

61.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 61, including because Paragraph 61 does not identify the address of the

property depicted in that paragraph or the person who supposedly viewed the property, and on that basis CREXi denies the allegations.

62.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 62, including because Paragraph 62 does not identify the address of the property depicted in that paragraph or the person who supposedly viewed the property, and on that basis CREXi denies the allegations.

63.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unspecified "brokers," and on that basis denies them. The remainder of Paragraph 63 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 63.

64.    CREXi admits that, prior to the filing of this lawsuit and CoStar's claiming that its logo constitutes copyright management information, CREXi sometimes asked its vendors to remove or crop out CoStar's logo, as part of an effort to ensure that there was no third-party branding on CREXi's platform. CREXi was not aware that CoStar's logo signified anything relating to copyright. Indeed, discovery has now made clear that CoStar's own employees, including CoStar leadership, did not understand CoStar's logo as signifying anything related to copyright ownership, until CoStar adopted a new position, inconsistent with its own practices, specifically for the purposes of the present litigation. CoStar has repeatedly applied its logo to images owned by third parties, including real estate brokers, owners, and third-party photographers. CoStar's terms of service and sworn discovery responses in prior litigation further state that CoStar's logo is not used as a sign of copyright ownership, but purely as branding. CREXi lacks information sufficient to admit or deny whether these photographs are ones for which a CREXi vendor removed or cropped CoStar's logo. The remainder of Paragraph 64 consists of rhetorical argument, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of

2803435

Paragraph 64.

65.    CREXi admits that it has sometimes added a CREXi logo to images displayed on its platform, to signify CREXi's branding. The remainder of Paragraph 65 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 65.

66.    CREXi admits that the images included in this paragraph include a CREXi logo and all or a portion of a CoStar logo. CREXi lacks sufficient information to admit or deny the allegations that these images were "taken from CREXi's website," and on that basis denies them. The remainder of Paragraph 66 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 66.

67.    Paragraph 67 sets forth legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 67.

## JURISDICTION AND VENUE

68.    CREXi admits that this action arises under the cited statutes and that these statutes confer federal question jurisdiction. CREXi denies that CoStar has standing to pursue its claims, to the extent CoStar does not own and/or has not registered the copyrights asserted in this case.

69.    Admitted.

70.    CREXi admits that venue is proper in the Central District of California. CREXi denies any remaining allegations of Paragraph 70.

## THE PARTIES

71.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations of Paragraph 71.

72.    CREXi lacks sufficient information to admit or deny the allegations

related to CoStar, and on that basis denies the allegations of Paragraph 72.

73.    Admitted.

## **RELEVANT NONPARTIES**

74.    CREXi admits that 247 Web Support is a vendor that previously provided services to CREXi from January 2017 through September 2019 and provided services for CREXi again from December 2020 until early 2023. CREXi admits that 247 Web Support created and updated commercial real estate listings for the CREXi platform, using information and images provided to CREXi by commercial real estate brokers, owners, and other users CREXi, at the users' direction. CREXi admits that Yansh Technologies is a vendor that previously provided services to CREXi September 2019 through December 2020. CREXi admits that Yansh Technologies, for a period of time, created and updated commercial real estate listings for the CREXi platform using information and images provided to CREXi by commercial real estate brokers, owners, and other users of CREXi, and made broker-provided information accessible on CREXi, at the users' direction. CREXi otherwise lacks sufficient information to admit or deny allegations related to 247 Web Support or Yansh Technologies, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 74.

75.    CREXi admits that M/s Arcgate is a former vendor that provided services to CREXi from October 2017 through August 2021. CREXi admits that M/s Arcgate identified potential CRE brokers who might be interested in listing CRE properties on CREXi's platform. CREXi otherwise lacks sufficient information to admit or deny allegations related to M/s Arcgate, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 75.

76.    CREXi admits that Neptune is a vendor that provided services to CREXi from 2017 through fall 2020 and from November 2021 to July 2022. CREXi admits that Neptune reviewed the websites of certain CREXi brokers who requested CREXi to do so for purposes of creating or updating CREXi listings and

15

assisted with the creation of broker profiles for commercial real estate brokers wanting to list properties on CREXi who were not already registered users. CREXi otherwise lacks sufficient information to admit or deny allegations related to Neptune, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 76.

77.     CREXi admits that it has at times retained individuals and entities to provide services, as vendors, including some of the persons and entities listed in Paragraph 77. CREXi denies the remaining allegations of Paragraph 77.

## FACTUAL ALLEGATIONS

78.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations in Paragraph 78.

79.     CREXi admits, on information, that CoStar offers a product that provides access to an internet database containing commercial real estate information. CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar's services, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 79.

80.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and on that basis denies the allegations in Paragraph 80.

81.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies the allegations in Paragraph 81.

82.     CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and on that basis denies the allegations in Paragraph 82.

83.     CREXi admits, on information, that LoopNet is an online (digital) platform that includes real estate listings. CREXi lacks sufficient information to admit or deny the remaining allegations related to CoStar, and on that basis denies the allegations in Paragraph 83.

84.     CREXi lacks sufficient information to admit or deny the allegations of

1    Paragraph 84, and on that basis denies them.

2    85.    CREXi admits that CoStar has competitors for some of its businesses.

3    CREXi denies that CoStar has "fought to outwork and outperform the competition

4    through constant innovation and reinvestment over three decades." Rather, CoStar

5    has achieved its monopoly power through a series of acquisitions and

6    anticompetitive practices that have entrenched its monopoly power and driven

7    competitors out of the industry. CREXi lacks sufficient information to admit or

8    deny the remaining allegations of Paragraph 85, and on that basis denies them.

9    86.    Paragraph 86 sets forth rhetorical arguments and legal conclusions, to

10   which no response is required. To the extent a response is required, CREXi denies

11   the allegations of Paragraph 86.

