ELYSE M. GREENWALD (BAR NO. 268050)
elyse.greenwald@lw.com
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
Tel: 424.653.5500
Fax: 424.653.5501

*Attorney for Plaintiffs and Counterdefendants*
*CoStar Group, Inc. and CoStar Realty Information, Inc.*

[Additional Counsel Listed on the Next Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC., and COSTAR REALTY INFORMATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br><br>Defendant.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>COSTAR GROUP, INC., and COSTAR REALTY INFORMATION, INC.,<br><br>Counterdefendants. | CASE NO. 2:20-cv-08819-CBM-AS<br><br>**[PROPOSED] ORDER GRANTING COSTAR'S CROSS-MOTION FOR EVIDENTIARY SANCTIONS DUE TO CREXI'S SPOLIATION OF EVIDENCE**<br><br>Date:        January 7, 2025<br>Time:        10 a.m.<br>Courtroom:   8D<br>Before:      Hon. Consuelo Marshall<br><br>Trial Date:  March 11, 2025 |

1  NICHOLAS J. BOYLE*
   nicholas.boyle@lw.com
2  SARAH A. TOMKOWIAK*
   sarah.tomkowiak@lw.com
3  LATHAM & WATKINS LLP
   555 Eleventh Street, NW
4  Suite 1000
   Washington, D.C. 20004
5  Tel: 202.637.2200
   Fax: 202.637.2201
6

7  CAITLIN E. DAHL*
   caitlin.dahl@lw.com
8  LATHAM & WATKINS LLP
   330 North Wabash Avenue
9  Suite 2800
   Chicago, IL 60611
10 Tel: 312.876.7700
   Fax: 312.993.9767
11

12 *Admitted pro hac vice*

**[PROPOSED] ORDER GRANTING SPOLIATION SANCTIONS**

Having considered the papers submitted by counsel, the applicable law, all files and records in this action, and the arguments of counsel, and good cause appearing, Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc.'s (collectively, "CoStar") motion for sanctions due to Defendant Commercial Real Estate Exchange, Inc.'s ("CREXi") spoliation of evidence is **GRANTED**.

The Court further **ORDERS** that the following sanctions shall be imposed against CREXi:

(1) At any trial in this matter, the jury shall be instructed with the following permissive adverse inference instruction:

> CREXi has failed to preserve evidence for CoStar's use in this litigation by destroying logs of inbound access of CREXi's website. This is known as the "spoliation of evidence."
>
> I instruct you, as a matter of law, that CREXi failed to preserve this evidence after its duty to preserve arose. You must presume that CoStar has met its burden of proving the following two elements by a preponderance of the evidence: first, that relevant evidence was destroyed after the duty to preserve arose; and second, the lost evidence was favorable to CoStar. You may presume that the destroyed logs of inbound access of CREXi's website do not support CREXi's claim that CoStar employees accessed CREXi's website a significant number of times.
>
> Whether this finding is important to you in reaching a verdict in this case is for you to decide. You may choose to find it determinative, somewhat determinative, or not at all determinative in reaching your verdict.

(2) The Court additionally orders that CREXi pay all of CoStar's attorneys' fees and costs associated with investigating and seeking relief on this spoliation issue. CoStar shall within 14 days serve documentation of these costs and fees on CREXi. CREXi shall raise any dispute regarding these costs and fees through the Court's informal discovery conference within 21 days of being served CoStar's

1 | asserted costs.  CREXi shall pay any costs or attorney's fees incurred by CoStar in
2 | litigating the spoliation-associated costs and fees.
3 |     **IT IS SO ORDERED.**
4 |
5 | Dated:                                                             _____
6 |                                                             Hon. Consuelo B. Marshall
                                                            United States District Judge