KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS #158708
epeters@keker.com
WARREN A. BRAUNIG #243884
wbraunig@keker.com
NICHOLAS S. GOLDBERG #273614
ngoldberg@keker.com
KATIE LYNN JOYCE #308263
kjoyce@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant and Counterclaimant
COMMERCIAL REAL ESTATE EXCHANGE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION INC., <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Defendant. | Case No. 2:20-CV-08819 CBM (ASx) <br><br> **REPLY IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S MOTION TO STAY** <br><br> Date:          September 23, 2025 <br> Time:          10:00 a.m. <br> Ctrm:          8D, 8th Floor <br> Judge:         Hon. Consuelo B. Marshall |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., <br><br> Counterclaimant, <br><br> v. <br><br> COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC., <br><br> Counterdefendants. | Date Filed:          September 25, 2020 <br> Pre-Trial Conf.:     Not set <br> Trial Date:          Not set |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT .................................................................................................... 2

    A.    The *Landis* factors all weigh in favor of a stay. .................................... 2

        1.    CoStar faces no cognizable harm from a stay. ........................... 2

        2.    A stay would prevent harm to CREXi and the
             proceedings. .................................................................................. 6

        3.    A stay will serve the orderly course of justice by
             simplifying future proceedings. .................................................. 8

    B.    CoStar has not sought and could not justify bifurcation, so all
       claims and counterclaims should be tried together. ............................ 10

III.  CONCLUSION ............................................................................................. 10

3069923

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*,
   141 F.4th 1075 (9th Cir. 2025).....................................................................2, 9, 10

*Elec. Solidus, Inc. v. Proton Mgmt. Ltd.*,
   2025 WL 1090941 (C.D. Cal. Apr. 9, 2025).......................................................7

*EMI Music Mktg. v. Avatar Recs., Inc.*,
   317 F. Supp. 2d 412 (S.D.N.Y. 2004)..................................................................7

*In re Google Play Store Antitrust Litig.*,
   147 F.4th 917 (9th Cir. 2025)............................................................................10

*J2 Glob. Commc'ns, Inc. v. Protus IP Sols.*,
   2009 WL 910701 (C.D. Cal. Mar. 31, 2009) .................................................8, 10

*Katz v. Am. Honda Motor Co.*,
   2017 WL 6547201 (C.D. Cal. Aug. 29, 2017) ....................................................5

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005)............................................................................7

*Mahboob v. Educ. Credit Mgmt. Corp.*,
   2020 WL 7625144 (S.D. Cal. Dec. 21, 2020) .....................................................3

*Murray v. City of Carlsbad*,
   2010 WL 4822744 (S.D. Cal. Nov. 22, 2010) .....................................................5

*Palm Communities v. Centerline Hous. P'ship I, LP Series 2*,
   2022 WL 6672470 (C.D. Cal. Sept. 28, 2022)...........................................6, 8, 10

*Perkins v. City of Anaheim*,
   2022 WL 2255013 (C.D. Cal. Feb. 2, 2022) .......................................................4

*In re PG&E Corp. Sec. Litig.*,
   100 F.4th 1076 (9th Cir. 2024)............................................................................2

*Reynolds v. Geico Corp.*,
   2017 WL 815238 (D. Or. Mar. 1, 2017) ............................................................3

ii

*Samp v. JPMorgan Chase Bank, N.A.*,
    2012 WL 12888434 (C.D. Cal. May 7, 2012)......................................................7

*Sec. & Exch. Comm'n v. Pac. W. Cap. Grp., Inc.*,
    2018 WL 6822607 (C.D. Cal. Feb. 13, 2018) ...................................................10

*Smith v. JPMorgan Chase Bank, N.A.*,
    2020 WL 5033532 (C.D. Cal. Aug. 21, 2020) ...................................................5

*Vicious Brands, Inc. v. Face Co.*,
    2025 WL 754068 (N.D. Cal. Mar. 10, 2025) .....................................................5

