1  MICHAEL LIFRAK (SBN 210846)
2  michaellifrak@quinnemanuel.com
   QUINN EMANUEL URQUHART & SULLIVAN LLP
3  865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100
6  *Attorneys for Defendant and Counterclaimant*
   *Commercial Real Estate Exchange, Inc.*
7
   [Additional Counsel Listed on the Next Page]
8
   **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10 **WESTERN DIVISION**

| | |
|---|---|
| COSTAR GROUP, INC. and COSTAR REALTY INFORMATION, INC, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Defendant, <br><br>――――――――――― <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC. <br><br> Counterdefendants. | Case No.: 2:20-CV-08819-CBM-AS <br><br> **DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR A CONTINUANCE OF THE HEARING ON COSTAR'S MOTION TO DISQUALIFY** <br><br> Before: Hon. Consuelo B. Marshall |

1 | ALEX SPIRO (admitted *pro hac vice*)
2 | QUINN EMANUEL URQUHART & SULLIVAN LLP
  | alexspiro@quinnemanuel.com
3 | 295 Fifth Avenue
  | New York, New York 10016
4 | Telephone: (212) 849-7000
5 | Facsimile: (212) 849-7100

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CREXI'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR A CONTINUANCE OF THE HEARING
ON COSTAR'S MOTION TO DISQUALIFY
Case No. 2:20-CV-08819 CBM (AS)

CREXi submits this reply in support of its *ex parte* application for an extension of the hearing date on CoStar's Motion to Disqualify and in response to CoStar's opposition. Dkt. 1274, 1275.

Despite CoStar's accusations that CREXi's application is a "smokescreen" and "tactical," CoStar does not, because it cannot, dispute that counsel to CREXi has a trial conflict that would prevent it from attending any hearing on CoStar's motion on the scheduled date. And, under this Court's rules, moving the hearing date necessarily modifies the dates for filing any opposition to CoStar's motion and reply in support of the motion. CoStar's claim that CREXi has offered no basis for such an extension makes no sense considering the actual trial conflict present here and the fact that, as CoStar itself admits in a footnote, "the opposition date is usually tied to the hearing date" per the Local Rules. CoStar Opp. at 1 n.1. Put differently, and as CoStar knows, by seeking an extension of the hearing date, CREXi was necessarily seeking an extension of the briefing schedule—the two deadlines rise and fall together. *See* Local Rule 7-11 (extension of hearing "***automatically*** extends the time for filing and serving opposing papers and reply papers" unless court orders otherwise (emphasis added)). What CoStar does not explain is why, if it understood the trial conflict required moving the hearing date, CoStar could not provide its position to CREXi. Instead, CoStar drafted its brief over the weekend when it could have simply emailed CREXi to advise that it consented to moving the hearing date, thus saving the Court's resources.

A short extension of the briefing schedule in any case would not be "illogical," nor does CoStar have any basis for its speculation that it would be "far easier for CREXi to finalize its draft opposition and file it tomorrow on the current schedule" than during trial. CoStar Opp. at 3–4. It is CoStar's request to rush the briefing, while simultaneously agreeing to delay the hearing until March 17, 2026, that is illogical and clearly intended to gain a tactical advantage over CREXi on this motion by pressuring its counsel.

1

CREXI'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR A CONTINUANCE OF THE HEARING ON COSTAR'S MOTION TO DISQUALIFY
Case No. 2:20-CV-08819 CBM (AS)

1    The true aim of CoStar's opposition to what should be an uncontroversial extension request—and one that is plainly warranted—is to use its brief as a Trojan horse to litigate the supposed merits of its disqualification motion and tarnish CREXi's counsel.  The motion to withdraw briefing in *Kutagula* has no bearing on the briefing schedule here, *see id*. at 3 n.4, and while CoStar accuses CREXi of unduly delaying this application, CoStar's gamesmanship in declining to extend a justified professional courtesy makes clear that CoStar sought to gain some advantage of its own by delaying a response.  It was reasonable for CREXi to file its simple motion to alleviate any uncertainty as to the due date for its opposition to CoStar's motion.

Because "CoStar does not object to moving the hearing date on CoStar's Motion to accommodate Quinn's trial schedule," CoStar Opp. at 2, the Court should grant CREXi's motion and enter the briefing and hearing schedule set forth in CREXi's proposed order.

DATED: February 2, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael Lifrak*
Michael Lifrak (SBN: 210846)
michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
295 Fifth Ave
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant and Counterclaimant Commercial Real Estate Exchange, Inc., certifies that this brief is 520 words, which complies with the word limit of Local Rule 11-6.1.

DATED: February 2, 2026        QUINN EMANUEL URQUHART & SULLIVAN, LLP


                               By */s/ Michael Lifrak*
                                  Michael Lifrak