MICHAEL LIFRAK (SBN 210846)
michaellifrak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100
*Attorneys for Defendant and Counterclaimant*
*Commercial Real Estate Exchange, Inc.*

[Additional Counsel Listed on the Next Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC. and COSTAR REALTY INFORMATION, INC, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Defendant, <br><br>――――――――――――― <br> COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> COSTAR GROUP, INC. and COSTAR REALTY INFORMATION, INC. <br><br> Counterdefendants. | Case No.: 2:20-CV-08819-CBM-AS <br><br> **DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION** <br><br> Before: Hon. Consuelo B. Marshall |

ALEX SPIRO (admitted *pro hac vice*)
ELLYDE R. THOMPSON (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
alexspiro@quinnemanuel.com
ellydethompson@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

## NOTICE OF MOTION

Pursuant to Local Rule 7-19, defendant and counterclaimant Commercial Real Estate Exchange, Inc. ("CREXi") respectfully submits this *ex parte* motion to issue a stay pending resolution of the Petition for a Writ of Mandamus that CREXi filed with the U.S. Court of Appeals for the Ninth Circuit.  In the alternative, CREXi requests a 30-day stay of the August 17, 2026 deadline for CREXi to retain new counsel and August 20, 2026 status conference, or 30 days to seek a stay from the Ninth Circuit. This motion is based upon the supporting Memorandum of Points and Authorities and the Declaration of Michael Lifrak filed herewith.

Good cause exists for a stay of the Court's order here because CREXi has filed a Petition for a Writ of Mandamus with the U.S. Court of Appeals for the Ninth Circuit with respect to the Court's order disqualifying Quinn Emanuel.  Dkt. 1317.

As set forth in the Declaration of Michael Lifrak, pursuant to Local Rule 7-19.1, on August 3, 2026, CREXi's counsel sought the consent to a stay from counsel for CoStar Group, Inc. and CoStar Realty Information, Inc. (together, "Plaintiffs"). Counsel for Plaintiffs advised that they did not consent to a stay or to an extension of the August 17, 2026 deadline for CREXi to retain new counsel or the August 20, 2026 status conference, and that Plaintiffs take the position that it would be improper for Quinn Emanuel to file this application because of the Court's order disqualifying Quinn Emanuel.  Plaintiffs' contacted counsel includes lead counsel Nicholas J. Boyle (address: 555 11th St NW #1000, Washington, DC 20004; telephone: 202-637-2339; email: nicholas.boyle@lw.com) and counsel Sarah Tomkowiak, Elyse Greenwald, and Anne Malinee.

DATED:  August 4, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael Lifrak*
    Michael Lifrak (SBN 210846)
    michaellifrak@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100

    Alex Spiro (admitted *pro hac vice*)
    Ellyde R. Thompson (admitted *pro hac vice*)
    alexspiro@quinnemanuel.com
    ellydethompson@quinnemanuel.com
    295 Fifth Ave
    New York, New York 10016
    Telephone:  (212) 849-7000
    Facsimile:   (212) 849-7100

    *Attorneys for Defendant and*
    *Counterclaimant Commercial*
    *Real Estate Exchange, Inc.*

CREXI'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION
Case No. 2:20-CV-08819 CBM (AS)

## MEMORANDUM OF POINTS AND AUTHORITIES

1.     The Court should issue a stay pending Ninth Circuit review of the Petition for a Writ of Mandamus that CREXi filed with the U.S. Court of Appeals for the Ninth Circuit seeking to vacate the Court's order disqualifying CREXi's counsel. Because the Court has ordered CREXi to obtain new counsel by August 17, 2026, Dkt. 1319, CREXi may be deprived of its ability to obtain relief from the Court's order disqualifying Quinn Emanuel Urquhart & Sullivan, LLP if the Court does not stay that deadline and the status conference scheduled for August 20, 2026. That is because "[o]nce a new attorney is brought in, the effect of the order is irreversible." *Christensen v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 844 F.2d 694, 697 (9th Cir. 1988). For that reason, the Ninth Circuit has recognized that mandamus relief is appropriate to challenge a district court's disqualification order under these circumstances. The harm to CREXi of having to retain replacement counsel while its mandamus petition is pending is thus irreparable.

