MICHAEL LIFRAK (SBN 210846)
michaellifrak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
*Attorneys for Defendant and Counterclaimant*
*Commercial Real Estate Exchange, Inc.*

[Additional Counsel Listed on the Next Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC. and COSTAR REALTY INFORMATION, INC, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Defendant, | Case No.: 2:20-CV-08819-CBM-AS <br><br> **DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S REPLY IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR STAY PENDING RESOLUTION OF MANDAMUS PETITION** <br><br> Before: Hon. Consuelo B. Marshall |
| COMMERCIAL REAL ESTATE EXCHANGE, INC. <br><br> Counterclaimant, <br><br> v. <br><br> COSTAR GROUP, INC. and COSTAR REALTY INFORMATION, INC. <br><br> Counterdefendants. | |

ALEX SPIRO (admitted *pro hac vice*)
ELLYDE R. THOMPSON (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
alexspiro@quinnemanuel.com
ellydethompson@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

## REPLY MEMORANDUM

1.     This Court should grant CREXi's application for a stay pending disposition of the mandamus petition pending in the Ninth Circuit.    The disqualification order should not be read to preclude Quinn Emanuel's limited role in filing that petition and bringing this ancillary stay application, which is collateral to the merits of the case from which the firm has been disqualified.

2.     Plaintiffs fail to refute CREXi's demonstration that a stay is necessary to prevent irreparable harm while the mandamus petition is pending.    Plaintiffs' principal argument is that CREXi could temporarily replace Quinn Emanuel with "limited-purpose interim counsel"—but even that would cause irrevocable injury. That is because *any* action in this litigation that CREXi is forced to undertake without its chosen attorneys is an irreversible step down a path that CREXi does not wish to tread.    A motion filed or opposed, or a strategic decision undertaken in preparation for trial, without the assistance and advice of permanet counsel cannot be redone at a later date.    Avoiding such prejudice warrants a stay until the Ninth Circuit has determined whether to allow reinstatement.    Plaintiffs identify no countervailing private or public interest weighing against granting a stay and do not refute CREXi's showing that there is at least a substantial chance that the Ninth Circuit will grant mandamus and vacate this Court's order.    Respectfully, a stay should be granted so that the Court of Appeals may have the opportunity to complete full and meaningful appellate review without unduly depriving CREXi of its fundamental right to the counsel of its choosing.    At a minimum, the Court should grant a 30-day stay of the current deadlines, or at least provide CREXi time to seek a stay from the Ninth Circuit.

## ARGUMENT

### I.     QUINN EMANUEL MAY BRING THE INSTANT APPLICATION

3.     This Court should reject Plaintiffs' assertion (Dkt. 1321 at 6-7 ("Opp.")) that Quinn Emanuel is disqualified from pursuing the present application.    By its terms, this Court's disqualification order applies only to "the instant action" (Dkt.

1

1317 at 8), and so Plaintiffs do not argue that this Court barred Quinn Emanuel from representing CREXi on its mandamus petition in the Ninth Circuit.  That is because the mandamus petition initiated a separate proceeding and addresses an issue—law firm disqualification—that is distinct from the claims and counterclaims in the instant action.  Quinn Emanuel brought the present application in its capacity as counsel to CREXi on the mandamus petition, for the limited purpose of preserving the status quo until that separate proceeding is resolved. This procedural motion, tied to the outcome of a separate petition for review of a disqualification order, is removed from the substance of the underlying lawsuit.  The order disqualifying Quinn Emanuel from representing CREXi on the merits of "the instant action" ought not be read to bar the firm from litigating the separate issues raised in this collateral application.

4.     Plaintiffs' own authority shows that an order disqualifying a law firm from acting as counsel on the merits does not preclude that firm from continuing to represent its client in a challenge to the disqualification order. Specifically, the district court in *Gough v. Perkowski* had disqualified "the firm of Jermain, Dunnagan, and Owen" from representing the defendant in that case.  1980 WL 2137, at *1 (D. Alaska Nov. 21, 1980).  Yet on appeal from the disqualification order, the defendant-appellant was again represented by that same law firm.  *See* 694 F.2d 1140, 1141 (9th Cir. 1982) (cited at Opp. 6).  The Ninth Circuit did not bar the disqualified firm from participating in the appeal; its statement that disqualified "counsel may not proceed with the case" came in the context of a determination that the order "conclusively determine[d]" the disqualification question for "collateral order" appellate purposes. *Id.* at 1142-45.[1]  That is, counsel could not proceed with litigating the *merits* of the case—but it was permitted to represent its client in respect of the question whether disqualification was appropriate.  So too in many subsequent cases in which the Ninth Circuit has entertained challenges to disqualification orders in which the disqualified