12   87.    Admitted that CoStar has a practice of placing a small, semi-

13   transparent pinwheel logo in the bottom right-hand corner of many of the images on

14   its platform. CREXi specifically denies any allegations to the effect that CoStar has

15   a supposed copyright in the images on its platform, to the effect that CoStar

16   supposedly registered a copyright in the images on its platform, or to the effect that

17   CoStar supposedly "protects" any such copyright, including through licensing

18   restrictions. Discovery has made clear that CoStar's own employees, including

19   CoStar leadership, have never understood CoStar's pinwheel logo as signifying

20   anything related to copyright ownership. Instead, CoStar adopted its current

21   position specifically for the purposes of the present litigation. CoStar has repeatedly

22   applied its logo to images owned by third parties, including real estate brokers,

23   owners, and third-party photographers. CoStar's terms of service and sworn

24   discovery responses in prior litigation further state that CoStar's logo is not used as

25   a sign of copyright ownership, but purely as branding. CoStar also has no reliable

26   means of registering or tracking ownership of the images on its platform, and has

27   repeatedly claimed ownership of images it does not own, including by its own

28   admission. CREXi lacks sufficient information to admit or deny any remaining

17

2803435

allegations of Paragraph 87, and on that basis denies them.

88. CREXi lacks sufficient information to admit or deny the allegations of Paragraph 88, and on that basis denies them.

89. CREXi lacks sufficient information to admit or deny the allegations of Paragraph 89, and on that basis denies them.

90. CREXi admits that CoStar sometimes marks images with a pinwheel logo that also looks like the familiar recycling symbol. Otherwise, CREXi lacks sufficient information to admit or deny the allegations of Paragraph 90, and on that basis denies them.

91. CREXi denies that the CoStar pinwheel logo is widely recognized in the industry, and further denies that the presence of the CoStar pinwheel logo identifies CoStar as the owner of anything. In fact, expert surveys confirm just the opposite. CREXi lacks sufficient information to admit or deny any remaining allegations of Paragraph 91, and on that basis denies them.

92. CREXi lacks sufficient information to admit or deny the allegations related to CoStar, Xceligent, and unidentified third parties, and on that basis denies them. The remainder of Paragraph 92 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 92.

93. CREXi admits that it engaged a third-party vendor, Restb.ai, starting in February 2019. CREXi admits that it understands that Restb uses artificial intelligence to automatically scan photographs that contain a CoStar logo, and that it removed such photos. CREXi denies that the purpose of the Restb review of logos was or is to flag copyright ownership. CREXi lacks sufficient information to admit or deny the allegations related to Restb's statements and conduct. CREXi otherwise denies the allegations in Paragraph 93.

94. CREXi specifically denies that CoStar's logo is recognized in the industry or that CoStar's logo is associated in any way with copyright ownership.

18

CREXi otherwise lacks sufficient information to admit or deny the allegations related to unidentified third parties or Restb's relationship to those third parties, and on that basis CREXi denies any remaining allegations in Paragraph 94.

95.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified "users," and on that basis denies them. Paragraph 95 sets forth legal conclusions, to which no response is required. To the extent a further response is required, CREXi denies the remaining allegations in Paragraph 95.

96.    CREXi admits that CoStar may not restrict brokerages or individual brokers from providing their own photographs and information to third parties, including CREXi. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and on that basis denies them. Paragraph 96 sets forth legal conclusions, to which no response is required. To the extent a further response is required, CREXi denies any remaining allegations in Paragraph 96.

97.    CREXi admits that CoStar may not restrict brokerages or individual brokers from providing their own photographs and information to third parties, including CREXi. CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third parties, and on that basis denies them. Paragraph 97 sets forth legal conclusions, to which no response is required. To the extent a further response is required, CREXi denies any remaining allegations in Paragraph 97.

98.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. Paragraph 98 sets forth legal conclusions, to which no response is required. To the extent a further response is required, CREXi denies the remaining allegations in Paragraph 98.

99.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 99, and on that basis denies them.

100.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 100, and on that basis denies them.

101.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. The remainder of Paragraph 101 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 101.

102.    Paragraph 102 consists of rhetorical argument, to which no response is required. To the extent Paragraph 102 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 102.

103.    Paragraph 103 consists of rhetorical argument, to which no response is required. To the extent Paragraph 103 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 103.

104.    CREXi lacks sufficient information to admit or deny the allegations concerning the state of mind of third party BiProxi, and on that basis denies them. Paragraph 104 otherwise consists of rhetorical argument, to which no response is required. To the extent Paragraph 104 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 104.

105.    CREXi admits that a May 15, 2020 event attributes the following quote to Mr. Cohen: "We by far have more listings than the competitors out there, the other sites you might be using. So go and check that. We have more listings in most markets across the USA." CREXi further admits that a June 19, 2020 event attributes the following quotes to Mr. Cohen: CREXi is the "place where all the listings are" and "We have all the listings for the market—they're already in there." CREXi denies that CoStar is using the quotes set forth in Paragraph 105 in context

or that the implications are the ones that CoStar intends to draw from them. CREXi further admits that having a large supply of listings is a factor in attracting buyers, sellers and brokers to a listings platform. CREXi denies the remaining allegations of Paragraph 105.

106.   CREXi admits that Mr. Randel serves as its Chief Operating Officer and was previously employed at Cohen Financial as Director, Capital Markets. CREXi further admits that a September 8, 2020 Everything Marketplaces Group Chat podcast attributes the following quotes to Mr. Randel: "[S]upply begets demand, and then the second half of that recipe or equation is demand begets monetization. So first and foremost, nobody wants to shop in an empty store, so you better stock the shelves with supply. We did that by befriending our customer and the broker and creating a low-friction, free product which was very painless to use and say 'hey why not.'" CREXi denies that CoStar is using the quote set forth in Paragraph 106 in context or that the implication is the one that CoStar intends to draw from it. The remainder of Paragraph 106 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 106.

107.   Paragraph 107 consists of rhetorical argument, to which no response is required. To the extent Paragraph 107 refers to a document, no response is required as the document speaks for itself. If a response is required, CREXi denies the allegations of Paragraph 107.