*W. Afr. Ventures Ltd. v. Ranger Offshore, Inc.*,
    2018 WL 11361042 (S.D. Tex. Jan. 24, 2018) ...................................................7

**Federal Statutes**

17 U.S.C. § 512(c)(3) ...............................................................................................4

**Rules**

Fed. R. App. P. 41(a) ...............................................................................................5

Fed. R. Civ. P. 42(b) ...............................................................................................10

Fed. R. Civ. P. 54.............................................................................................2, 10

3069923

I.      INTRODUCTION

CoStar's multi-year evasion of scrutiny into its monopolistic practices has ended. Remand of CREXi's antitrust counterclaims is imminent. As the Ninth Circuit recently held, CREXi successfully pleaded in its counterclaims—over three years ago—that CoStar has unlawfully wielded its monopoly power in violation of antitrust laws. The Ninth Circuit confirmed its unequivocal opinion when, just a few days ago, it denied both a panel rehearing and rehearing *en banc*. After a three-year delay, discovery on those antitrust counterclaims will resume at once. And CREXi will finally have the opportunity to expose the abuses that CoStar has long inflicted on the commercial real estate industry.

Now CoStar, whose misguided motion to dismiss was the cause of the three-year delay, urges the Court to push out indefinitely the resolution of CREXi's counterclaims. CoStar has not sought bifurcation—a standard it could not meet. Instead, CoStar proposes a *de facto* bifurcation, asking that CoStar's copyright and Digital Millenium Copyright Act ("DMCA") claims be set for trial now, while CREXi's antitrust claims follow on a further-delayed and separate track. CoStar's approach has it backwards. The Court should stay proceedings on the copyright claims so that the antitrust claims can be prepared for one consolidated trial.

Each element of the *Landis* test favors a stay. CoStar's claim that a stay will cause it harm is contradicted by CoStar's own repeated attempts to delay the trial date and by the absence of evidence of ongoing harm. On the other hand, CREXi will actually be harmed if a stay is denied, because evidence on its counterclaims will grow even more stale and CoStar's anticompetitive conduct will continue unabated. CoStar's suggestion that it would somehow be more efficient for the Court to hold two separate trials with overlapping exhibits, witnesses, and facts is preposterous. CoStar's approach would require two rounds of pretrial work for the parties and the Court; would require the same witnesses to appear for trial twice; and would require empaneling two juries for separate multi-week trials. The far

1

more efficient path is to follow the default rule that claims and counterclaims are tried together. That rule was the primary reason this Court entered partial judgment and allowed an interlocutory appeal of the antitrust claims in the first place.

Failing the legal standard, CoStar's Opposition turns to misdirection and baseless accusation. CoStar repeatedly tries to litigate the *merits* of CREXi's antitrust claims (before discovery is completed), suggesting that CREXi's well-pleaded claims should be deferred because they are "destined to fail." But the Ninth Circuit rejected the very arguments CoStar relies upon. CoStar also improperly conflates the legal standard for a Rule 54 partial judgment—whether claims are distinct enough to be "legally severable"—with the stay standard. The Ninth Circuit already affirmed that while the antitrust claims were "legally severable," "there is factual overlap between CREXi's [antitrust] claims on appeal and CoStar's and CREXi's unresolved copyright and trademark claims." *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 141 F.4th 1075, 1083 (9th Cir. 2025).

The Court should grant CREXi's request for a stay and set a case schedule that allows all claims and counterclaims in this matter to be tried together.

## II.    ARGUMENT

### A.    The *Landis* factors all weigh in favor of a stay.

Each of the *Landis* stay factors—potential harm of a stay, the inequity or damage caused by denying a stay, and the benefits of a stay to the orderly course of justice—weighs in favor of a stay. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

#### 1.    CoStar faces no cognizable harm from a stay.

CoStar's Opposition fails to demonstrate any harm from a stay of its copyright and DMCA claims (and CREXi's trademark counterclaim) while CREXi's antitrust counterclaims are made ready for trial.