2.     CREXi likewise meets the remaining requirements for a stay. CREXi's petition has merit, as demonstrated by the fact that the Ninth Circuit, a California appellate court, and at least one California Supreme Court justice have recognized a more flexible approach to vicarious disqualification is warranted than the automatic rule this Court applied to disqualify the Quinn Emanuel firm. Plaintiffs will not experience any substantial injury from a stay, particularly one that simply maintains the status quo. And the public interest would be served by ensuring that CREXi can obtain review of the disqualification order.

3.     In the alternative, if the Court does not grant a stay pending the Ninth Circuit's review of the mandamus petition, the Court should grant a 30-day stay or at least provide CREXi 30 days to seek a stay from the Ninth Circuit.

## BACKGROUND

4.     On July 13, 2026, the Court granted CoStar Group, Inc.'s ("CoStar Group") and CoStar Realty Information, Inc.'s ("CoStar Realty" and together,

3

"Plaintiffs") motion to disqualify CREXi's counsel, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel").  Dkt. 1317.

5.      On July 17, 2026, the Court ordered that "CREXI shall obtain new counsel no later than August 17, 2026.  It cannot represent itself (*see* L.R. 83-2.2.2)."  Dkt. 1319.

6.      On July 31, 2026, CREXi filed a Petition for a Writ of Mandamus with the U.S. Court of Appeals for the Ninth Circuit seeking a writ of mandamus vacating the Court's disqualification order.  *See In re Commercial Real Estate Exchange, Inc.*, No. 26-4938, Dkt. 1 (9th Cir. July 31, 2026).  The Ninth Circuit has not yet acted on the merits of the petition or indicated whether further briefing will be ordered.

## ARGUMENT

### I.      THE COURT SHOULD GRANT A STAY PENDING NINTH CIRCUIT REVIEW

7.      "Whether to impose a stay pending the outcome of a motion or petition for appeal is 'an exercise of judicial discretion . . . dependent upon the circumstances of the particular case.'"  *Golikov v. Walmart Inc.*, 2026 WL 1008933, at *1 (C.D. Cal. Mar. 10, 2026) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)).  "In exercising that discretion, courts consider four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Id*. (quoting *Nken*, 556 U.S. at 434).  "The first two factors 'are the most critical.'"  *Id*.  The Ninth Circuit furthermore uses a "sliding scale" approach, "so that a stronger showing of one element may offset a weaker showing of another."  *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020).

8.      Here, all factors favor a stay.  At the threshold, CREXi will be irreparably prejudiced absent a stay because the Court's order requires CREXi to obtain replacement counsel prior to Ninth Circuit review, which would deprive CREXi of its

4

ability to obtain meaningful review of the disqualification order.  The Ninth Circuit has recognized that "a lost choice of counsel cannot be adequately remedied through means other than mandamus and the resultant harm is not correctable on appeal." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009).  That is because "[a]n order disqualifying counsel is not a collateral order subject to immediate appeal" and "[o]nce a new attorney is brought in, the effect of the order is irreversible." *Christensen*, 844 F.2d at 697.  "Absent mandamus relief, a counsel's wrongful disqualification . . . can cause great harm to a litigant." *Cole v. U.S. Dist. Ct. For Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004).  Yet, absent relief, CREXi must hire replacement counsel by August 17, 2026.

9.  In effect, requiring CREXi to proceed in this case with new counsel would moot its ability to obtain relief through its mandamus petition.  And "[t]he risk of mootness by itself is sufficient to show irreparable harm." *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 2024 WL 393492, at *3 (N.D. Cal. Feb. 1, 2024); *see also United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, 2015 WL 525711, at *3 (N.D. Cal. Feb. 6, 2015) (same).  If CREXi is forced to proceed now with new counsel, the prejudice cannot later be undone in the event that mandamus relief is granted.  This factor overwhelmingly favors a stay.