---

[1]  The Supreme Court later overturned the Ninth Circuit's "collateral order" holding. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985).

attorneys continued to represent their clients in the Court of Appeals.[2]  Indeed, in another of Plaintiffs' cited cases (Opp. 9), the district court disqualified O'Melveny & Myers as the defendant corporation's attorney but then entertained O'Melveny's motion for a stay pending mandamus.[3]  So while Plaintiffs state—artfully—that they are "unaware" of a decision in which a "district court in this circuit overruled an objection" so as to permit counsel to "continu[e] to act for" its client following disqualification (Opp. 6 n.4), that ignores a host of cases in which courts allowed disqualified counsel to challenge (and seek to stay) the disqualification order itself.

5.      The situations presented here and in the *Gough* line of cases are distinct from those in the district court decisions on which Plaintiffs rely.  Counsel in *Legacy Villas at La Quinta Homeowners Association v. Centex Homes* were found to have violated a disqualification order requiring that they "cease *all* representation of Plaintiff" by undertaking multiple steps to continue litigating the case *on the merits*. 2012 WL 13048514, at *1, *4-5 (C.D. Cal. Nov. 7, 2012) (emphasis added).  Similarly in *Mack v. McDaniel*, counsel for a habeas corpus petitioner violated a disqualification order by filing a "*substantive* motion" to stay the habeas case pending exhaustion of the petitioner's claims in state court—a prerequisite to litigating them in federal habeas.  2013 WL 5278025, at *1, *2 (D. Nev. Sept. 18, 2013) (emphasis added).  Neither of those cases is similar to this one, because Quinn Emanuel has not (*contra* Opp. 6) "proceed[ed] to litigate [the] case" on the merits.  The firm has instead (as in *Gough* and the other cases cited above) continued to defend its client's interests on the separate issue of disqualification.  Plaintiffs' final case citation only supports

---

[2]   *See, e.g.*, *Ho v. United States Dist. Ct. for Cent. Dist. of California, Santa Ana*, 2024 WL 3272922, at *1 (9th Cir. July 2, 2024); *In re Spikes*, 837 F. App'x 469, 470 (9th Cir. 2020); *Christensen v. U.S. Dist. Ct. for Cent. Dist. of California*, 844 F.2d 694, 695 (9th Cir. 1988).

[3]   *See* Order Den. Def.'s Mot. for Stay of Order Disqualifying O'Melveny & Myers LPP Pending Writ of Mandamus, *Synopsys, Inc. v. ATopTech, Inc.*, No. 3:13-cv-2965 (N.D. Cal. May 2, 2014), Dkt. 110.

CREXi's position on this application: the magistrate judge in *ABN Corp. v. Groupe PELM International Corp.* not only directed a discovery stay of "*at least* twenty-one days" following disqualification but further recommended that the district court "stay all other proceedings during that time as well." 2025 WL 660194, at \*19 (N.D. Cal. Feb. 28, 2025) (emphasis added), *motion for relief from judgment denied*, 2025 WL 1006387 (N.D. Cal. Apr. 3, 2025).

6.    Contrary to Plaintiffs' assertions (Opp. 6, 7), CREXi has not "ignore[d]" or "disregard[ed] the Court's disqualification order." Far from it: the *entire point* of the mandamus petition (and this ancillary application) is to address head-on the question of whether Quinn Emanuel may represent CREXi on the merits of the claims and counterclaims in the underlying case. And for the same reason, CREXi is not (*contra* Opp. 7) attempting to "proceed *pro se*": CREXi is represented by Quinn Emanuel for the limited purpose of challenging the collateral disqualification order.