108.   CREXi admits that Mr. Cors is presently employed at CREXi. CREXi further admits that a May 4, 2020 TECH NEST podcast attributes the following quote to Mr. Cors: "We've got over 100,000 for-sale properties, over 200,000 for-lease properties, all active on the platform today. We're adding, you know, thousands of properties a week on here, on both sides of the marketplace, the for-sale and the for-lease side." CREXi admits that Season 1, Episode 5 of the Two-Sided podcast attributes the following quote to Mr. DeGiorgio: "And then, another

thing we were really [] forward thinking on was ensuring that when we brought that supply, that we also built tools that let the supply bring their own demand. So really, by us letting the supply side use it for free, it got us demand for free, too, because we had all these tools within that would really incentivize the broker to want to bring their own buyers and bring the demand side of commercial real estate to the platform also." CREXi denies that CoStar is using the quotes set forth in Paragraph 108 in context or that the implication is the one that CoStar intends to draw from it. The remainder of Paragraph 108 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 108.

109.    CREXi denies that it used infringement to "build up CREXi" or "drive the supply side." CREXi admits that the screenshot contains an image of CREXi employee Paul Cohen. CREXi lacks sufficient information to admit or deny the allegations related to CoStar's copyrights, and on that basis denies them. The remainder of Paragraph 109 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 109.

110.    Paragraph 110 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 110 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 110.

111.    Paragraph 111 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 111.

112.    CREXi admits that Mr. Randel is employed at CREXi as the Chief Operating Officer, and that a Realtors Property Resource blog post titled "How to Get More Eyes on Your Listings With Eli Randel" attributes the following quote to Mr. Randel: "Tip number three, I'm going to jump to right now, is images matter. I

learned this while at CBRE. Really good property photos, virtual tours, drone videos, all of those help further engage buyers to your property." CREXi denies that CoStar is using the quote set forth in Paragraph 112 in context or that the implication is the one that CoStar intends to draw from it. The remainder of Paragraph 112 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 112.

113.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-party brokers and industry participants, and on that basis denies them. CREXi admits that it provides its subscribers with access to "comps," and that comps are provided as part of CREXi's Intelligence subscription product and in CREXi's "Pro" service. CREXi denies that it has admitted that "CoStar-copyrighted photographs" were displayed in CREXi's Intelligence product prior to this lawsuit. CREXi denies any remaining allegations of Paragraph 113.

114.    CREXi denies the allegations of Paragraph 114.

115.    Paragraph 115 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 115.

116.    Paragraph 116 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 116.

117.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar's review, investigation or suspicions, and on that basis denies them. CREXi admits that CoStar has identified certain images in Exhibit A. CREXi further admits that certain photographs listed in Exhibit A were uploaded by Yansh, 247 Web Support, Neptune, Mobius, and 247Digitize. The remainder of Paragraph 117 consists of rhetorical argument and legal conclusions, to which no

23

response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 117.

118.    CREXi admits that it engaged a third-party vendor, Restb. CREXi lacks sufficient information to admit or deny the allegations concerning how Restb, a third party, describes itself. CREXi admits that it understands that Restb uses artificial intelligence to automatically scan photographs that contain the logo of a third party. CREXi admits that, prior to the filing of the complaint, CREXi identified certain images that were flagged by Restb as containing CoStar's logo and removed them. The remainder of Paragraph 118 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 118.

119.    CREXi denies that CoStar properly alerted CREXi to claimed infringements. CREXi further denies that over 25,000 images listed in Exhibit A to the Third Amended Complaint were uploaded by CREXi after CoStar filed its Complaint. To the extent Paragraph 119 refers to a document, no response is required as the document and/or testimony speaks for itself. The remainder of Paragraph 119 sets forth rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 119.

120.    CREXi admits that in May 2023 and thereafter, CREXi notified CoStar that certain images uploaded to CREXi's system had been flagged by a filter as a potential match for images in a repository CoStar claimed to own, and further that CREXi requested CoStar provide a takedown notice if it claimed to own the images. CoStar did not claim ownership over tens of thousands of images flagged by such filters. CREXi denies the remaining allegations of Paragraph 120.

121.    CREXi admits that CoStar sent CREXi DMCA takedown notices regarding an extremely small number of images listed in Exhibit A to CoStar's Third Amended Complaint, which prompted CREXi to immediately take down the

images subject to those takedown notices. CREXi denies that CoStar ever sent a DMCA takedown notice before filing its original complaint or its First or Second Amended Complaints. CREXi denies the remaining allegations of Paragraph 121.

122.    CREXi admits that it engages vendors to create and update commercial real estate listings for the CREXi platform, using information and images provided to CREXi by commercial real estate brokers, owners, and other customers of CREXi. CREXi lacks sufficient knowledge or information to admit or deny allegations concerning CoStar or its licensing programs, and on that basis denies them. CREXi denies the remaining allegations of Paragraph 122.

123.    The first sentence of Paragraph 123 sets forth rhetorical argument and legal conclusions, to which no response is required. The remainder of Paragraph 123 summarizes a document, to which no response is required as the document testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 123.

124.    Paragraph 124 summarizes a document, to which no response is required as the document testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 124.

125.    CREXi lacks sufficient knowledge or information to admit or deny allegations relating to CoStar's knowledge, conduct, or expectations, and on that basis denies them. The remainder of Paragraph 125 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 125.

126.    CREXi lacks sufficient knowledge or information to admit or deny the allegation that the photographs appearing at Paragraph 126 appeared on LoopNet.com and www.crexi.com, and on that basis denies it. The remainder of Paragraph 126 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 126.

127.    CREXi lacks sufficient knowledge or information to admit or deny the allegation that the photographs appearing at Paragraph 127 were cropped, and on that basis denies it. CREXi denies that it has instructed any vendors to crop or remove CoStar's logo for the purpose of removing copyright management information or disguising CoStar's ownership of the image. The remainder of Paragraph 127 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 127.

128.    CREXi lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 128, and on that basis denies them. To the extent Paragraph 128 refers to documents and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 128.

129.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent, and on that basis denies them. CREXi admits that it engaged a third-party vendor, Restb. CREXi lacks sufficient information to admit or deny the allegations concerning how Restb, a third party, describes or markets itself, and on that basis denies them. CREXi further denies that it ever knew CoStar's images included any "indicia of copyright," because CoStar's logo fails to convey any information about copyright ownership. The remainder of Paragraph 129 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 129.