***First***, CoStar acknowledges that mere delay of a potential monetary award is not a cognizable "harm" under the stay analysis, Dkt. 1255 ("Opp.") at 9-10;

2

*Mahboob v. Educ. Credit Mgmt. Corp.*, 2020 WL 7625144, at *2 (S.D. Cal. Dec. 21, 2020), but contends that a stay would delay its potential request for injunctive relief. Opp. at 10. However, CoStar's previous conduct in this litigation undermines the supposed urgency on which it relies. CoStar has repeatedly, and successfully, sought delays of the trial date, including as recently as last year. *See* Dkt. 787-1 at 7-11 (CoStar 2023 request for one-year delay); Dkt. 770 (CoStar 2024 request for additional 4-month delay). In support of these successful requests for a continuance, CoStar noted that it would "***make no sense***" to maintain an earlier trial date, given the possibility that CREXi's antitrust counterclaims would be appealed and revived (at which point all the claims would need to be tried together). Dkt. 787-1 at 10 n.3. CoStar's earlier rationale is the same justification for CREXi's proposed stay.

CoStar also offers no evidence that CREXi continues to infringe ***any*** of the images at issue in this case. CoStar submits a single attorney-drafted letter from April 2024, over 16 months ago, and an attorney declaration stating that other letters exist. Dkt. 1255-1 ¶ 6 & Ex. A. But letters are not evidence or even allegations; they are the unsubstantiated say-so of CoStar attorneys (and CREXi has responded to each letter, explaining that no ongoing infringement is occurring, *see* Declaration of Jason George ("George Decl.") ¶¶ 4-6 & Exs. 1-2). Outdated, unsupported letters offer no basis for ongoing "harm." *See Reynolds v. Geico Corp.*, 2017 WL 815238, at *4 (D. Or. Mar. 1, 2017) (denying stay where eight months had passed since last alleged violation); *Mahboob*, 2020 WL 7625144, at *2 (denying stay given no evidence of ongoing harm). CoStar's reliance on these letters is especially dubious in light of the evidence, acknowledged by the Court, that CoStar has "claimed ownership over images it does not actually own." Dkt. 1237 at 42 (summary judgment order).

CoStar's claim of ongoing harm is further belied by extensive evidence of CREXi's efforts to ensure that no CoStar-owned images are posted to its platform. CREXi promptly removed all images CoStar identified in mid-litigation letters, *see*

Dkt. 838-8 ¶ 88; Dkt. 940-1 at SUF 113; Dkt. 941-3 Ex. 7; George Decl. ¶¶ 4-6 & Exs. 1-2, even though CoStar's letters were not DMCA-compliant takedown notices. *See* Dkt. 838-8 ¶¶ 83, 86-88; 17 U.S.C. § 512(c)(3). Moreover, CREXi continuously scans images uploaded to its site using multiple image filters, blocks images with CoStar's logo, and notifies CoStar when an uploaded image matches a CoStar-populated library of images. Dkt. 838-8 ¶¶ 63-73. CREXi's good faith monitoring, blocking, and removal of potential CoStar images eviscerates any CoStar request for expedited relief due to ongoing harm.

*Second*, CoStar suggests that a stay is improper because discovery and dispositive motions have been completed on the purportedly "Trial Ready" copyright, DMCA, and trademark portions of the case. Opp. at 9-10. Just the opposite is true. Staying claims at the pretrial stage is *less* disruptive because the stay will not interfere with discovery or interrupt any pending proceedings mid-stream, and so a "[t]rial may proceed promptly once the stay is lifted." *Perkins v. City of Anaheim*, 2022 WL 2255013, at *3 (C.D. Cal. Feb. 2, 2022). A stay here would also allow the Court time to issue rulings on pending *Daubert* and spoliation motions while the parties ready the antitrust counterclaims for trial.