10.  Indeed, Plaintiffs' own position on this motion proves the irreparable harm CREXi faces.  During the parties' pre-filing conference, Plaintiffs' counsel advised that Plaintiffs would not consent to any stay or extension and that, in Plaintiffs' view, it would be improper for Quinn Emanuel to file this application at all because the Court has disqualified Quinn Emanuel.  Decl. of Michael Lifrak ¶ 9.  But this application does not ask the Court to permit Quinn Emanuel to litigate the merits of the case.  Rather, it is simply submitted in connection with the mandamus petition that CREXi has filed in the Ninth Circuit and it asks only that the status quo be

CREXI'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION
Case No. 2:20-CV-08819 CBM (AS)

preserved pending review.[1]  If Quinn Emanuel were not allowed to seek to preserve the status quo, and CREXi were therefore forced to substitute counsel, the disqualification order would be effectively unreviewable, which is the very harm that mandamus review of a disqualification order is intended to prevent.  *Christensen*, 844 F.2d at 697.

11.    As to the merits inquiry, CREXi has made a strong showing that it is likely to succeed on the merits.  "The rule is that a writ of mandamus may be used to review the disqualification of counsel."  *Cole*, 366 F.3d at 816.  And, under Ninth Circuit law, a showing of likelihood of success on the merits "does not require the moving party to show that her ultimate success is probable."  *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011).  Rather, "the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits."  *Id*. at 968.  CREXi's petition presents such a substantial case: it challenges the "per se" or "automatic" disqualification rule this Court applied to Quinn Emanuel—a rule the California Supreme Court has never adopted for cases like this one.

12.    As set forth in the petition, the Ninth Circuit has read the same California Supreme Court precedent cited in the disqualification order as support for automatic disqualification—*SpeeDee Oil*—"as sending a signal that the California Supreme Court may well adopt a more flexible approach to vicarious disqualification."  *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *see* Dkt. 1317 at 8 (citing *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135,

---

[1]  California state courts have addressed this problem—in recognition of the fact that immediate enforcement of an order disqualifying counsel risks mooting the appeal, California appellate courts have held that "an appeal of an order disqualifying an attorney automatically stays enforcement of the order."  *URS Corp. v. Atkinson/Walsh Joint Venture*, 15 Cal. App. 5th 872, 886–87 (2017).  The "holding has the incidental (but valuable) benefit of creating a bright line rule . . . .  There will be no need for complicated and time-sensitive fights in the trial court or appellate court as to whether a discretionary stay should issue with regard to the disqualification order."  *Id.* at 887.

CREXI'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION
Case No. 2:20-CV-08819 CBM (AS)

1147 (1999)).  Indeed, a dissent from a California Supreme Court decision quoted the Ninth Circuit's *In re Cnty. of Los Angeles* decision for the proposition that "[a]n ethical wall, when implemented in a timely and effective way, can rebut the presumption that a lawyer has contaminated the entire firm. . . .  The changing realities of law practice call for a more functional approach to disqualification than in the past." *City & Cnty. of San Francisco v. Cobra Sols., Inc.*, 38 Cal. 4th 839, 855 (2006) (Corrigan, J., dissenting) (cleaned up, quoting *In re Cnty. of Los Angeles*, 223 F.3d at 996).