7.    The suggestions that CREXi must retain separate, "limited-purpose interim counsel" (Opp. 1; *see* Opp. 2, 8-10, 16) to represent its interest in continuing Quinn Emanuel's representation are baseless—Plaintiffs cite no authority imposing such a requirement. And while the California courts' holding that a disqualification order is automatically stayed upon appeal is not directly applicable here (*see* Opp. 6 n.2; Mem. 6 n.1), Plaintiffs neither contest the substantive justifications for that rule nor identify any reason why those justifications do not apply here. Among other things, permitting counsel to continue to represent their clients in disqualification proceedings prevents the undue expenditure of resources necessitated by replacing counsel in the middle of the case, prevents "complicated and time-sensitive fights" over representation while an appeal is pending, and discourages parties from making wasteful disqualification motions for tactical reasons. *URS Corp. v. Atkinson/Walsh Joint Venture*, 15 Cal. App. 5th 872, 887 (2017).

8.    For all these reasons, CREXi respectfully submits that the Court's disqualification order ought not be read to foreclose Quinn Emanuel's representation

4

of CREXi in connection with its mandamus petition and this ancillary application. Indeed, were there any question as to the ability of Quinn Emanuel to bring this motion before the August 17 deadline for CREXi to obtain new counsel, the Court should grant a stay *sua sponte*. *See, e.g.*, *Cooper v. Blum Collins, LLP*, 2024 WL 4403878, at *1 (C.D. Cal. June 5, 2024) (*sua sponte* "stay[ing] the case in its entirety" pending disposition of collateral proceeding).

## II.   THE COURT SHOULD GRANT A LIMITED STAY

9.    On the merits, Plaintiffs fail to rebut CREXi's showing that further merits proceedings should be stayed for the relatively brief period until the Ninth Circuit finally resolves whether CREXi may be represented by its counsel of choice.

10.    *First*, as to irreparable harm, the application explained (at 4-6) that denying a stay would compel CREXi to litigate this case with attorneys who are not its first choice. That is textbook irreparable injury. A "wrongful disqualification … can cause great harm to a litigant," *Cole v. U.S. Dist. Ct. For Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004), and the injury that results from a "lost choice of counsel" cannot be later remedied without mandamus relief, *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 710 (9th Cir. 2009); *accord Christensen v. U.S. Dist. Court*, 844 F.2d 694, 697 (9th Cir. 1988). Here, the harms that would flow from disqualification of CREXi's chosen counsel are not "self-inflicted." Opp. 10. To the contrary, allowing the case to move forward in this Court while the disqualification order remains subject to review in the Ninth Circuit would harm CREXi by forcing it to conduct these proceedings with temporary counsel, driving up costs and inefficiencies. If the final pre-trial proceedings on the copyright claim or the initial stages of litigation of the antitrust counterclaims proceed through temporary counsel—who may make different strategic or tactical decisions—and the Ninth Circuit subsequently grants mandamus, CREXi could not then get a do-over with its first-choice counsel at the helm. *See CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 2024

CREXI'S REPLY IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR STAY
Case No. 2:20-CV-08819 CBM (AS)

WL 393492, at *3 (N.D. Cal. Feb. 1, 2024) ("The risk of mootness by itself is sufficient to show irreparable harm" warranting a stay.).

11.    Plaintiffs expressly "do[] not dispute" that mandamus is "the appropriate vehicle for seeking review of a disqualification order" (Opp. 8) and agree that "[p]etitions for mandamus exist for that purpose" (Opp. 15).  These concessions are fatal to Plaintiffs' irreparable harm arguments, because the *specific reason* that immediate mandamus review is appropriate is that "a lost choice of counsel" inevitably causes great harm that "cannot be adequately remedied" by any other means. *Cohen*, 586 F.3d at 710; *see Cole*, 366 F.3d at 817; *Christensen*, 844 F.2d at 697.

12.    Contrary to Plaintiffs' assertion (Opp. 9), CREXi's position regarding irreparable harm would not mean that "stays would be automatic pending review of every disqualification order."  That is because irreparable harm is not the only factor in the stay analysis.  For example, the district courts in Plaintiffs' two cited cases (*id.*) declined to grant stays pending mandamus because the moving parties failed to make sufficiently strong showings on the merits.  *See Reddy v. Precyse Sols., LLC*, 2015 WL 3797297, at *11 (E.D. Cal. June 18, 2015) (denying stay where mandamus was premised on "frivolous incorrect legal arguments"); Tr. 35-36, *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-02965 (N.D. Cal. May 2, 2014), Dkt. 109 (denying stay where mandamus depended on disputed weight-of-the-evidence issue). Unlike the mandamus petitioners in Plaintiffs' cited cases, CREXi has made the requisite merits showing.  *See infra*, at 7-9.