130.    Paragraph 130 sets forth rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 130.

131.    Paragraph 131 sets forth rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies

2803435

the allegations of Paragraph 131.

132.   CREXi lacks sufficient information to admit or deny the allegations concerning these particular documents, and on that basis denies them. To the extent Paragraph 132 refers to document, no response is required as the documents speak for themselves. CREXi denies the remaining allegations of Paragraph 132.

133.   Paragraph 133 sets forth rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 133 refers to document, no response is required as the documents speak for themselves. CREXi denies the remaining allegations of Paragraph 133.

134.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 134, and on that basis denies them.

135.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 135, and on that basis denies them.

136.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 136, and on that basis denies them.

137.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 137, and on that basis denies them.

138.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 138, and on that basis denies them.

139.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker, including because Paragraph 139 does not identify the address of the property depicted in Paragraph 139, and on that basis denies them. The remainder of Paragraph 139 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 139.

140.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 140, and on that basis denies them.

2803435

141.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 141, and on that basis denies them.

142.   CREXi lacks sufficient information to admit or deny the allegations of Paragraph 142, and on that basis denies them.

143.   CREXi admits that it always receives broker permission to add listings. CREXi lacks sufficient information to admit or deny the allegations related to unidentified third-party listing broker, and on that basis denies them. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 143.

144.   CREXi lacks sufficient information to admit or deny the allegations related to unidentified third-party listing brokers and brokerages, and on that basis denies them. CREXi admits that Nick DeGiorgio is presently employed at CREXi, and that he is Michael DeGiorgio's cousin. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 144, and on that basis denies them.

145.   CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party marketing manager, and on that basis denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 145, and on that basis denies them.

146.   CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party marketing manager, and on that basis denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 146, and on that basis denies them.

147.   CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party manager, and on that basis denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi

lacks information sufficient to admit or deny the remaining allegations of Paragraph 147, and on that basis denies them.

148.    Paragraph 148 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 148.

149.    Paragraph 149 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 149.

150.    CREXi lacks sufficient information to admit or deny the allegations related to an unidentified third-party broker, and on that basis denies them. CREXi admits that Mr. Rosenfeld is presently employed at CREXi. CREXi lacks information sufficient to admit or deny the remaining allegations of Paragraph 150, and on that basis denies them.

151.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 151, and on that basis denies them.

152.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 152, and on that basis denies them.

153.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and unidentified third-party brokers and brokerages, and on that basis denies them. CREXi admits that brokers can list their properties anywhere. The remainder of Paragraph 153 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 153.

154.    CREXi lacks sufficient information to admit or deny the allegations related to an unnamed brokerage's listing, and on that basis denies them. The remainder of Paragraph 154 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 154.

155.    CREXi denies the first and second sentences of Paragraph 155, including because it is an online service provider under the DMCA. CREXi admits that Mr. Randel and Mr. Cohen are employed at CREXi and that Mr. Vien was formerly employed at CREXi. CREXi further admits that CREXi will build listings for brokers upon request. CREXi denies the remaining allegations of Paragraph 155.

156.    Paragraph 156 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 156.

157.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker, including because Paragraph 157 does not identify the address of the property depicted in Paragraph 157, and on that basis denies them.

158.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and an unidentified third-party broker, and on that basis denies them. CREXi admits that the following is an excerpt from a February 12, 2019 YouTube video titled, "Add Listings, Dispositions, View Leads on CREXi": "Sending your properties in is as easy as connecting with myself or somebody on my team. You can send your property fliers to us directly, whether that's a Dropbox file, a link to your website, as long as they're readily available, and as long as they are not CoStar or LoopNet branded, we can handle the entire uploading and onboarding process as we do." The remainder of Paragraph 158 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 158.

159.    CREXi denies that it copied Costar's copyrighted photographs and real estate information "time and again." CREXi lacks sufficient information to admit or deny the allegations related to CoStar, and on that basis denies them. CREXi denies

any remaining allegations of Paragraph 159.

160.    Paragraph 160 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 160 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 160.

161.    CREXi admits that Nick DeGiorgio and James Burton are employees of CREXi. To the extent Paragraph 161 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. The remainder of Paragraph 161 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 161.

162.    CREXi admits that Nick DeGiorgio is an employee of CREXi. The remainder of Paragraph 162 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 162 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 162.

163.    Paragraph 163 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 163 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 163.

164.    Paragraph 164 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 164 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 164.

2803435

165.    Paragraph 165 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 165 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 165.

166.    Paragraph 166 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 166 refers to a document and/or recording, no response is required as the document and/or recording speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 166.

167.    Paragraph 167 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 167 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 167.

168.    Paragraph 168 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 168 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 168.

169.    Paragraph 169 sets forth rhetorical arguments and legal conclusions, to which no response is required. To the extent Paragraph 169 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 169.

170.    CREXi lacks sufficient information to admit or deny the allegations of Paragraph 170, and on that basis denies them.

171.    CREXi lacks sufficient information to admit or deny the allegations

2803435

related to CoStar, unidentified third parties, unidentified communications and unidentified listings, and on that basis denies them. CREXi admits that it has told vendors to "refrain from using any site that is, or could be considered, a direct competitor of CREXi. The remainder of Paragraph 171 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 171 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 171.

172.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar, unidentified third parties, unidentified communications and unidentified listings, and on that basis denies them. The remainder of Paragraph 172 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 172 refers to a document and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 172.

173.    Paragraph 173 sets forth legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 173.

174.    CREXi admits that it is aware of CoStar using litigation to drive competitors from the marketplace. CREXi denies the remaining allegations in Paragraph 174.

175.    CREXi admits that the press has covered certain of CoStar's prior lawsuits against its competitors, and that CoStar has filed litigation across the country. CREXi denies the remaining allegations in Paragraph 175.

176.    CREXi admits that CoStar has filed litigation across the country against its competitors, including Xceligent. CREXi further admits that CoStar's litigation against Xceligent forced Xceligent to file for bankruptcy. To the extent

Paragraph 176 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 176.