*Third,* CoStar claims that "the passage of time inherently risks loss of evidence (or witness availability and memories)." Opp. at 11. But it is CREXi, not CoStar, that faces that risk. *See infra*; Mot. at 7. On CoStar's claims, the parties have already completed discovery, thereby preserving the record with hundreds of thousands of produced documents and over 40 fact witness depositions. CREXi, by contrast, faces significant risk of harm because it has been foreclosed from taking discovery for nearly three years. Even CoStar acknowledges this harm. Opp. at 11.

*Finally*, having failed to show any actual harm, Costar turns to exaggerating potential delays. CoStar contends that "there is no indication when" the Ninth Circuit will remand CoStar's claim. Opp. at 11. But after CoStar made that (incorrect) argument, the Ninth Circuit *denied* its petition for rehearing on

September 5, 2025, reaffirming that CREXi's antitrust counterclaims were well pleaded. *See* George Decl. Ex. 6. A remand is imminent, as "no further petitions for rehearing of the Amended Opinion may be filed." *Id.* at 5.[1]

CoStar also exaggerates the time that will be required for antitrust discovery. Opp. at 11-12. The parties will not be starting from scratch. CREXi previously served dozens of requests on its counterclaims, which CoStar paused production on in 2022; CREXi has asked for CoStar to complete production on those requests within 30 days from when the Ninth Circuit's mandate issues. *See* George Decl. ¶¶ 7 & Ex. 3. Some discovery disputes on these requests were resolved before the initial dismissal, *see, e.g.*, Dkt. 111; and the Special Master appointed by this Court can efficiently handle future disputes. And, of course, the Court can control the length of discovery as a matter of case management.

The cases cited by CoStar in which a stay request was denied, Opp. at 9-10, are all inapposite. They involved stay requests based on the pendency of ***other proceedings*** over which the staying court had no such control. *See Vicious Brands, Inc. v. Face Co.*, 2025 WL 754068, at *12 (N.D. Cal. Mar. 10, 2025) (stay pending TTAB proceeding); *Murray v. City of Carlsbad*, 2010 WL 4822744, at *1 (S.D. Cal. Nov. 22, 2010) (stay pending Ninth Circuit writ petition). CoStar's citations to prior rulings by this Court are particularly off-base; in those cases, the party sought a stay pending appellate decisions in ***unrelated cases with different parties***. *See Katz v. Am. Honda Motor Co.*, 2017 WL 6547201, at *1-2 (C.D. Cal. Aug. 29, 2017) (Marshall, J.) (appeal before D.C. Circuit in a different case); *Smith v. JPMorgan Chase Bank, N.A.*, 2020 WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) (Marshall, J.) (appeal before the U.S. Supreme Court in a different case). A stay for purposes of completing antitrust discovery—which must occur in any event—is not a harm to CoStar.

---

[1] By the time date of oral argument on this motion, the antitrust counterclaims should have officially been returned to this Court. *See* Fed. R. App. P. 41(a) (7 days for mandate to issue).

3069923

## 2.    A stay would prevent harm to CREXi and the proceedings.

Even if CoStar could identify a harm from the requested stay (it cannot), denying a stay and proceeding to trial piecemeal on only some of the claims would prejudice CREXi, waste judicial resources, burden witnesses, and impose an inequitable result. *Palm Communities v. Centerline Hous. P'ship I, LP Series 2*, 2022 WL 6672470, at *2 (C.D. Cal. Sept. 28, 2022). CoStar acknowledges that any further delay to CREXi's antitrust counterclaims would harm CREXi due to the risk that evidence and witness testimony will be lost, Opp. at 11—a risk that uniquely impacts CREXi because its antitrust counterclaims were on hold for over three years. Denying a stay would also inhibit CREXi's requested equitable relief, allowing CoStar's anticompetitive conduct to continue unchecked.[2]

CoStar's only response to these harms to CREXi is to propose an equally, if not more, prejudicial calendar, suggesting that the parties proceed to trial on the copyright and trademark portions of the case while simultaneously conducting discovery on CREXi's antitrust counterclaims. Opp. at 15-16. CoStar's proposal is untethered from reality. The parties cannot simultaneously try CoStar's copyright claims on nearly 50,000 images and its DMCA claims on nearly 37,000 images while simultaneously taking fact discovery and deposing witnesses on CREXi's antitrust counterclaims.[3] Perhaps CoStar's unlimited funds enable it to spin up two teams of lawyers for one case, Opp. at 15-16; that is no reason to force CREXi, a much smaller company, to shoulder such an enormous burden.