13.    More recent California decisions have concluded that "neither *Flatt* nor *SpeeDee Oil* addressed the issue of whether vicarious disqualification is absolute, and the state of the law is that as initially expressed by the appellate courts: (1) a case-by-case analysis based on the circumstances present in, and policy interests implicated by, the case; (2) tempered by the . . . rule that vicarious disqualification should be automatic in cases of a tainted attorney *possessing actual confidential information* from a representation, who *switches sides in the same case*." *Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 800 (2010), *as modified* (May 6, 2010) (emphasis added).  As such, courts have recognized that any "general rule" of vicarious disqualification "is a rebuttable one, which can be refuted by evidence that ethical screening will effectively prevent the sharing of confidences in a particular case." *Id.*; *see also, e.g.*, *Union Pac. R.R. Co. v. Hill*, 2023 WL 7440302, at *11 (N.D. Cal. Nov. 8, 2023) (agreeing vicarious disqualification is rebuttable).  And the California Rules of Professional Conduct expressly contemplate this case-by-case analysis, guided by the case law, including *Kirk*.  Cal. R. Prof. Conduct 1.10, Cmt. 6 ("Standards for disqualification, and whether in a particular matter (1) a lawyer's conflict will be imputed to other lawyers in the same firm,* or (2) the use of a timely screen* is effective to avoid that imputation, are also the subject of statutes and case law." (citing *Kirk*)).  That is true even in the case of concurrent representations, and decisions like *Kirk* that post-date *Flatt* and *SpeeDee Oil* reflect a "practical paradigm shift:

7

essentially, in the situation of concurrent clients, the individual attorney may be subject to disqualification pursuant to the duty of loyalty, but the standard for whether the entire law firm is vicariously disqualified is viewed in the context of the duty of confidentiality." *Motion Point Corp. v. McDermott, Will & Emery LLP*, 2015 WL 4722326, at *8 (Cal. Super. July 9, 2015).

14. The fact that multiple federal district courts in California have applied per se disqualification, and held that the rule applies even in unrelated matters with no case-by-case assessment based on dicta from the California Supreme Court's *Flatt* and *SpeeDee Oil* decisions, makes it more likely that the Ninth Circuit will grant review. *See, e.g.*, *In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017) (case involved an oft-repeated error where, "[w]ithout intervention, several judges within the District of Arizona may erroneously continue to believe themselves free to ignore a controlling decision of this court . . . ."); *Garcia-Aguilar v. U.S. Dist. Ct. for S. Dist. of Cal.*, 535 F.3d 1021, 1026 (9th Cir. 2008) (holding error "appears to be an 'oft-repeated error,' as three district judges committed the exact same error"). CREXi has a substantial case for relief on the merits on this question alone.

15. CREXi also has a substantial case for relief on the merits related to the Court's automatic disqualification of Quinn Emanuel as to CoStar Realty, an entity that Quinn Emanuel never represented. Plaintiffs based their disqualification motion on the representation of CoStar Group in a separate matter in which CoStar Realty was not a party. Dkt. 1272 at 10. But this argument ignores the undisputed fact that no Quinn Emanuel attorney has ever represented CoStar Realty, such that Quinn Emanuel neither owed nor breached any duty of loyalty to CoStar Realty. "Before an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship." *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 729 (2003)

(citations omitted); *see also, e.g.*, *Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Tech., Inc.*, 69 Cal. App. 4th 1399, 1404 (1999) ("An attorney-client relationship must have existed before disqualification is proper."). Because CoStar Realty did not and could not meet its burden to establish any such attorney-client relationship, it did not carry its burden to demonstrate why Quinn Emanuel should be disqualified as to CoStar Realty. Thus, CREXi has at least shown a substantial case for relief on the merits.

16. In comparison to the irreparable harm that CREXi would face, Plaintiffs will not be substantially injured if a stay is issued. CREXi expects the Ninth Circuit to act expeditiously given the nature of the relief sought. Any additional delay in connection with CREXi's mandamus petition will not substantially injure Plaintiffs, while the denial of a stay will cause CREXi irreversible prejudice as described above. A stay here would simply preserve the status quo for a limited period of time until the Ninth Circuit acts. *See, e.g.*, *Sears Holdings Mgmt. Corp. v. M. Bros., Inc.*, 2017 WL 11427080, at *3 (C.D. Cal. May 1, 2017) (holding "issuance of a stay will not harm [opposing party] at all" where "[i]ssuance of a stay merely preserves the current status quo").