13.    *Second*, only a "substantial case" for ultimate relief on the merits is necessary to justify a stay, *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011), and CREXi has made that case by explaining that California law does not require per se vicarious disqualification of an entire law firm based on the facts presented here. *See* App. 6-9.  To be sure, this Court has ruled to the contrary—but a stay pending

6

mandamus is warranted even if the Court does not believe that CREXi's ultimate success is probable.  *See id.*

14.    Plaintiffs' attacks on the California cases cited in CREXi's application, namely *Kirk* and *Motion Point*, lack merit.  While Plaintiffs argue that *Kirk* involved successive rather than concurrent representations (Opp. 12-13), the relevant passage is a distillation of the state of the generally applicable law of vicarious disqualification.  And while Plaintiffs assert (Opp. 13) that *Kirk* is not good law following the adoption of California Rule of Professional Conduct 1.10, they ignore CREXi's explanation (App. 7) that disqualification questions are governed not by the disciplinary rules but by the case law—including *Kirk*.  *See* Cal. R. Prof. Conduct 1.10, Cmt. 6; *see also* Comm'n Rep. & Recommendation: Rule 1.10, at 15 (Feb. 17, 2017) (explaining  that Rule 1.10 "is a disciplinary rule rather than a civil standard for disqualification"), https://tinyurl.com/CalBar-110; *see Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 792 (2010), *as modified* (May 6, 2010) (ethics rules "govern attorney discipline; they do not create standards for disqualification in the courts").

15.    Plaintiffs also cite *Take2 Techs. Ltd. v. Pac. Biosciences of Cal. Inc.* to support their overblown claim that "courts have declined to follow *Kirk* and other outdated pre-Rule 1.10 caselaw."  Opp. 13.  But *Take2* involved an attorney who, unlike here, represented the plaintiff regarding the same litigation and then became in-house counsel for the defendant, *see* 2023 WL 7346246, at *1 (N.D. Cal. Nov. 6, 2023)—in what the California Supreme Court has called "[t]he most egregious conflict of interest," i.e., where an attorney represents "clients whose interests are directly adverse in the same litigation." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1147 (1999).  The *Take2* court furthermore acknowledged that "the proposition that vicarious disqualification must occur as a matter of law without regards to ethical screening … *has since been substantially undermined by the California Supreme Court's decision in SpeeDee Oil*," just as the Ninth Circuit has acknowledged.  2023 WL 7346246, at *3; *see In re Cnty. of Los*

7

*Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)  ("We read *Speedee Oil* as sending a signal that the California Supreme Court may well adopt a more flexible approach to vicarious disqualification.").

16.     Next, although Plaintiffs try to get around *Motion Point* by asserting that "disqualification was not actually before the court" (Opp. 13), the opinion was directed to the question of whether a federal district court had correctly determined to disqualify the defendant law firm (in which case the firm could have been made to forfeit its fees).  *See* 2015 WL 4722326, at *10.  The court directed further fact-finding on that issue, *see id.* at *1, *10, but that fact-finding had to be informed by the legal principles set forth in the opinion.  One of those legal principles was the court's conclusion that an absolute rule of vicarious disqualification was inapplicable. Indeed, had the court reached the opposite conclusion and thus determined to apply a per se rule, no further fact-finding would have been required.  Plaintiffs thus err in asserting that the court's rejection of the per se rule was "pure dicta."  Opp. 13.[4]

17.     There is at least a fair probability that the Ninth Circuit will grant mandamus to consider the question whether disqualification in the circumstances here is absolutely required, or whether instead any arguable breach may be avoided through measures such as an ethical screen. Plaintiffs' string-citations (Opp. 12 nn.11-12) only underscore the point: those decisions run contrary to cases like *Motion Point* and *Kirk*, and they highlight the frequent recurrence of a question warranting the intervention of an authoritative appellate decision.  *See* App. 8.