177.    CREXi admits that CoStar has filed litigation across the country against its competitors, including Xceligent. CREXi further admits that CoStar's litigation against Xceligent forced Xceligent to file for bankruptcy. CREXi denies the remaining allegations in Paragraph 177.

178.    CREXi lacks sufficient information to admit or deny the allegations related to CoStar and third party Xceligent, and on that basis denies them. CREXi denies the remaining allegations in Paragraph 178.

179.    CREXi admits that it engaged a third-party vendor, Restb.ai, starting in February 2019. CREXi denies that it hired a "copyright vendor." CREXi admits that it understands that Restb uses artificial intelligence to automatically scan photographs that contain a CoStar logo, and that it removed such photos. CREXi denies that the purpose of the Restb review of logos was or is to flag copyright ownership. CREXi lacks information sufficient to admit or deny the remaining allegations concerning Restb, and on that basis denies them. The remainder of Paragraph 179 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 179.

180.    CREXi admits that it engaged a third-party vendor, Restb.ai, starting in February 2019. CREXi admits that it understands that Restb uses artificial intelligence to automatically scan photographs that contain a CoStar logo, and that it such photos. CREXi denies the remaining allegations of Paragraph 180.

181.    CREXi denies that it is industry knowledge or CREXi's knowledge that CoStar's logo signifies copyright ownership. CREXi lacks sufficient information to admit or deny the allegations related to unidentified third parties, and on that basis denies any remaining allegations of Paragraph 181.

182.    CREXi denies that it acknowledged that CoStar's logo signifies copyright ownership. To the extent Paragraph 182 refers to a document, no response is required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 182.

183.    CREXi admits that, although CoStar's policies, practices, and internal understand all reflect that CoStar's logo has nothing to do with copyright ownership, after CoStar sued CREXi alleging such a connection for the first time, CREXi instructed vendors that photographs containing the CoStar logo should not be added to listings on www.crexi.com. To the extent Paragraph 183 refers to a document, no response is required as the document speaks for itself. CREXi denies the remaining allegations of Paragraph 183.

184.    Paragraph 184 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent Paragraph 184 refers to documents and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 184.

185.    CREXi admits that it engages vendors to create and update commercial real estate listings for the CREXi platform, using information and images provided to CREXi at the direction of CREXi's users. CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. The remainder of Paragraph 185 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 185.

186.    CREXi admits that commercial real estate listings are created or updated at the direction of brokers and other users, and that broker images and data hosted on LoopNet are not owned by LoopNet. To the extent Paragraph 186 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of

Paragraph 186.

187.   CREXi admits that commercial real estate listings are created or updated at the direction of brokers and other users, and that broker images and data hosted on LoopNet are not owned by LoopNet. To the extent Paragraph 187 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 187.

188.   Paragraph 188 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi admits that its website reflects the language "Want Us to Add the Listing For you? Get stated by uploading a flyer, offering memorandum, or brochure and our team will do the rest. Upload property details. Takes up to 48 hours" CREXi denies that CoStar is using the quote set forth in Paragraph 188 in context or that the implication is the one that CoStar intends to draw from it. CREXi denies any remaining allegations of Paragraph 188.

189.   CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. To the extent Paragraph 189 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 189.

190.   CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. To the extent Paragraph 190 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 190.

191.   CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. CREXi denies any remaining allegations of Paragraph 191.

192.   CREXi admits that the quoted language exists in an email, but denies that CoStar is using the quotes set forth in Paragraph 192 in context or that the implication is the one that CoStar intends to draw from it. The remainder of

Paragraph 192 consists of rhetorical argument and legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 192.

193.    CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. To the extent Paragraph 193 refers to documents and/or testimony, no response is required as the document and/or testimony speaks for itself. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 193.

194.    CREXi admits that the following language appears on www.crexi.com "We offer Crexi users two ways to add a listing to our site: You can create your own listings with our easy to use step-by-step process. You can utilize Crexi's white glove service where one of our skilled Crexi professionals can help you with the process. . . . Want us to add the property for you? 3. Select 'Upload Property Details' to upload your property marketing materials and let us take care of the rest!" CREXi denies that CoStar is using the quote set forth in Paragraph 194 in context or that the implication is the one that CoStar intends to draw from it. CREXi denies that the website URL provided at Paragraph 194 reflects the quote alleged at Paragraph 194. CREXi denies the remaining allegations of Paragraph 194.

195.    CREXi lacks sufficient information to admit or deny the allegations pertaining to unidentified "customer reviews," and on that basis denies them. To the extent Paragraph 195 refers to specific review, no response is required as that document speaks for itself. To the extent a response is required, CREXi denies the allegations of Paragraph 195.

196.    CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. To the extent Paragraph 196 refers to a document, no response is required as the document speaks for itself. To the extent a response is required, CREXi denies any remaining allegations of Paragraph 196.

197.    CREXi denies that its policy is to upload content in any way inconsistent with the direction of users. CREXi denies any remaining allegations of Paragraph 197.

198.    Paragraph 198 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi admits that it is a "service provider" storing material "at the direction of a user." CREXi denies the remaining allegations of Paragraph 198.

199.    Paragraph 199 sets forth legal conclusions as to which no response is required. CREXi has already answered the allegations "described above" referenced in Paragraph 199 and incorporates by reference those answers to the extent relevant here. CREXi denies the remaining allegations of Paragraph 199.

200.    Paragraph 200 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 200.

201.    Paragraph 201 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 201.

202.    Paragraph 202 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies that CoStar provided CREXi with a takedown notice that includes substantially all of the elements required by the DMCA, 17 U.S.C. § 512(c)(3), regarding almost all images accused by CoStar in the Third Amended Complaint, including all images previously asserted in this case. CREXi denies the remaining allegations of Paragraph 202.

203.    CREXi denies that, at any time during or before the specified dates, CoStar provided CREXi with a takedown notice that included substantially all of the elements required by the DMCA, 17 U.S.C. § 512(c)(3). CREXi denies that CoStar identified over 2,100 images with sufficient specificity to enable CREXi to locate such images that allegedly continued to appear on the CREXi website

2803435

between March and July 2021. CREXi denies the remaining allegations of
Paragraph 203.