CoStar also ignores the impossible burden of simultaneous proceedings on

---

[2] CoStar contends that CREXi will suffer no prejudice because CoStar's *litigation counsel* has submitted a declaration claiming that CoStar has changed some anticompetitive practices. Opp. at 6. But that attorney argument is precisely what CREXi is entitled to test in discovery. Moreover, the purported changes do not even remotely address all of CoStar's anticompetitive conduct. For example, CoStar continues to claim ownership and put its logo on images it does not own, as numerous brokers recently attested after CoStar sued Zillow. George Decl. Ex. 7.

[3] CoStar contends that the copyright case is "greatly simplified," Opp. at 8, but the jury will still have to resolve claims and defenses on tens of thousands of images, on an image-by-image basis. And CoStar's DMCA claims, which require image-by-image proof of cropping and scienter, were not resolved on summary judgment.

6

*everyone else* involved, including witnesses and the Court. Trial on the copyright, DMCA, and trademark portions of the case will involve many of the same fact witnesses as those to be deposed for CREXi's antitrust counterclaims. *See* George Decl. Exs. 4, 5 (initial disclosures for claims and counterclaims). Those witnesses cannot testify at trial and be deposed at the same time. The Court should also not be forced to juggle time-sensitive pretrial and trial issues with antitrust discovery and dispositive motions for the same parties. This dual burden on everyone involved far exceeds merely "[b]eing required to defend a suit," Opp. at 16 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)), and would cause the antitrust case to grind to a halt as the parties complete pretrial preparations, trial, and post-trial work on CoStar's claims.[4] CREXi should not be forced to suffer such harm.

There is also a clear inequity and prejudice in allowing CoStar's copyright and DMCA claims to go to trial, while putting off CREXi's antitrust counterclaims that may offset any award. Contrary to CoStar's claim that "no authority" supports a stay due to potential offsets, Opp. at 12-13, courts will stay claims and judgments pending "counterclaims or offsets" that "potentially reverse or diminish any amount awarded" because it promotes "judicial efficiency." *W. Afr. Ventures Ltd. v. Ranger Offshore, Inc.*, 2018 WL 11361042, at *4 (S.D. Tex. Jan. 24, 2018) (staying case pending arbitration of offsetting counterclaims); *EMI Music Mktg. v. Avatar Recs., Inc.*, 317 F. Supp. 2d 412, 424-25 (S.D.N.Y. 2004) (staying partial judgment for offsetting claims). That principle applies with particular force here, where CREXi properly pleaded its antitrust counterclaims over three years ago and should already be proceeding to a single trial that includes its antitrust counterclaims.

CoStar urges the Court to ignore these obvious harms to CREXi because of

---

[4] None of CoStar's cited cases, Opp. at 16, involved the same parties in the same case conducting a complicated trial while taking antitrust discovery from the same witnesses. Those cases involved dissimilar facts addressing stays of claims at the pleading stage (or soon after) pending bankruptcy proceedings, *Lockyer*, 398 F.3d at 1101, unrelated Supreme Court proceedings, *Samp v. JPMorgan Chase Bank, N.A.*, 2012 WL 12888434, at *4 (C.D. Cal. May 7, 2012), or foreign proceedings where the defendants were not a party, *Elec. Solidus, Inc. v. Proton Mgmt. Ltd.*, 2025 WL 1090941, at *19 (C.D. Cal. Apr. 9, 2025).

the antitrust counterclaims' supposed "lack of merit." Opp. at 12-13. But the Ninth Circuit clearly disagreed, finding that CREXi's theories were well pleaded and must proceed to discovery. CoStar's arrogant assertion that it will ultimately defeat CREXi's antitrust claims cannot be the basis to delay discovery on them. If anything, CoStar's disregard for the Ninth Circuit's ruling shows why CREXi's claims should not be endlessly delayed.