17. Finally, the public interest favors a stay. CREXi's petition raises important unresolved issues in this Circuit. The public interest favors granting a stay pending a decision from the Ninth Circuit that clarifies the law regarding supposed "per se" or "automatic" disqualification before CREXi is stripped of its carefully selected trial counsel. "'The public interest is served in preserving the integrity of the right to appellate review'"—a right that otherwise would be effectively lost here if the case is not stayed. *Golikov*, 2026 WL 1008933, at *2; *CPC Pat. Techs. PTY Ltd.*, 2024 WL 393492, at *4 ("The public interest weighs in favor of a stay for reasons that overlap with the need to mitigate the risk of mootness while Apple exercises its right to appeal.").

CREXI'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION
Case No. 2:20-CV-08819 CBM (AS)

18.     For all these reasons, the Court should grant a stay until the Ninth Circuit resolves CREXi's mandamus petition. *See*, *e.g.*, *Golikov*, 2026 WL 1008933, at *2–3 (movant was entitled to a stay pending adjudication of petition for writ of mandamus).

## II.     IN THE ALTERNATIVE, THE COURT SHOULD CONTINUE THE UPCOMING DEADLINES

19.     If the Court is not inclined to grant such a stay, CREXi respectfully requests that the Court continue the August 17 deadline and August 20 status conference for 30 days. Such limited relief is warranted for several reasons. First, during this time, it is likely that the Ninth Circuit will determine whether it will order a response to the petition. *See* Ninth Circuit Rule 21-4 ("No answer to such a petition may be filed unless ordered by the Court."). If the Ninth Circuit orders a response or the petition remains pending during that time, CREXi reserves the right to request a stay from this Court at that time.

20.     Separately, and apart from the pending mandamus petition, CREXi requests an extension so that it has sufficient time to locate, vet, and retain replacement counsel. This case—which involves not only Plaintiffs' copyright and related claims, but also CREXi's trademark and antitrust counterclaims—has been pending for nearly six years with a voluminous discovery record and more than 1,300 docket entries. CREXi is a relatively small company that has an in-house legal team with only two attorneys. Dkt. 1279-1 ¶ 7 (Declaration of Adam Greenberg). As stated in the declaration of CREXi's in-house counsel, given the seriousness of the litigation, any choice of new counsel must be vetted by CREXi's executives and presented to and approved by CREXi's Board. *See id.* ¶¶ 5, 7.

21.     At a minimum, if the Court declines to grant any stay as a result of the pending mandamus petition or reset the August deadlines, the Court should stay all case deadlines for a sufficient period of time in which CREXi may seek a stay from the Ninth Circuit. *See*, *e.g.*, Fed. R. App. P. 8(a).

10

## **CONCLUSION**

22.    For the foregoing reasons, CREXi respectfully requests that the Court issue a stay pending resolution of the mandamus petition or, in the alternative, continue the August 17, 2026 deadline for CREXi to retain new counsel and August 20, 2026 status conference for 30 days.

DATED:  August 4, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael Lifrak*
    Michael Lifrak (SBN 210846)
    michaellifrak@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100

    Alex Spiro (admitted *pro hac vice*)
    Ellyde R. Thompson (admitted *pro hac vice*)
    alexspiro@quinnemanuel.com
    ellydethompson@quinnemanuel.com
    295 Fifth Ave
    New York, New York 10016
    Telephone:  (212) 849-7000
    Facsimile:   (212) 849-7100

    *Attorneys for Defendant and*
    *Counterclaimant Commercial*
    *Real Estate Exchange, Inc.*

11

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant and Counterclaimant Commercial Real Estate Exchange, Inc., certifies that this brief is 3,002 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  August 4, 2026            QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                  By */s/ Michael Lifrak*
                                     Michael Lifrak

CREXI'S *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION
Case No. 2:20-CV-08819 CBM (AS)