18.     CREXi also has made the requisite merits showing as to the Court's disqualification of Quinn Emanuel as to CoStar Realty, an entity that Quinn Emanuel has never represented. Dkt. 1317 at 8.  Plaintiffs' belated response that the two entities

---

[4]   This Court should disregard Plaintiffs' citation to the unpublished decision in *Wheatley v. County of Orange*, 2023 WL 4443011 (Cal. Ct. App. July 10, 2023), which "must not be cited or relied on by a court or a party in any other action," Cal. R. Ct. 8.1115(a), and which has "no precedential value," *Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

8

share ownership, offices, and personnel (Opp. 14) describes the relationship between the plaintiffs, not any relationship between Quinn Emanuel and CoStar Realty. Plaintiffs again have forfeited any argument that Quinn Emanuel and CoStar Realty had any relationship (let alone an attorney-client relationship) that could possibly give rise to a disqualifying conflict as to CoStar Realty here. *See* App. at 8-9.

19.    *Third*, Plaintiffs identify no substantial injury to itself that would result from a stay. They point only to delay in resolving the case (Opp. 15), but they acknowledge (Opp. 9 n.7) that any such delay is not likely to be significant: the Ninth Circuit is likely to act expeditiously, and the mandamus petition is likely to be pending only for a limited period of time (not an "indefinite" one, Opp. 14). Indeed, the rules dictate that the petition "must be given preference over ordinary civil cases" and resolved swiftly. Fed. R. App. P. 21(b)(6); *see also* 9th Cir. R. 21-4, Advisory Committee's Note at 65; *see* Fed. R. App. P. 21(b)(1) (Court of Appeals "may deny the [mandamus] petition without an answer").

20.    *Finally*, the public interest in orderly and effective appellate review favors a stay. App. 9. Plaintiffs do not argue the contrary as a matter of principle but assert (without explanation) that denying a stay on the facts here would not impair the integrity of CREXi's right to appellate review. Opp. 15. That is wrong. As explained above (at 5-6), CREXi cannot obtain an effective appellate remedy with respect to any trial-level proceedings in which it is compelled to engage without its chosen attorneys. *See, e.g.*, *URS Corp.*, 15 Cal. App. 5th at 886. While Plaintiffs also assert (Opp. 15) that the public interest lies in enforcing the rules of professional conduct, the point of the mandamus petition is to obtain a conclusive determination of what those rules require.

## III.    A CONTINUANCE, AT MINIMUM, IS WARRANTED

21.    Plaintiffs advance no serious opposition to CREXi's alternative request for 30-day extensions of the current August 17 deadline for obtaining new counsel and the August 20 status conference. *See* Opp. 16. They insist that such extensions

9

should be conditioned on CREXi's retention of new counsel (*id.*)—but if the Ninth Circuit requests an answer to the mandamus petition in that time, it would only strengthen the need for a stay.   In any event, as CREXi explained, given the importance of this litigation, CREXi needs an appropriate amount of time to identify counsel and seek the necessary corporate approvals and is undertaking an expedient search by conducting the necessary interviews and diligence. *See* App. 10.  Because Plaintiffs do not object to the length of the extension that CREXi requested (a modest 30 days) or deny that at least that much additional time would be needed for CREXi to complete the important process of retaining new counsel, the 30-day request should be granted.

22.   If, however, the Court is inclined to deny both a stay pending the mandamus petition and the alternative request to reset the August deadlines, CREXi again respectfully requests a stay of all case deadlines for a sufficient period of time to enable CREXi to seek a stay from the Ninth Circuit. *See* Fed. R. App. P. 8(a).

## **CONCLUSION**

23.   The Court should stay its proceedings pending resolution of the mandamus petition. In the alternative, the Court should grant 30-day continuances of the August 17, 2026 deadline for CREXi to retain new counsel and the August 20, 2026 status conference. At minimum, the Court should grant a stay sufficient to permit CREXi to obtain relief from the Ninth Circuit.

DATED:  August 10, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael Lifrak*
Michael Lifrak (SBN 210846)
michaellifrak@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Alex Spiro (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
ellydethompson@quinnemanuel.com
295 Fifth Ave
New York, New York 10016
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.*

CREXI'S REPLY IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR STAY
Case No. 2:20-CV-08819 CBM (AS)

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant and Counterclaimant Commercial Real Estate Exchange, Inc., certifies that this brief is 3,419 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  August 10, 2026          QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                 By */s/ Michael Lifrak*
                                    Michael Lifrak

CREXI'S REPLY IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR STAY
Case No. 2:20-CV-08819 CBM (AS)