204.    CREXi admits that in May 2023 and thereafter, CREXi notified
CoStar that certain images uploaded to CREXi's system had been flagged by a filter
as a potential match for images in a repository CoStar claimed to own, and further
that CREXi requested CoStar provide a takedown notice if it claimed to own the
image. CoStar did not claim ownership over tens of thousands of images flagged by
such filters. CREXi denies the remaining allegations of Paragraph 204.

205.    CREXi admits that CoStar sent CREXi DMCA takedown notices
regarding an extremely small number of images listed in Exhibit A to CoStar's
Third Amended Complaint, which prompted CREXI to immediately take down the
images subject to those takedown notices. CREXi denies that CoStar ever sent a
DMCA takedown notice before filing its original complaint or its First or Second
Amended Complaints. CREXi denies the remaining allegations of Paragraph 205.

206.    CREXi denies the allegations of Paragraph 206.

207.    CREXi denies the allegations of Paragraph 207.

208.    Paragraph 208 sets forth legal conclusions as to which no response is
required. To the extent a response is required, CREXi denies the allegations of
Paragraph 208.

209.    Paragraph 209 sets forth legal conclusions as to which no response is
required. To the extent a response is required, CREXi denies the allegations of
Paragraph 209.

210.    Paragraph 210 sets forth legal conclusions as to which no response is
required. To the extent a response is required, CREXi admits it adopted and
reasonably implemented a policy that provides for the termination in appropriate
circumstances of subscribers and account holders who are repeat infringers. CREXi
denies the remaining allegations of Paragraph 210.

211.    CREXi admits that in May 2023 and thereafter, CREXi notified

2803435

CoStar that certain images uploaded to CREXi's system had been flagged by a filter as a potential match for images in a repository that CoStar claimed to own and that CREXi requested that CoStar provide a takedown notice if it claimed to own the image. CoStar has not claimed ownership over tens of thousands of images that have been flagged by such filters. CREXi denies that the language of its notifications matches the language in Paragraph 211. CREXi denies that its executives are unaware of its policy for dealing with repeat infringers. CREXi admits it has adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of subscribers and account holders who are repeat infringers. Paragraph 211 otherwise sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 211.

212.    CREXi admits that it has produced multiple documents reflecting its Repeat Infringer policy through discovery in this case. CREXi otherwise denies the allegations of Paragraph 212.

213.    CREXi denies that CREXi's Vice President of Business Operations testified as described in Paragraph 213. Paragraph 213 otherwise sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 213.

214.    Paragraph 214 sets forth legal conclusions, to which no response is required. To the extent a response is required, CREXi denies the allegations of Paragraph 214.

215.    CREXi admits that Michael DeGiorgio is the CEO of CREXi and that Mr. DeGiorgio and Luke Morris are Co-Founders of CREXi. CREXi further admits that Ten-X filed suit against Mr. DeGiorgio and CREXi in 2016, and secured a preliminary injunction; the parties eventually resolved that dispute. CREXi denies the remaining allegations of Paragraph 215.

216.    To the extent Paragraph 216 refers to a document, no response is

required as the document speaks for itself. CREXi denies any remaining allegations of Paragraph 216.

217.    CREXi admits that a Ten-X press release attributed the following quote to Mr. DeGiorgio: "We apologize to Ten-X for the actions which led to this lawsuit. I regret my conduct at the time I departed Ten-X and believe that the settlement is a fair resolution." CREXi denies that CoStar is using the quote set forth in Paragraph 217 in context or that the implication is the one that CoStar intends to draw from it. CREXi also admits that Mr. DeGiorgio and CREXi resolved the dispute with Ten-X, including through payment of $1.6 million. CREXi denies any remaining allegations of Paragraph 217.

218.    Paragraph 218 sets forth legal conclusions as to which no response is required. To the extent a response is required, CREXi denies the remaining allegations of Paragraph 218.

## **FIRST CLAIM FOR RELIEF**

### **Copyright infringement**

219.    CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

220.    CREXi denies the allegations of Paragraph 220.

221.    CREXi denies the allegations of Paragraph 221.

222.    CREXi denies the allegations of Paragraph 222.

223.    CREXi denies the allegations of Paragraph 223.

224.    CREXi denies the allegations of Paragraph 224.

225.    CREXi denies the allegations of Paragraph 225.

226.    CREXi denies the allegations of Paragraph 226.

227.    CREXi denies the allegations of Paragraph 227.

228.    CREXi denies the allegations of Paragraph 228.

229.    CREXi denies the allegations of Paragraph 229.

230.    CREXi denies the allegations of Paragraph 230.

2803435

231.  CREXi denies the allegations of Paragraph 231.

232.  CREXi denies the allegations of Paragraph 232.

233.  CREXi denies the allegations of Paragraph 233.

234.  CREXi denies the allegations of Paragraph 234.

## SECOND CLAIM FOR RELIEF

### Violation of the Digital Millennium Copyright Act ("DMCA")

### Removal of Copyright Management Information, 17 U.S.C. § 1202(b)(1)

235.  CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

236.  CREXi denies the allegations of Paragraph 236.

237.  CREXi denies the allegations of Paragraph 237.

238.  CREXi denies the allegations of Paragraph 238.

239.  CREXi denies the allegations of Paragraph 239.

240.  CREXi denies the allegations of Paragraph 240.

241.  CREXi denies the allegations of Paragraph 241.

## THIRD CLAIM FOR RELIEF

### Violation of the Digital Millennium Copyright Act ("DMCA")

### Distribution of Works with Removed or Altered Copyright Management Information, 17 U.S.C. § 1202(b)(3)

242.  CREXi repeats and incorporates by reference herein its response to each and every allegation set forth above.

243.  CREXi denies the allegations of Paragraph 243.

244.  CREXi denies the allegations of Paragraph 244.

245.  CREXi denies the allegations of Paragraph 245.

246.  CREXi denies the allegations of Paragraph 246.

247.  CREXi denies the allegations of Paragraph 247.

2803435

## ANSWER TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required. To the extent a response is required, CREXi denies that Plaintiffs are entitled to any of the requested relief and denies any allegations contained in the Prayer for Relief.