CoStar likewise proposes that this Court ignore the default rule that claims and counterclaims "are tried together," *J2 Glob. Commc'ns, Inc. v. Protus IP Sols.*, 2009 WL 910701, at *3 (C.D. Cal. Mar. 31, 2009), because there is supposedly no factual overlap between the claims, Opp. at 14. CoStar is incorrect. CoStar ignores the significant overlap of antitrust evidence, discussed below, with CREXi's unclean hands defense and trademark counterclaims. CoStar also ignores the inherent economy of trying all claims and counterclaims together in a single trial, which would promote "economy of time and effort." *Palm Communities*, 2022 WL 6672470, at *2. The default rule's rationale is in full force.

### 3.    A stay will serve the orderly course of justice by simplifying future proceedings.

A stay here will also further "the orderly course of justice," as it will simplify the proceedings, avoid duplicative litigation of issues, and reduce the burden on the parties, the Court, and potential jurors. *Palm Communities*, 2022 WL 6672470, at *2. CoStar cannot dispute basic math: one trial is simpler than two. Staying the copyright, DMCA, and trademark portions of the case will avoid the need for the Court to address two sets of exhibit lists, depositions designations, pretrial motions, jury instructions, and post-trial motions. Witnesses will not have to appear twice, and the Court will not have to empanel two separate juries for two multi-week trials to hear overlapping evidence and testimony. A single trial brings to fruition the "judicial efficiency" this Court recognized in allowing CREXi's interlocutory appeal on its antitrust counterclaims in the first place. Dkt. 461 at 8.

CoStar seeks to downplay the "overlap" of issues, Opp. at 17-19, but CoStar

8

is wrong. The Ninth Circuit explicitly noted the "factual overlap between CREXi's claims on appeal and CoStar's and CREXi's unresolved copyright and trademark claims." *CoStar Grp.*, 141 F.4th at 1083. CREXi did not "grossly exaggerate[]" that direct quote from the Ninth Circuit's decision. Opp. at 17. It stands on its own.

The factual overlap here is substantial. This Court found, in denying CoStar's summary judgment motion on CREXi's unclean hands defense, that "disputes of fact preclude summary judgment," based on evidence that CoStar (1) included "images in [the case] it does not own"; (2) "claim[ed] its logo is CMI when LoopNet's terms and conditions . . . stated something different"; and (3) insisted on "a copyright filter" that "improperly flagged tens of thousands of images CoStar did not own." Dkt. 1237 at 41-42. These same factual issues are a key aspect of CREXi's antitrust counterclaims. As the Ninth Circuit recognized, CREXi's counterclaims are based in part on CoStar "falsely claim[ing] copyright" over images it does not own, *CoStar Grp.*, 141 F.4th at 1082 n.2; *see also, e.g.*, Dkt. 162 ¶ 7, including by "falsely claim[ing] that its inclusion of a watermark signifies CoStar's ownership of a photograph," Dkt. 162 ¶ 74, and using "filters to falsely claim ownership over brokers' own photographs and third-party images," *id.* ¶ 9.[5]

For CREXi's trademark counterclaim, the overlap is just as clear. Trademark infringement is ***one of the bases*** for CREXi's antitrust counterclaims, as the Ninth Circuit acknowledged and CoStar concedes. Opp. at 19; *CoStar Grp.*, 141 F.4th at 1082 n.2; *compare* Dkt. 162 ¶¶ 118-35, 294.iv, 327.iv (antitrust counterclaims), *with id.* ¶¶ 350-57 (trademark infringement). CoStar suggests that CREXi could delay its trademark infringement counterclaims too. Opp. at 19. But that would still