## ANSWER TO JURY DEMAND

This paragraph sets forth Plaintiffs' Jury Demand to which no response is required. To the extent a response is required, CREXi denies any allegations contained in the Jury Demand.

## AFFIRMATIVE DEFENSES

CREXi further asserts the following separate and independent affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c). CREXi pleads these affirmative defenses based on its current understanding of the allegations, claims, and legal theories in the Third Amended Complaint. CREXi reserves all rights to amend and add to these defenses, and to assert additional counterclaims against Plaintiffs, in view of motion practice, discovery, or other developments. Without admitting any of the allegations in Plaintiffs' Third Amended Complaint and/or any other wrongful conduct, and without assuming any burden of proof not imposed by law, CREXi states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Third Amended Complaint and each purported cause of action therein fail to state facts sufficient to constitute a cause of action against CREXi.

## SECOND AFFIRMATIVE DEFENSE
### (DMCA Safe Harbor)

Plaintiffs' claim for copyright infringement is barred, in whole or in part, because CREXi is an online service provider entitled to safe harbor protection under the Digital Millennium Copyright Act of 1998 ("DMCA"), 17 U.S.C. § 512.

43

CREXi is a "service provider" within the meaning of the statute, and stores certain photographs and data at the direction of third parties who use its websites and databases. CREXi has taken the precautionary measures that the Act requires, by adopting and reasonably implementing a policy designed to exclude users who repeatedly infringe, designating an agent to receive infringement notices, and accommodating standard technical measures that copyright owners use to detect infringement. CREXi also had no actual or apparent knowledge of the alleged infringing activity, and has never received a takedown notice from Plaintiffs. CREXi did not have the right or ability to control the alleged infringing activity, nor did it receive a financial benefit directly attributable to the alleged infringing activity.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Third Amended Complaint and each purported cause of action alleged therein are barred by reason of Plaintiffs' own unclean hands in or about the matters complained of in the Third Amended Complaint, including but not limited to the fact that Plaintiffs have selectively blocked CREXi and other competitors from viewing and accessing public data, while CoStar employees freely accessed information on CREXi's website for competitive purposes; unilaterally altered information on brokers' listings and placed its name or logo on brokers' photographs, and then declared the information and photographs Plaintiffs' property; and infringed the CREXI® mark in the header and text of its online advertisements.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiffs' claim for copyright infringement fails because the allegedly infringing photographs do not possess even a minimal degree of creativity, and therefore lack the requisite originality to qualify for copyright protection.

## FIFTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiffs' claim for copyright infringement is barred by the doctrine of copyright misuse. Plaintiffs have attempted to improperly use their copyrights to control competition in areas beyond the scope of their copyrights. Plaintiffs have asserted copyright protections regarding photographs in an effort to prevent competitors from accessing or using information related to the subject matter of the photographs, including data regarding particular property listings that is not copyrighted and may not be copyrighted. Plaintiffs have also systematically applied their name and/or logo to images for which they neither own nor hold the copyright, in an intentional effort to sow confusion in the marketplace as to the origin, ownership and copyright of images on Plaintiffs' websites. Plaintiffs also use third-party filters, including a Getty Images filter to falsely claim ownership over brokers' own photographs and third-party images. Plaintiffs are exceeding the scope of any legitimate copyrights and undermining public policy by asserting them.

## SIXTH AFFIRMATIVE DEFENSE

### (Copyright Abandonment)

Plaintiffs' claim for copyright infringement is barred because Plaintiffs abandoned their alleged copyrights to the photographs at issue, including by intentionally permitting brokers and other third parties to use allegedly infringing photographs. By their intentional conduct, Plaintiffs abandoned any claim they may have had that any allegedly infringing photograph is protected under federal copyright law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Forfeiture)

Plaintiffs' claim for copyright infringement is barred by the doctrine of forfeiture. Plaintiffs authorized brokers and other third parties to publish the

45

allegedly infringing photographs and the resulting publications lacked the required
copyright notice. Plaintiffs thus forfeited any claim to protection under federal
copyright law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claims for copyright infringement and arising under the Digital
Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3) are
barred by the doctrine of fair use. Among other things, the allegedly infringing
works are of minimal, if any, creative value, CREXi's alleged infringement of those
works has not adversely affected the potential market, if any, for the infringed
photographs, and CREXi's alleged use of the work was transformative.

## NINTH AFFIRMATIVE DEFENSE

### (License)

Plaintiffs' claim for copyright infringement is barred because CREXi had
permission, license, or implied license to copy the allegedly copyrighted works.
Copyright owners may grant implied licenses by consenting in the form of
permission or common industry practice. Plaintiffs permitted, did not object, and
followed common industry practice when they permitted brokers and other third
parties to upload and access photographs and listing information from their various
websites and databases. This activity is sufficient to be an implied license and bar
Plaintiffs' copyright infringement claim.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claim for copyright infringement is barred by the doctrine of
acquiescence because Plaintiffs knew of and manifested acquiescence in CREXi's
allegedly infringing conduct, Plaintiffs intended that CREXi rely on that
acquiescence, and CREXi reasonably relied to its detriment on Plaintiffs' actions.

2803435

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalid Registration)

Plaintiffs' claim for copyright infringement fails to the extent that it relates to copyrighted photographs where Plaintiffs' registration application contained knowingly inaccurate information. See 17 U.S.C. § 411(b).

## TWELFTH AFFIRMATIVE DEFENSE

### (Alleged Infringement Prior to Registration)

Plaintiffs' claim for copyright infringement is limited to the extent that it relates to an unpublished photograph that CREXi allegedly infringed before the effective date of the photograph's registration with the Copyright Office, or to the extent that CREXi's alleged infringement commenced after the first publication of the work but before the effective date of its registration, and the registration was not made within three months after the first publication of the work. 17 U.S.C. § 412.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Third Amended Complaint and each purported cause of action seeking monetary relief must be reduced, excused, and/or discharged because Plaintiffs failed to exercise reasonable diligence to mitigate their alleged injuries, including by failing to timely assert their takedown notice rights under the DMCA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs lack standing to bring a claim under the Copyright Act to the extent they do not own and/or have not registered the purported copyrights asserted in this case.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No CMI)

Plaintiffs' claims fail because CoStar's logo does not constitute copyright management information ("CMI"), 17 U.S.C. § 1202(c).