---

[5] CoStar attempts to minimize this overlap by misrepresenting the Court's summary judgment order; CoStar contends that the order precludes the "unclean hands" defense as to all images accused of copyright infringement (93% of the asserted images). Opp. at 17-18. But the Court's order contains no such ruling. On the contrary, the Court held that "disputes of fact preclude summary judgment" on unclean hands without limitation, as "copyright misuse prevents the copyright owner from ***asserting infringement and asking for damages*** occurred by his dereliction of duty." Dkt. 1237 at 42 (citation omitted). CoStar's attempt to rewrite the Court's summary judgment order is brazen and wrong and cannot be a basis for opposing a justified stay.

1    result in a burdensome and inefficient two-trial resolution of this case.

2        Failing to rebut this factual overlap and the efficiency of holding one trial,

3    CoStar improperly tries to import the Rule 54 partial judgment standard into the

4    stay analysis, arguing that CREXi's claims and counterclaims are not "inseparable."

5    Opp. at 17. That is irrelevant. The focus of Rule 54 is whether issues are "legally

6    severable" such that an immediate partial judgment will not "lead to duplicative

7    appellate review." *CoStar Grp.*, 141 F.4th at 1083. That analysis differs from the

8    *Landis* inquiry—which asks whether a stay will contribute to the "economy of time

9    and effort" in the case. *Palm Communities*, 2022 WL 6672470, at *2. The latter

10   standard, the only relevant standard for this motion, weighs in favor of one trial.

**B.    CoStar has not sought and could not justify bifurcation, so all claims and counterclaims should be tried together.**

12       If CoStar wanted a separate trial for its claims, it should have sought

13   bifurcation pursuant to Federal Rule of Civil Procedure 42(b). It didn't. *See* Opp. at

14   14 n.10. Even if it had, CoStar could not satisfy what would be ***its burden*** to justify

15   a departure from the default rule that claims and counterclaims "are tried together."

16   *J2 Glob*, 2009 WL 910701, at *3. To obtain bifurcation, a party must demonstrate

17   "substantial benefits that it can be expected to produce" "[f]or convenience, to

18   avoid prejudice, or to expedite and economize." *Sec. & Exch. Comm'n v. Pac. W.*

19   *Cap. Grp., Inc.*, 2018 WL 6822607, at *1 (C.D. Cal. Feb. 13, 2018); Fed. R. Civ. P.

20   42(b); *see also In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 941 (9th Cir.

21   2025) (bifurcation unwarranted where there was a failure to show it would promote

22   efficiency). The opposite is true here. *See supra*. In lieu of bifurcation, CoStar just

23   asks the Court to "set a trial date," before discovery on CREXi's counterclaims.

24   Opp. at 20. The Court should reject CoStar's unsupported demand for a separate

25   trial and proceed by the default one-trial rule.

**III.    CONCLUSION**

27       For the foregoing reasons, the Court should grant CREXi's motion to stay

28   and set a case schedule allowing all claims and counterclaims to be tried together.

10

1    Dated:        September 9, 2025          KEKER, VAN NEST & PETERS LLP

2

3                                      By:  /s/ Warren Braunig

4                                           Warren Braunig

5                                           Attorneys for Defendant and Counterclaimant
                                            COMMERCIAL REAL ESTATE
6                                           EXCHANGE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3069923

1

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

2     The undersigned, counsel of record for Defendant and Counterclaimant

3   Commercial Real Estate Exchange, Inc., certifies that this brief contains 3,651

4   words, which complies with the word limit of Local Rule 11-6.1.

5

6    Dated: September 9, 2025               KEKER, VAN NEST & PETERS LLP

7

8                                     By:  /s/ Warren Braunig
9                                          Warren Braunig

10                                         Attorneys for Defendant and Counterclaimant
                                           COMMERCIAL REAL ESTATE
11                                         EXCHANGE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3069923