2803435

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Third Amended Complaint and each purported cause of action alleged therein are barred by the equitable doctrine of laches to the extent that Plaintiffs seek equitable relief, including but not limited to restitution and temporary, preliminary, and/or permanent injunctive relief, because Plaintiffs failed to assert their purported causes of action against CREXi in a timely manner, despite their actual notice of those alleged causes of action, resulting in prejudice to CREXi.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

The Third Amended Complaint and each purported cause of action therein are barred to the extent that CREXi's conduct was justified or privileged because CREXi complied with all applicable laws, rules, and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

Plaintiffs' claims for relief are barred by the doctrine of mistake, including but not limited to mistake of fact and mistake of law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Willful, Intentional, Knowing, or Negligent Failure to Comply)

The Third Amended Complaint and each and every cause of action contained therein are barred in whole or in part because, at all times, CREXi acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by CREXi at the time, and did not at any time willfully, intentionally, knowingly, or negligently fail to comply with applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Excessive Damages)

Plaintiffs are at most only entitled to restitution and injunctive relief. Awarding Plaintiffs excessive damages would violate CREXi's right to be free

48

from excessive damages under the Eighth and Fourteenth Amendments of the United States Constitution, Section Seventeen of the California Constitution, and state and/or federal law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Consent)**

The Third Amended Complaint and every purported cause of action therein are barred because Plaintiffs expressly and/or impliedly consented to the conduct, acts, or omissions complained of in the Third Amended Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

By their conduct and/or agreement between the parties, Plaintiffs have waived any right to recover any relief pursuant to the Third Amended Complaint, or any purported cause of action alleged therein.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Third Amended Complaint and every purported cause of action therein are barred by the doctrine of estoppel. Plaintiffs have made statements and committed acts inconsistent with the claims they advance here, upon which CREXi relied, and which, if repudiated, would cause injury to CREXi. Among other things, Plaintiffs have represented in court that they have long accessed brokers' publicly accessible commercial real estate listings on competitors' websites in order to obtain information for their own products, and represented to the Federal Trade Commission that they would not directly or indirectly prevent brokers from sharing information with competitors. CREXi reasonably relied upon these representations in creating listings for brokers, and would be injured if Plaintiffs were allowed to repudiate those representations through their claims here.

49

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

The Third Amended Complaint and every purported cause of action therein are barred by the doctrine of equitable estoppel because Plaintiffs knew about CREXi's allegedly infringing conduct, Plaintiffs intended that their conduct be acted upon by CREXi, CREXi was ignorant of Plaintiffs' alleged copyrights in the infringing photographs, and CREXi relied upon Plaintiffs' conduct to its detriment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs have an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims in the Third Amended Complaint are barred by the applicable statute of limitations, 17 U.S.C. § 507(b).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Volitional Conduct)

Plaintiffs' copyright infringement claims fail because CREXi did not engage in volitional conduct.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Scienter)

Plaintiffs' Second and Third Claims for Relief, arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3), fail because at all material times, CREXi lacked the required state of mind to give rise to such claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Authorization by copyright holder)

Plaintiffs' Second and Third Claims for Relief, arising under the Digital

Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3), fail because CREXi did not act without the authority of the copyright holder.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiffs' Second and Third Claims for Relief, arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3), fail because any losses or damages allegedly sustained by Plaintiffs, if any, were proximately caused by independent third parties and not CREXi.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding Cause)

Plaintiffs' claims in the Third Amended Complaint are barred in whole or in part because any losses or damages allegedly sustained by Plaintiffs, if any, were proximately caused by intervening and/or superseding acts of others.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust DMCA Remedies)

Plaintiffs' claims in the Third Amended Complaint are barred in whole or in part because Plaintiffs have failed to avail themselves of the remedies provided by the Digital Millennium Copyright Act, including but not limited to issuing proper takedown notices.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

CREXi reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, CREXI prays for judgment in its favor and against Plaintiffs as follows:

1.    That the Third Amended Complaint and causes of action asserted against CREXi be dismissed with prejudice;

2803435

2.      That Plaintiffs take nothing by way of the Third Amended Complaint;

3.      That CREXi recover attorneys' fees, costs, and disbursements in this action to the extent permitted by statute or contract; and

4.      That the Court provide such further relief as it deems just and proper.

\*

## **JURY DEMAND**

Pursuant to Federal Rule of Civil procedure 38(b) and Local Rule 38-1. CREXi respectfully requests a trial by jury on all claims and counterclaims.

Dated: October 8, 2024                KEKER, VAN NEST & PETERS LLP

By:  */s/ Elliot R. Peters*
     Elliot R. Peters
     Warren A. Braunig
     Nicholas S. Goldberg
     Katie Lynn Joyce

     Attorneys for Defendant and Counterclaimant
     COMMERCIAL REAL ESTATE
     EXCHANGE, INC.

52

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On October 8, 2024, I served the following document(s):

**DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S ANSWER TO PLAINTIFFS COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC.'S THIRD AMENDED COMPLAINT**

☑ by **ELECTRONICALLY POSTING** to the ECF website of the United States District Court, Central District of California. The Court performed service electronically on all ECF-registered entities in this matter.

Nicholas J. Boyle
Sarah A. Tomkowiak
Anne C. Malinee
Charles A. Berdahl
David L. Johnson
Roberto Borgert
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel.: 202-637-2200
Fax: 202-637-2201
costarcrexi.lwteam@lw.com

Elyse M. Greenwald
Jessica Stebbins Bina
Latham & Watkins LLP
10250 Constellation Blvd.
Suite 1100
Los Angeles, CA 90067
Tel.: 424-653-5500
Fax: 424-653-5501

Belinda S. Lee
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel.: 415-391-0600
Fax: 415-395-8095

Elizabeth A. Parvis
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212-906-1200
Fax: 212-751-4864

2803435

Executed on October 8, 2024, at San Francisco, California.  I declare under penalty
of perjury under the laws of the State of California that the above is true and
correct.

_____

Jennifer Gray

2803435